UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Eddie L. Andrews, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 06-1900 (RMC) |
| William F. Downes, et al., | ) | |
| Defendants. | ) | |

**ORDER**

On November 7, 2006, Plaintiffs Eddie Andrews, Rodney Class, and Charles Spencer proceeding *pro se*, filed a complaint against: William Downes, Terence Kern, John Adams, Graham Mullen, Linda Soper, Deborah Groom, John Chastain, and Gretchen Shappert, in their individual and official capacities.[1] The Complaint also names as defendants Tracii Andrews, Cindy Smith, and John and Jane Doe, in their individual capacities.

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules "or any order of [the] court." Fed. R. Civ. P. 41(b);

---

[1] Although the Complaint does not so indicate, those sued in their official capacities appear to include federal district judges, assistant United States attorneys, and other government officials.

*Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 " 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Ciralsky*, 355 F.3d at 670 n.9 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

The Court has reviewed the Complaint, keeping in mind that complaints filed by *pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Plaintiffs' Complaint utterly fails to set forth a short and plain statement of the claims. The Complaint is so confused as to be completely unintelligible. The Complaint alleges that "these Federal District Courts uttered false document and obstructed justices." Compl. at 12. It further claims a due process violation by stating that Defendants failed to:

> provide in their orders, their tax returns, their standing in court, their status with the Bar, their presiding judge's order of authority for them to make their orders and decisions, their bonds, and the Findings of Fact and Conclusions of Law in their orders and decisions, their plenipotentiary papers, all by pass the common law by their failure to conform to the common law with their aiding and abetting in their chambers, violation "jurisdiction" (the law as spoken) and violating the "Plea of God" (innocent before God and Country) thereby violating the original intent of "Due Process."

*Id*. at 16. The Complaint states in its "conclusion" that "Plaintiffs have stated a claim of Trespass and Injury in Common Law in an action against Fiduciary Trustees, a labor/management dispute as Taxpayers and concerned Citizens." *Id*. at 21.

The Complaint is insufficiently clear to put Defendants on notice of the claims against them, even under the liberal "notice pleading" standards of the Federal Rules, as it fails to articulate

a comprehensible legal or factual basis for relief.  *See Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (unpublished).  For these reasons, it is hereby

**ORDERED** that, pursuant to Federal Rules of Civil Procedure 8 and 41, the Complaint is *sua sponte* **DISMISSED** without prejudice; and it is

**FURTHER ORDERED** that Plaintiffs shall have until **December 13, 2006**, to file an amended complaint that corrects the deficiencies addressed in this Order.  If Plaintiffs fail to file an amended complaint by that deadline, this action will be dismissed with prejudice and the case will be closed.

**SO ORDERED**.

Date: November 13, 2006                                       /s/
                                                      ROSEMARY M. COLLYER
                                                      United States District Judge