UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

CASES #1:06 cv 01900  *RmC*

**RECEIVED**

DEC 1 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Eddie L. Andrews et. al
18349 Dentonville Rd
Okmulgee, OK 74447
918-398-8369

Rodney Class Sui Juris
432 N Lincoln St.
High Shoals, NC 28077
704-742-3123

Dwight D. Class, Private Party
1200 Hospital Dr, #13
Angleton, TX 77515
979-319-5729

Charles D. Spencer, Sui Juris
18349 Dentonville Rd
Okmulgee, OK 74447
(918) 756-2244

Kenny Dallas Sui Juris
9204 Sandy Ville Rd. N.E.
Mineral City, Ohio 44656

RELATOR

Vs

William F. Downes, individual
2141 Joseph C. O'Mahoney Federal Bldg,
2120 Capitol Ave. Cheyenne, WY 82001

Terrance Kerns, individual
233 West Fourth, Rm. 411,
Tulsa, OK 74103

John R. Adams, individuals
510 United States Court House, Two S. Main St.
Akron, OH 44308-1813

Graham C. Mullen, individual

230 Charles R. Jonas Blvd
Charlotte, NC 28202

Linda K. Soper, individual
313 N. E. 21st St.
Oklahoma City, OK 73105-3498

Deborah J. Groom, individual
P.O. Box 1524
Ft Smith, AR 72902

John L. Chastain, individual
Administrative Office of the United States Court
Washington D.C. 20544

Gretchen C. F. Shappert, USA*
227 West Trade Street, Suite 1650
Charlotte, NC 28202

Tracii Joann Andrews, individual
Rt 1 Box 89A
Cheyenne, OK 73628

Cindy Smith, individual
233 West Fourth, Rom. 411
Tulsa, OK 74103

State Justice Institute
1650 King St, Suite 600
Alexandria, VA 22314

Jim Petro, individual
Office of the Attorney General 30 E. Broad St
Columbus, OH 43215-3400

CNA Surety
Chicago-Home Office
333 South Wabash
41-South
Chicago, Illinois, 60604

Westfield Insurance
One Park Circle, P.O. Box 5001
Westfield Center, Ohio, 44251

Greg Abbott, individual

Office of Attorney General
300 W. 15th Street
Austin, Texas 78701

Melanie Leslie, individual
Department of human Services (DHS)
201 S. Main St.
Altus, OK 73521-3129

Thomas J. Moyer, individual
Ohio supreme court
65 South Front Street
Columbus, Ohio 43215-3431

Joseph Harris, individual
2724 E 15th Street
Tulsa, OK 74104-4714

Gail Smith, individual
Rt 1 Box 89A
Cheyenne, OK 73628

Defendants

## **PLAINTIFFS FIRST AMENDED COMPLAINT PERSUANT TO COURT ORDER**

## **11/13/06 FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF AND**

## **DECLARATORY RELIEF**

Complaint for Money Damages for: Deprivation of Constitutional Rights, Conspiracy does
Deprive Plaintiff of Constitutional Rights, and Failure to Protect Plaintiff from Conspiracy to
Deprive Plaintiff of their GOD given Protected Rights and Civil Liberties. **Jury is hereby
Demanded.**

TABLE OF CONTENTS AND LIST OF CAUSES OF ACTION:

TABLES OF AUTHORITIES

COMPLAINT

JURISDICTION

1st  cause of action - 42 USC 1983 - INVIDIOUS REVERSE DISCRIMINATION

3

2nd cause of action - DENIAL OF DUE PROCESS - MULTIPLE COUNTS

3rd cause of action - 8th AMENDMENT VIOLATION

4th cause of action - INTENTIONAL DEPRIVAL OF UNBIASED STATE FORUM

5th cause of action - APPROVAL OF ACTIONS OF FINANCIALLY BIASED COURT

6th cause of action - 5TH AMENDMENT SEIZURE OF TRUST ACCOUNT INTEREST

7th cause of action - 42 USC 1983 - UNLAWFUL PRIOR RESTRAINT

8th cause of action - DUE PROCESS, ACCESS TO FILES

9th cause of action - 42 USC 1983 -UNLAWFUL INTERFERENCE WITH OF
        PRACTICE OF LAW IN FEDERAL COURTS

10th cause of action - DEFAMATION

11th cause of action - DEMAND FOR RECOGNITION OF SOLE PRACTITIONER'S BAR

12th cause of action- U.S. Department of Justice has no general power of attorney to represent,
employees in the first instance;

**SUMMING UP THE LAW AND POLITICS**

13th cause of action-Title of Nobility

14th cause of action - Executive Order 12731 of October 17, 1990

15th cause of action-volition of 455

16th cause of action-18 USC 1964(a) "CIVIL RICO"

17th cause of action-Pubic officer v. employee

18th cause of action-Title 18 USC 242

19th cause of action-Denial of Counsel of Choice

20th cause of action-Infliction of Excessive and therefore Cruel and Unusual Punishment

21st cause of action-Infliction of Excessive and therefore Cruel and Unusual Punishment

22nd cause of action-Infliction of Peonage and Involuntary Servitude

23rd cause of action- Person in Violation of Sherman Antitrust Act

24th cause of action-Conspiracy. Overt Acts

Denial of Due Process

SOLE PRACTITIONER'S MANIFESTO

 NATURAL LAW

SUMMARY

SUMMARY OF PLAINTIFF'S TOP 10 AUTHORITIES

PRAYER

COMPENSATORY DAMAGES

EXEMPLARY DAMAGES

INJUNCTIVE RELIEF

DECLARATORY RELIEF

ATTORNEY FEES

VERIFICATION

TABLES OF AUTHORITIES

TABLE #1: CASES CITED HEREIN:

*Aetna Life Insurance Company v La Voie* (1986) 475 US 813, 89 L Ed 2d 823, 106 S Ct 1580. One of the 10 most pertinent cases. A standard for bias in supreme court justices. U.S. Supreme Court reversed the Alabama Supreme Court which had ruled itself unbiased in an insurance case. A justice on the Alabama supreme court in this insurance bad faith case was simultaneously a plaintiff in 2 cases against an insurance company for bad faith. U.S.Supreme Court ruled that status as a plaintiff against an insurance provider constitutes bias sufficient to mandate recusal. 1 2 3

Agency Holding Corp. v. Malley-Duff & Associates,

Alaskans for a Common Language, Inc. v. Kritz, 3 P.3d 906 (Alaska 2000).

Alexander v. PSB Lending Corp, 800 N.E.2d 984, 989.

*Allen v. Wright*, (1984) 468 U.S. 737, 752

*Avery v Midland County* (1968) 390 US 474 1

*Barshop v. Medina County Underground Water Conservation District*, 925 S.W.2d 618, 626

Bell v Burson (1971) 402 US 535, 29 L Ed 2d 90, 91 S Ct 1586. The high water mark for due process prior to deprivation of property interest such as license. 1

Bennet v. Napolitano, 81 P3d 311, 315.

*Bethlehem Steel Corporation v United States Environmental Protection Agency* 638 F2d (7th Cir 1980) 1

*Bivens v Six Unknown Named Agents of the FBI* (1971) 403 US 388, 91 S Ct 1999, 29 L Ed 2d 619. Constitution itself grants jurisdiction to federal courts regardless of absence of enabling statute. 1

Blind Industries v. D.G.S., 808 A.2d 782, 784 ( Md. 2002)

*Boddie v. Connecticut* 401 U.S. 377 (1970) 1

Boundary Backpackers v. Boundary County , 913 P.2d 1141, 1145.

Bowers v. Bailey, 21 N.W.2d 773, 776.

*Brown v. New Orleans Public Service Inc.,* 490 So.2d 271 (La. 1986)

Blum v. Friedman, 782 A.2d 1204.

Burelson v. United Title & Escrow Co. Inc., 484 A.2d 535, 537.

*Carter v Carter v Helfling* 298 U.S. 239 (1936) 1

*Chicago and N.W. R. Co. v Nye* (1922) 260 US 35, 67 L Ed 115 @123, 43 S Ct 55 1

Clifford S. v. Superior Court, 45 Cal.Rptr.2d 333, 335.

*Coast Casualty v Pillsbury* 171 C. 319, 153 P.24 1

Collins v. State, 750 A.2d 1257, 1260.

Com v. J.H., 759 A.2d 1269.

*Craig v Boren* (1976) 429 US 190, 50 L Ed 2d, 397, 97 S Ct 451. Third party standing. 1

*Damico v California* (1967) 389 US 416, 19 L Ed 2d 647, 88 S Ct 526. Exhaustion principle not applicable in 1983 cases.1

Daye v. State, 769 A.2d 630, 633 ( Vt. 2000).

Dover Hist. Soc. v. Dover Planning Com'n., 838 A.2d 1103, 1109-1110 ( Del.2003).
*Delaney v Superior Court (Kopetman)* 268 Cal. Rptr. 753 (1990) 1

*Doremus v. Farrell* 407 F. Supp. 509 (D. Nebraska) 1

*Enterra Corp. v. SGS Associates* 600 F. Supp. 678, 684 (E.D. Pa. 1985) 1

*Eubank v. Richmond* 226 U.S. 137,143 1

*Ex Parte Blue Cross & Blue Shield of Alabama* , 582 So2d 469, 474…

*Ex Parte Hull* 312 US 546 (1941) 1

Ex parte James, 836 So2d 813, 871, 872-873.

 *Ex Parte Milligan*, 71 U.S. (4 Wall.) 2, 120 (1866).

*Ex Parte Siebold* 100 U.S. 371 (1880) 1

*Ex Parte Yarborough* 110 U.S. 651 (1884) 1

*Ex Parte Young* (1908) 209 US 123, 52 L Ed 714 @724, 28 S Ct 441 1

Epland v. Meade Ins. Agency Associates, 564 N.W.2d 203, 208 ( Minn. 1997).

Fernandez v. Takata Seat Belts, Inc., 108 P.3d 917.

Fieger v. Commissioner of Ins., 437 N.W.2d 271.

Findley v. State Farm Mut. Auto. Ins. Co., 576 S.E.2d 807,821.

First Federal Sav. & Loan Assn. of Lincoln v. Department of Banking, 192 N.W.2d 736.


*First Jersey Securities v. Bergen* 605 F. 2d. 690 (1979) 1

*Flangas v State Bar of Nevada* 655 F2d 946. 9th circuit overturns district judge Clairborne's injunction against the state bar because there is a state recusal remedy. California has no equivalent state recusal remedy. 1 2

Friedrichs v. Goldy, 387 P.2d 274, 277 [quoting United States v. Interstate Commerce Commission, 337 U.S. 426 (1949]).

Fuentes v Shevin 407 US 67, 32 L Ed 2d 556, 92 S Ct 1983 1

Giltner v. Stark, 252 N.W.2d 743.

Garhart ex rel. Tinsman v. Columbia/Hathone, LLC., 95 P.3d 571.

Gentile v State Bar of Nevada (1991) 115 L Ed 2d 888, 111 S Ct 2720. 43 page decision. One of out top 10 cited cases. U.S. Supreme court declares that Nevada bar discipline rules are void for vagueness. Gentile's offense was holding a press conference after thoroughly researching Nevada's vague rules to determine what he could say at the press conference. Although Gentile restrained himself, the Nevada disciplinary authorities prosecuted him nonetheless. 1

Gibson v Berryhill (1973) 411 US 564, 36 L Ed 2d 488, 93 S Ct 1689. One of Acuna's top 10 cases. Cited by 9th circuit in Flangas. 1 2 3 4 5

Gilligan v. Morgan, 413 U.S. 1

Goldberg v. Kelly 397 U.S. 254, 90 S. Ct. 1011, 25 L. Ed. 2d. 287 (1970) 1

Gonzales v. Buist. (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463.

Grayned v City of Rockford (1972) 408 US 104@108, 92 S Ct 2294@ 2298, 33 L Ed 2d 222. 1

Gryczan v. State, 942 P.2d 112, 118

Guinn v. United States 238 U.S. 347 (1915) 1

Hadley v. Junior College District (1970) 397 US 50 1

Halliwill v. Mutual Service Ca. Ins. Co., 100 N.W.2d 817.

Harley v Schuylki County (E.D. Pa. 1979) 476 F Supp 199 1

Hazel v. Atlas Glass ., 322 U.S. 238 (1944)

High Tide Seafoods v. State, 725 P2d 411, 415 ( Wash. 1986).

Hirsh v Justices, docket no. 93-4114 SVW(Bx) 1

Hoberman v. Lock Haven Hospital 377 F. Supp. 1178 (M.D. Pa. 1974) 1

Holt v. United States, (10/31/10) 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2,

*Home Building & Loan Ass'n v. Blaisdell*

Houghton v Shafer (1968) 392 US 639, 20 L Ed 2d 1319, 88 S Ct 2119 Exhaustion requirement is not applicable to 42 USC 1983 actions. 1

*Housworth v Glisson* (1978) 485 F Supp 29. re:vagueness. Cites *Harris* 1

Huberman v. Public Power Supply System, 744 P.2d 1032, 1055.

In re Camden County , 790 A.2d 158

In re Dissolution of Marriage of Alaback, 997 P.2d 1181.

In re Foster, 573 N.W.2d 324, 328.

In re Marriage of Mitchell, 531 N.W.2d

*In re Miller* 987 Nev. 65, 69, 482 P. 2d. 326, 328 (1971)." 1

*In re Murchison,* 349 U.S. @136, 75 S. Ct. @623 Cited in Withrow. Basic due process. 1 2 3 4

*In re: Gault* 387 US 31 @34, 18 L Ed 2d 527, 87 S Ct 1428 1

*In re: Keller* 88 Nev. 63, 493 P. 2d. 1039 (1972) 1

Independence Public Media of Philadelphia. v Penn. Public Television Comm. (E.D. Penn 1992) 808 F. Supp. 416 1

*Jacobs v. Board of Dental Examiners* 75 P.2d 96, 24 C.A. 2d 359 (1938) 1

*Johnson v Avery* 393 US 483 1

*Katris v. City of Waukegan* 498 F. Supp. 48 (N.D. Ill., E.D. 1980) 1

*Katz v. Workers Compensation Board* 78 Cal. Rptr. 815, 636 P. 2d 1153, 30 C. 3d 353 (1981) 1

*Kaufman v Court of Appeal* (1982) 31 C3d 933, 939-940, 184 Cal. Rptr. 302, 647 P2d 1081 (1982) 1

*Keller v. State Bar of California* (1990) 496 US 1, 110 L Ed 2d 1, 110 S Ct 2228. Ideology. 1 2

King v Smith (1968) 392 US 309 @312 note 4, 20 L Ed 2d 1118, 88 S Ct 2128. Exhaustion is not applicable to 1983 cases.1

Kirkpatrick v.Dist. Ct., 43 P.3d 998, 1005 ( Nev. 2002).

Laisne v. State Board of Optometry 123 P.2d 457, 19 C. 2d. 831 (1942) 1

Lake Mich. Fed. of Teach. v. Lake Mich. Com. Col. 390 F. Supp. 103 (W.A. Michigan, S.D. 1974). Quoted in brief. 1

Lane v. Wilson 307 U.S. 268 (1939) 1

Lebbos v State Bar (1991) 53 C3d 37, 278 Cal. Rptr. 845, 806 P2d 317, at 41, ft.1 1

Lentz v. McMahon 231 Cal. Rptr. 622 (Cal. App. 1 Dist. 1986) 1

Leverett v. Town of Limon 567 F. Supp. 471 (D. Colorado 1983) 1

Liljeberg v. Health Services Acquisition Corp. (1988) 486 US 847, 108 S Ct 2194, 100 L Ed 2d 855 (1988) requires federal judges to remove themselves from cases pertaining to an entity with whom they are associated if that entity benefits financially - as does the state bar which is an entity from which Judge Wilson derives substantial financial benefit. One of top 10 most pertinent cases. 1 2 3

*Linda R.S. v. Richard D.*, 410 US 614, 617

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559

*Lorber v. Storrow* (1937) 70 P2d 513, 22 CA2d 25 1

*Los Angeles v. Lyons,* (1983), 461 U.S. 95, 103..." Tieman v. Univ. of Cincinnati , 712 N.E.2d 1258, 1267.

Luther v. Borden 7 How. 1, 30 (1849). The right to choose a representative is every man's portion of sovereign power.1

Marbury v Madison (1803) 1 Cranch 137, 2 L Ed 60. A void act is void ab initio! 1

Marshall v Jerico (1980) 446 US 238, 64 L Ed 2d 182, 100 S Ct 1610. Disqualification of judges. Cited in *Ross*. 1

Maurer v. Young Life, 779 P.2d 1317.

Maxfield's Lessee v Levy, 4 US 308.97.

Mayhew v. Wilder, 46 S.W.3rd 760, 767.

Metropolitan Air Research Testing Auth. Inc., v. Metropolitan Gov't of Nashville and Durston County, 842 S.W.2d 611, 615

McClure v. Harris 503 F. Supp. 409 ( N.D. Cal. 1980) 1

McCracken v. Board of Medical Examiners 74 P. 2d. 289, 24 C.A. 2d 58 (1938) 1

McKenna v. Williams, 874 A.2d 217.

McNeese v Board of Education (1963) 393 US 668 @671, 10 L Ed 2d 62, 83 S Ct 1433. Exhaustion of administrative remedies is not required in suits under 42 USC 1983. 1

Meyer v Niles Township (N.D. Ill. 1979) 477 F Supp 357 1

Miles v. Idaho Power Co, 116 Idaho 635, 778 P.2d 757 (1989),

Milwaukee Brewers Baseball Club v. Wisconsin Dept. of Health and Social Services, 387 N.W.2d 245.

Mine Workers v Illinois Bar Association (1967) 389 US 217 1

Missionary Soc. v. Bd. of Pardons & Paroles, 896 A.2d 809, 812 ( Conn. 2006).

Mottle v. Miyahira, 23 P.3d 716.

Morrissey v. Brewer 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d. 484 (1972) 1

Mosk v Superior Court of Los Angeles County (1979) 159 Cal Rptr 494, 601 P3d 1030, 25 C3d 474 1 2

Mount v. Mount, 624 So2d. 997, 1001.

Near v Minnesota (1931) 283 US 697, 75 L Ed 1357, 51 S Ct 625. Injunction is appropriate rememdy to prevent prior restraint of protected speech. 1

National Organization for Women, Inc., v. Scheidler , 510 US 249

Norton v. Shelby County (1886) 118 US 425, 30 L Ed 2d 178, 6 S Ct 1121 1 2

New England Herald Dev. Group v. Town of Falmouth , 521 A.2d 693, 695 ( Me. 1987)."

Overland Telephone Company v. American Bell Telephone Company,. (PART TWO OF THREE) (03/19/88) 126 U.S. 1, 31 L. Ed. 863, 8 S. Ct. 778.

Peregard v. Cosmides, 663 So.2d 665, 668.

Partington v. Gedan 880 F. 2d. 116 (9th Cir. 1989) 1 2

People v. Smith, 360 N.W.2d 841, 844-845 ( Mich. 1984).

*Perry Farms Inc. v. Agr. Labor Relations Board* 86 Cal. App. 3d 460, 150 Cal. Rptr. 495 1

*Perry v. Justices*, docket no. 93-6909 SVW (Bx), Central District of the District of California 1

Pett v. Autoliv ASP, Inc., 106 P.3d 705.`

Petty v. Daimler/Chrysler Corp., 91 S.W.3d 765

*Pickering v. Board of Education* 391 U.S. 563, 88 S. Ct. 1731, 20 L. Ed. 2d. 811 (1968) 1

Pittsburg Palisades Park, LLC v. Com., 888 A.2d 655.

Polaris Industries, Inc. v. McDonald, 119 S.W.3d  331, 338, 339.

Proctor v. County of Penobscot , 651 A.2d 355, 357.

*Rames v. Bryd* , 521 US 811

Roberts v. General Motors Corp., 643 A.2d 956, 958 (N.H. 1994).

*Rosenthal v Carr* 614 F2d 1219 (9th circuit 1980). Exceptional circumstances can justify exception to the rule of abstention. Cited in *Flangas* by the 9th circuit. 1

*Ross, Matter of*, (Nevada 1983) 656 P2d 832, 99 Nev 1. Financially interested Nevada state bar similar to California's is declared unconstitutional. One of top ten most pertinent cases. 1

Rotella v.Wood, et.al. , 528 U.S. 549 (2000)

Scott v. Randell, 736 N.E.2d 308 (Ind.Ct.App. 2000)

Schneider v. Howe, 133 P.3d 1232

*Se McNutt v. GMAC*, 298 US 178.

Server v Justices, docket no. 93-6789 SVW(Bx) 1

Shulz v. State, 731 N.E.2d 1041

Sierra Club v. Cedar Point Oil Co., 73 F3d 546, 555

Sierra Club v. Hawai'I Tourism Authority ex rel Board of  Directors, 59 P.3d 877.

Sierra Club v. Morton, 405 U.S. 727, 731

Sims v. Aherns, 271 S.W. 720 (1925)

Sniadach v Family Finance Corporation (1969) 395 US 337 1

Southern Railway Co. v. Virginia (1933) 290 U.S. 190 1

State v. CNA Ins. Companies, 779 A.2d 662 (Vt 2001) [quoting United States v. Interstate Commerce Commission, 337 U.S. 426 (1949)].

State v. Norflett, 337 A.2d 609

St. John McNamara Hospital v. Assoc. Hosp. Serv., Inc. 410 F. Supp. 67 (D. South Dakota 1976) 1

Supreme Court 2759, 483 U.S. 143, 151 (1987)

Suss v ASPCA 823 F Supp 181 (S.D. NY 1993) 1

Transco v. Calco Enterprises, 511 S.E.2d 671, 678.

Trinity Medical Center v. North Dakota Bd. of Nursing, 399 N.W.2d 835.


Trinsey v. Pagliaro, D. C. Pa. 1964, 229 F. Supp. 647.

Tumey v. Ohio (1927) 273 US 510, 47 S Ct 437 @444, 71 L Ed 749. One of the 10 most pertinent cases. This oft-cited case holds that a mayor cannot be a judge in a case where the fine pays the expenses of the court - but this precept seems to be ignored in California traffic courts - and in the state bar court. Cited in *Withrow.* 1

United States v. Balistrieri, 779 F.2$^d$ 1191(7th Cit. 1985)(Section 455(a))

United States *ex rel.* Toth v. Quarles, 350 U.S. 11 (1955).

United States v. Lopez (93-1260), 514 U.S. 549 (1995).

United States v. Lovasco (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752,

*U.S. v Classic* (1941) 313 U.S. 299 1

*U.S. v Good Real Property* (Dec 1993) __US__, __ L ED 2d _. 114 S Ct 492 1 2 3

United States v. Scluto, 521 F.2d 842, 845(7th Cir.1996)

 United States v. Johnson, *430 F.3d 383, 391-92 (6th Cir. 2005)*

_U.S. v Harris_ 347 US 612 @617, 74 S Ct 808 @812, 98 L Ed 898 _1

U.S. v Mosely (1915) 238 US 383 _1

Van Sloten v. State Bar 258 Cal. Rptr. 235 (1989), at 240 _1

Wall v. American Optometric Association, _Inc._ 379 Supp. 175 (N.D. Georgia 1974) _1

Ward v. Village of Monroeville 409 U.S. 57, 61, 93 S. Ct. 80, 34 L. Ed. 2d. 267 (1972) _1

Warth v. Seldin, 422 U.S. 490, 501." Sears v. Hull , 961 P.2d 1013, 1017 (1998)

Watkins v. Resorts Intern. Hotel & Casino, 591 A.2d 592, 601 (N.J. 1991).


Western Metal Supply Co. v Pillsbury 171 Cal. 407, 156 P. 491 _1

Wesley v. Schaller Subaru, Inc., 893 A.2d 389, 397 ( Conn. 2006).

West Farms Mall, LLC v. West Hartford, 901 A.2d 649, 655-656 ( Conn. 2006).

Weybosset Hill Investments, LLC v. Rossi, 857 A.2d 231

Withrow v. Larkin 421 US 35, 95 S Ct 1456, 43 L Ed 2d 712 (1975). Quoted in this brief. _1

## TABLE #1-A - LEADING SUPREME COURT CASES

18 L Ed 2d _In re: Gault_, 387 US 31, 34, 18 L Ed 2d 527, 87 S Ct 1428.

20 Pickering v Board of Education 391 US 563, 88 S Ct 1731, 20 L Ed 2d 811 (1968);

25 Goldberg v Kelly 397 US 254, 90 S Ct 1011, 25 L Ed 2d 287 (1970)

32 L Ed 2d Fuentes v Shevin 407 US 67, 32 L Ed 2d 556, 92 S Ct 1983.

33 L ed 2d Gibson v Berryhill 92 S Ct 2487, 408 US 920, 33 L Ed 2d 331 (1973).

33 L Ed 2d Grayned v City of Rockford 408 US 104, 108-109, 92 S Ct 2294, 2298-2299, 33 L Ed 2d 222

33 Morrissey v Brewer 408 US 471, 92 S Ct 2593, 33 L Ed 2d 484

34 L ed 2d Ward v Village of Monroeville 409 US 57, 61, 93 S Ct 80, 34 L Ed 2d 267 (1972)."

36 L Ed 2d <u>Gibson v Berryhill</u> 411 US 564, 579, 93 S Ct 1689, 1698, 36 L Ed 2d 488 (1973)

43 L Ed 2d <u>Withrow v Larkin</u> 421 US 35, 95 S Ct 1456, 43 L Ed 2d 712 (1975), at 46-47 6033,

89 <u>Aetna v La Voie</u> (1986) 475 US 813, 89 L Ed 2d 823, 106 S Ct 1580

100 L Ed 2d <u>Liljeberg v Health Services Acquisition Corp.,</u> 487 US 847, 108 S Ct 2194, 100 L Ed 2d      855 (1988),

110 <u>Keller v State Bar of California</u> 495 US __ 110 L Ed 2d 1, 110 S Ct___,(1990),

118 L Ed 2d <u>Gentile v State Bar of Nevada</u> 115 L Ed 2d 888, 111 S Ct 2720 (1991)855 (1988),


## **TABLE #2: STATUTES AND RULES CITED HEREIN**

Business and Professions code section 6000 1

Business and Professions code section 6002 1

Business and Professions code section 6030 1

Business and Professions code section 6079.1. Gives state immunity to state bar court judges. 1 2

Business and Professions code section 6079.5 1

Business and Professions Code section 6086.5 unconstitutionally portends to give bar association powers reserved to the electorate. 60686.5 is the enabling statute for the state bar court and is patently unconstitutional. The California constitution specifically reserves the power to create additional courts. 1

Business and Professions code section 6086.65 1

California Code of Civil Procedure section 170 et seq. Regarding disqualification of judges. 1

California rules of court 951-964 1

California Rules of Court, Rules 1-100, Californians cannot recuse justices of the supreme court. 1

State Bar Rule of Procedure, Rule 509. Prosecution may be founded on mere suspicion. 1

State bar rules of procedure rule 2.24. Prosecution may be founded upon mere suspicion. 1

United States Code 28:1331 1

United States Code 28:1343 1

United States Code 28:2201 1

United States Code 28:2202 1

United States Code 28:455(b)(5)(iii) Disqualification of judge where judge or his or her spouse, or certain of their relatives, is known to have an interest that could be affected by the proceeding. 1

United States Code 42:1983 Creates federal cause of action for violation of constitutional rights under color of state law. 1 2 3 4 5 6 7

United States Code 42:1985 1

United States Code 42:1988 1

## TABLE #3: TREATISES CITED HEREIN:

ALR Fed 54:855 *Disqualification of judge under 28 USC section 455(b)(5)(iii) where judge or his or her spouse, or certain of their relatives, is known to have an interest that could be affected by the proceeding* 1

ALR Fed 55:650 *Disqualification of judge under 28 USC 455 b 4 providing for disqualification where judge has financial or other interest in proceeding* 1

ALR2d 10:1307 *Interest of judge in an official or representative capacity, or relationship of judge to one who is a party in an official or representative capacity, as disqualification.* Pertains to Judge Wilson and all state bar pseudo-judges1

ALR3d 72:375 *Disqualification of judge, justice of the peace, or similar judicial officer for pecuniary interest in fines, forfeitures, or fees payable by litigants* 1

L Ed 2d 40:823 *Supreme Court's application of vagueness doctrine to noncriminal statutes or ordinances.* Cites *Gentile.* 1

L Ed 2d 89:1066 (1986, 10 pages) *Due process clause of fourteenth amendment as requiring disqualification of state or local judge from participation in particular litigation - Supreme Court cases.* Annotation of Aetna v La Voie.1 2

## TABLE #4: CONSTITUTIONS AND ANCIENT SOURCES OF FUNDAMENTAL AUTHORITY

California constitution, article 3, section 3.5 1

California constitution, article 6, section 1 was amended specifically to deny the power to create courts except by constitutional amendment. 1

California constitution, article 6, section 18 1

California constitution, article 6, section 2. Creates California Supreme Court. 1

California constitution, article 6, section 3. Directs legislature to create districts for the courts of appeal. 1

California constitution, article 6, section 4. Creates superior court in each county. 1

California constitution, article 6, section 5. Gives legislature the power to create municipal and justice courts.1

California constitution, article 6, section 6. Creates the judicial council 1

Magna Carta (Original is available at Lincoln Cathedral and Salisbury England - see Encyclopedia Brittanica) - Signed in 1215 - at the point of a sword by King John in a field at Runnymede, England guarantees rights to all descendants of the English Empire and is a part of our heritage and common law. It is written in old English and therefore a translation is shown below - edited slightly.It guarantees that:
1) (Clause 20) Amercements (fines) for slight offenses shall be in accordance with the measure of the offense;
2) (20) Amercements for serious offenses shall not be so heavy as to deprive anyone of his means of livelihood.;
3) (20) Amercements are to be assessed by honest men of the neighborhood (as distinguished from judges and legislatures);
4) (Clause 18,19)Trials shall be local and enough people shall be there to take care of business on the day when the trial comes to town;
5) (32) In the case of a felony, the lands of those convicted shall be held by the king for a year and a day only and then shall return;
6) (38) No bailiff on his own bare word without credible witnesses is to send a man to the ordeal;
7) (45) The king will not appoint any judges, constables, sheriffs, or bailiffs, except such as know the law of the land and are willing to keep it well;
8) (30) No sheriff or any other royal officer shall take any free man's horses or carts for carriage duty except with the owner's consent;
9) (28) No constable or other royal officer shall take anyone's corn or other chattels without making immediate payment, unless the seller is willing 1

U.S. constitution, 5th amendment: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, no be deprived of

life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation 1

U.S. Constitution, 6th amendment:"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense. 1

U.S. Constitution, 8th amendment: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." 1

**Pursuant to the Federal Rules of Civil Procedure, the plaintiffs, state as follows:**

## INTRODUCTION

1. **Comes now** the Plaintiffs above named in their own natural person and complains against Defendants above named for depriving Plaintiffs of constitutional rights under color of State Law, custom or usage, conspiracy to so deprive and/or failure, neglect or refusal to protect Plaintiffs from said conspiracy although it was within the power to do so.

2 The Plaintiffs, Andrews, Class, Class, Dallas And, Spencer, Sui Juris Party Injured, American Citizen, non-licensed attorney; and one of the holders of the inherent political power of the State of Union [1] and the Republic of these united States of America, hereinafter Plaintiffs, and makes his Certified <u>Petition</u> as a matter of right and <u>not</u> as a motion, as said holder, to be informed of the nature and cause of the accusation[2], in the instant case.

---

[1] All political power is vested in and derived from the people; all government of right originated with the people, is founded upon their will and is instituted solely for their good.    Article II, Section 2; New Mexico Constitution.
    All persons are born equally free, and have certain natural, inherent and inalienable rights, among which are the rights of enjoying and defending life and liberty, of acquiring, possessing and protecting property, and of seeking and obtaining safety and happiness.    Article II, section 4; New Mexico Constitution.

3.AND HEREBY THIS PETITION gives actual and constructive notice to all parties proceeding in any capacity that Plaintiffs charges  their presumptions of subject matter jurisdiction  they have presumptions in said cases 06 CV 460 TCK PJC , 05 CV 110R, 05 CV 652 M must answer said challenge by proving their aforesaid presumptions have a lawfully verifiable action.

4. FURTHER, by such actual and constructive notice the judge, prosecuting attorney and defendants have each taken an Oath of Office in exchange for the public trust and filed a commercial bond to ensure that the integrity and honor of the Citizens of Oklahoma, North Carolina, Texas and Ohio not be placed in jeopardy by their actions; are hereby informed of their oath to uphold and defend the U.S. Constitution, Constitution and laws of States.

5. AND whereas, the Judge, Prosecuting Attorney, and defendants officer, as public officers, hence by mandate of their sworn oath[2]; have no discretion but to answer all particulars of this challenge of their presumptions of subject-matter jurisdiction in the instant case.  They are further reminded of their respective duties and obligations as expressly evidenced in their State Constitution and by and through Article XIV of the U.S. Constitution and as further evidenced by published Rules of Criminal Procedure, expressly to include *Miranda v. Arizona.*

6. AND whereas, the Plaintiffs makes this Petition herein all and in the particularities of their averments made as their sworn statements under penalty of perjury, as a Sovereign, holding Primacy[3] of Position and positively can expect no less from the Judge, attorney and all

---

[3] See FN 1

defendants Police Officer than their sworn answers to the particulars of their averments FRCP Rule 8 (e).

**WHEREFORE, the Plaintiffs states as follows:**

### JURISDICTION

7.   This U.S. district court of Columbia has jurisdiction in this cases pursuant under 28 USC 1331, 28 USC 1343, 28 USC 2201, 28 USC 2202, 42 USC 1983, 42 USC 1985, 42 USC 1988. This court has jurisdiction stemming directly from the constitution in some cases. Authority: *Bivens v Six Unknown Named Agents of the FBI* (1971) 403 US 388, 91 S Ct 1999, 29 L Ed 2d 619. This court also has pendent jurisdiction regarding defamation.

### PARTY

8. *ex relatione* Eddie L. Andrews, ( "Andrews" or "Plaintiff")  is a white, male and natural Citizen of <u>ONE OF</u> the Fifty States and a resident of the Fifty States Oklahoma, decorated combat veteran and Private Attorney General (hereinafter "Relator") This declaration of status is made openly and notoriously on the record of these proceedings.

9.*ex relatione ex relatione* Rod Class, ( "Class" or "Plaintiff")  is a white, male and natural Citizen of <u>ONE OF</u> the Fifty States and a resident of the Fifty States North Carolina, veteran and Private Attorney General (hereinafter "Relator") This declaration of status is made openly and notoriously on the record of these proceedings.

10. Private Party Dwight D. Class, ("Class or "Plaintiff") is a white, male and natural Citizen of <u>ONE OF</u> the Fifty States and a resident of the Fifty States Texas, veteran. This declaration of status is made openly and notoriously on the record of these proceedings.

11. Sui Juris Charles D. Spencer, ("Spencer" or "Plaintiff") is a white, male and natural Citizen of <u>ONE OF</u> the Fifty States and a resident of the Fifty States Oklahoma, This declaration of status is made openly and notoriously on the record of these proceedings.

12. Sui Juris Kenny Dallas, (Dallas or "Plaintiff") is a white, male and natural Citizen of <u>ONE OF</u> the Fifty States and a resident of the Fifty States Ohio, This declaration of status is made openly and notoriously on the record of these proceedings.

## ACTS OF AGENTS

13. Whenever it is alleged in this petition that Defendants did any act, it is meant that the Defendants performed or participated in the act or. That Defendants officers, agents or employees Performed or participated in the act on behalf of and under the authority of the Defendants.

## 1st cause of action - 42 USC 1983 - INVIDIOUS REVERSE DISCRIMINATION

14. COMES NOW the United States (hereinafter "Movant") a private Citizen may move a federal court on behalf of the United States *ex relatione*. <u>United States *ex rel.* Toth v. Quarles,</u> 350 U.S. 11 (1955). See <u>Agency Holding Corp. v. Malley-Duff & Associates,</u> 107 <u>Supreme</u>

Court 2759, 483 U.S. 143, 151 (1987) and Rotella v.Wood, et.al. , 528 U.S. 549 (2000) this complainant is a compelling necessity for want of a competent United States Attorney General. In this case (See Hazel Atlas Glass the duty to investigate perjury as fraud in the court is sacred duty and moreover, not only is the Plaintiff, Andrews, Class, Dallas, Class, & Spencer Sui Juris, entitled to this right in order to preserve their right to due process, but the People have cause to empower the UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA with Subject Matter Jurisdiction for determinations in Law , See Hazel v. Atlas Glass ., 322 U.S. 238 (1944) and for determinations and qualification of 'Federal Zones' defined within United States v. Lopez (93-1260), 514 U.S. 549 (1995).

15. To move this honorable Court for intervention of right, pursuant to 28 U.S.C. 2403(a).

16. Joan Andrews provide timely Notice to all interested parties of same, pursuant to Federal Rules of Civil Procedure (FRCP) Rule 24(c). Issue before the Court shall be considered for time, determination of void judgment and Subject Matter Jurisdiction and fraud upon the court within Hazel v. Atlas Glass ., 322 U.S. 238 (1944) by defendants Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Andrews, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris Smith

10. Article III, Section 2, Clause 1 ("3:2:1") in the Constitution for the United States of America (hereinafter "U.S. Constitution").pursuant to 18 USC §4

17. Substantive Due Process and Violation of separation of power against them and other similar like situations. The recognition of established 'Federal Zones' and the limitations of 'state

officers' is essential in the establishment of the Substantive Due Process violation and the acts in violation of the Constitutional separation of powers.

18. This Court is bound by its Congressional mandate of office to sit on the Law side of its jurisdiction to hear the controversy in a neutral capacity and to make a fair and impartial determination.

19. The practice of Law CAN NOT be licensed by any state/State Schware v. Board of Examiners, 353 U.S. 238, 239

20. The practice of Law is AN OCCUPATION OF COMMON RIGHT! Sims v. Aherns, 271 S.W. 720 (1925)

21. Ex Parte *Milligan*, we have been taught that the "Constitution of the United States is a law for rulers and people, equally in war and in peace. . . ." *Ex Parte Milligan*, 71 U.S. (4 Wall.) 2, 120 (1866).

22. Again, in *Home Building & Loan Ass'n v. Blaisdell*, we were taught that no emergency can create power.

23. To Petition for Redress of Grievances and serve this verified civil complaint as Private law abiding Citizens. Of America.

24. The federal statute at 18 U.S.C. 4 (misprision of felony) <u>requires</u> me to report felony federal offenses to a judge or other appropriate officer of the United States, including military authority where Rights secured are violated as part of the War  Powers Act or Patriot Act.

25. Plaintiffs are authorized by Congress to request and obtain civil RICO remedies, pursuant to the federal statute at <u>18 U.S.C. 1964</u>.

26. Plaintiffs also argues that the Initial COMPLAINT and supporting affidavits in the instant case rendered Plaintiff a qualified federal witness and complainant

27. As such, the Defendants' retaliations against Plaintiffs constitute clear violations of the federal criminal statutes at <u>18 U.S.C. 1512</u> and <u>1513</u>.

**2nd cause of action - DENIAL OF DUE PROCESS - MULTIPLE COUNTS**

28. Plaintiffs incorporates by this reference every other paragraph in this complaint in this case of action as though fully set forth herein

29. Plaintiffs are entitled to redress under 42 USC 1983, Title 28 USC Sec. 1343.  and other statutes.

30.  Actions and policies by the named defendants/persons are consistent with action within the United States Attorney Manual Title 4, Title 8 and Title 9.

31.  Plaintiff contends that all <u>CRIMINAL</u> procedural rights accrue - and the defendants have violated many of them, knowingly or as silent partners.

*32.*  The state person court provides no parallel to demurrer. A litigant in state person court has no equivalent to demurrer or the federal equivalent of failure to state a cause of action. This constitutes denial of due process. The process is used to extract inflammatory testimony and Invasion of privacy for the purpose of coloring a case. Person rules provide no protection of constitutional rights.  Administrative rules forbid the administrative body from ruling in the litigant's favor on new constitutional issues. The state person court provides no means to challenge procedures that violate constitutional rights. Therefore federal intervention is necessary to order the court to respect our rights. We have a right to due process at all levels of administration of justice. Bell v Burson (1971) 402 US 535, 29 L Ed 2d 90, 91 S Ct 1586. We ask this court to find that the statute that portends to preclude administrative forums from declaring the unconstitutionality of actions or rules is itself unconstitutional.

33. Plaintiff is entitled to redress under 42 USC 1983.

### 3rd cause of action - 8th AMENDMENT VIOLATION

34.  Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

35. Defendant persons, Kerns, Elum, Brown, Gwin and the STATE JUSTICE INSTITUTE Suspension of Dwight Lee Class (plaintiff) for 15 months with substantive Due

Process violation, un-Lawful detainment, peonage and debt bondage, lacking subject matter jurisdiction under a policy, constituted deprival of his livelihood.

36. Defendant persons, Kerns, Mullen, Adams, Petro and Gretchen Suspension of Rodney Dale Class (plaintiff) for 59 days with substantive Due Process violation, un-Lawful detainment, peonage and debt bondage, lacking subject matter jurisdiction under a policy, constituted deprival of his livelihood.

37. This constitutes a violation of the 8th amendment under color of law.

## 4th cause of action - INTENTIONAL DEPRIVAL OF UNBIASED STATE FORUM

38. Plaintiffs incorporates by this reference every other paragraph in this complaint in this case of action as though fully set forth herein

39. Defendants Downes, Kerns, Adams ,Mullen, Soper, Groom, Chastain,  Shappert, Andrews,  Smith, State Justice Institute, Petro ,CNA Surety ,Westfield Insurance , Abbott, Leslie,  Harris, Smith, Moyer and John Doe intentionally deprived Plaintiffs of there right to due process of law by conspiring with all other defendants and by acting (by virtue of authorship and mandating Oklahoma ,Ohio Texas, North Carolina The federal courts have only such powers as are expressly conferred on them. Certain original jurisdiction is vested in this court by the Constitution. Its powers as an appellate court are those only which are given by statute.

40. The circuit courts of appeal are creatures of statute. No original jurisdiction has been conferred on them. They exercise only such appellate functions as Congress has granted. The grant is plain. 'The circuit courts of appeal shall have appellate jurisdiction to review by appeal

final decisions ... in the district courts ....'10 Nowhere is there any grant of jurisdiction to try cases, to [322 U.S. 238, 258] enter judgments, or to issue executions or other final process.

> '... courts created by statute must look to the statute as the warrant for their authority; certainly they cannot go beyond the statute, and assert an authority with which they may not be invested by it, or which may be clearly denied to them.'

This court has never departed from the view that circuit courts of appeal are statutory courts having no original jurisdiction but only appellate jurisdiction.

## 5th cause of action - APPROVAL OF ACTIONS OF FINANCIALLY BIASED COURT

41. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

42. Defendants Downes, Kerns,. Adams, Mullen, Soper, Groom , Chastain, Shappert, Andrews, Smith, State Justice Institute, Petro ,CNA Surety ,Westfield Insurance , Abbott, Leslie, Harris, Smith, Moyer and John Doe intentionally deprived Plaintiffs of their right to due process of law by conspiring to deny (by virtue of rules of court which they author) to Plaintiffs a unbiased forum in the us district courts.

## 6th cause of action - 5TH AMENDMENT SEIZURE OF TRUST ACCOUNT INTEREST

43. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

44. In approximately 2004 the person demanded that banks pay client trust fund interest to the state person's special fund. This seizure violates the 5th amendment. Plaintiffs have jus tertii standing to assert the rights of their clams in this action under *Craig v Boren* (1976) 429 US 190, 50 L Ed 2d, 397, 97 S Ct 451 and demands restitution.

## 7th cause of action - 42 USC 1983 - UNLAWFUL PRIOR RESTRAINT

45. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

46. It has never been doubted, or any other, as far as we know, that notice in hearing or preliminary step is essential to the passing of an enforceable judgment, and that they, together with a legally, competent tribunal having jurisdiction of the case, constitution basic elements of the Constitutional requirements of due process of Law. Cowell vs Alabama 287 US 45 (1932). The defendant person, Downs, Kerns, Adams and Mullen restricted all Plaintiffs 1st Amendment Petition for Redress of Grievances by

47. Injunctive relief is appropriate to prevent prior restraint. *Near v Minnesota* (1931) 283 US 697, 75 L Ed 1357, 51 S Ct 625.

## 8th cause of action - DUE PROCESS, ACCESS TO FILES

48. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

49. Plaintiffs fear a retaliatory act and a continuation of the Substantive Due Process violation. They have appeared to the Northern Federal District court but the Kerns violated by refused to accept their motion to vacate a void order on the basis that by his prior motion to dismiss in state person court was rejected (without any hearing or discussion) when Kerns order a static report.

50. Because the state person court is relatively new - and many of the issues before this court are of first impression, it is likely that the state person court procedures will be modified by one court or another to accommodate constitutional mandates.

51. Plaintiffs requests and injunction to preserve the status quo pending a hearing on the constitutional issues in this court - or upon remand to a Congressional hearing - for review of department of the state, Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris Smith. All Plaintiffs is seeking is orderly litigation and avoidance of irreparable harm. By defendant Soper, Groom and Shappert lawyers have little concern for the financial realities of a personal injury to Plaintiffs.

52. Plaintiffs asks an injunction for all Plaintiffs in case number 06 CV 460 TCK PJC against all defendants and a TRO pending till this case is complete - to preclude rash judgment by Kerns, - who has a record in this case of rash judgments - most notably issuing a order when Plaintiffs stated a claim.

**9th cause of action - 42 USC 1983 - UNLAWFUL INTERFERENCE WITH OF PRACTICE OF LAW IN FEDERAL COURTS**

53. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

54. Traditionally in the federal courts have relegated discipline to the defendant person. This worked when policy was administered only for serious matters. The trivialization and bias in current policy mandates that the federal courts now refrain from this deference. Plaintiffs requests declaratory relief in this regard.

55. Downes, Kerns, Adams, Mullen, Chastain, Shappert, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, and Smith bias and prejudice in not following there on disciplinary policy .

### 10th cause of action - DEFAMATION

56. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

57. This court has pendant jurisdiction for this cause of action.

58. The State Justice Institute has provided Grants and Federal assistance to selective judicial and court administrators. The Conference of Chief Justices and Court Administrators have organized several policies and outlined standard Profiling policies to be used against pro se litigants and individuals assumed to be a threat the BAR.  They have legislated policy that is contrary to a Constitutional office and a violation of the separation of powers granted to that office.

59. Moyer intended that the statement expose Plaintiffs to hatred, contempt, and ridicule. The DVD clearly profiling plaintiffs as enemy combats as seen in the three hour DVD. If don't another part of the affiliation taking your rights.

60. Plaintiffs God given rights, substantive due process violations and reputation in the close knit community of their home town has been damaged as a result of the defamation. Grants and federal assistance allotted to the judiciary by the, Title 42 USC Chapter 113 STATE Justice INSTITUTE has clearly violated the intent of title 42, Public Health and Welfare. A (direct violation of Executive Order 12731)

61. The legislature has failed to enact the Constitutional checks and balances and granted immunity to state person , such immunity does not apply to Moyer because 1) He is not a Constitutional judge in good behavior while legislating a policy of rebellion and insurrection; 2) The acts committed exceed the legislative authority of the states and exceed the acts and Laws signed into effect by the state Governor  3) to the extent that the prosecution regarded profiling and convictions, there can be no valid "conviction" for anything by the state person pseudo court; and 4) the technical violation of the State Justice Institute Grants, selective federal assistance lacks ethical consideration required by the Congress  within judicial system.

## 11th cause of action - DEMAND FOR RECOGNITION OF SOLE PRACTITIONER'S PERSON

62. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

63. Plaintiffs requests this court to declare, due to the reasons stated herein the Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Andrews, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris Smith may not compel association without violating the first amendment, fourth Amendment and personal privacy as they apparently did.

**12th cause of action - U.S. Department of Justice had no general powers of attorney to represent , employees, in the first instance;**

64. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

65. Groom Willfully misrepresentation is a violation of the McDade Act at 28 U.S.C. 530B, by failing to obey State Bar disciplinary guidelines: by filling a entry of appearance for all defendants not in her Jurisdiction.  Groom put nothing on the record in the low court but a entry of appearance for all defendants in case #06-cv-652M  (attached is her motion filed 8th day of Dec, 2006) if you look at the defendant listed from low court and appeals court you will see they are not the all the same defendants. Only appeals court can look at the recorded form the lower court. Groom  has failed to show the 10 Cir. courts had show jurisdiction or subject matter to delegated authority to represent the defendant/ appellees. Groom, with notice has failed  the opportunity to answer and defend relative to the motion to disqualify, presumed that the proceeding at the appellate level would continue in the unconstitutional matter..

## SUMMING UP the LAW and the POLITICS

66. SUPREMACY CLAUSE NOTIFICATION SUPREMACY CLAUSE - "This Constitution and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the contrary notwithstanding." U.S. Const. art. VI, Paragraph 2."  Stone v. City and County of San Francisco, 968 F.2d 850, 862 (9th Cir. 1992), cert. denied, 113 S. Ct. 1050 (1993).

[The "CERTIFICATE" from the State Supreme Court:
    1. ONLY authorizes,
    A. To practice Law "IN COURTS" As a member of the STATE JUDICIAL BRANCH OF GOVERNMENT.
    B. Can ONLY represent WARDS OF THE COURT.
    2. INFANTS
    3. PERSONS OF UNSOUND MIND SEE CORPUS JURIS SECUNDUM, VOLUME 7, SECTION 4.
    4. A. "CERTIFICATE" IS NOT A LICENSE....
    A. To practice Law AS AN OCCUPATION.
    B. Nor to DO BUSINESS AS A LAW FIRM!!!]

62. This being a Unconstitutional "lawyer system," only HEARSAY SUBSTITUTES(lawyers) NOT under oath, have access to the courts, even though ONLY sworn testimony and evidence can be presented in court.  Anything else is Bill of Attainder, NOT permitted under the U.S. Constitution (Article 1, Sections 9 and 10).

67. A judge shall not testify voluntarily as a character witness or as an expert witness in a civil, criminal, or administrative proceeding. (This what happens when a judge write a opinion.)

68. Person commission of a misdemeanor by the unauthorized practice of law and by failing to produce the Certificate of Oath required to be indorsed upon a license by Section 6067 of the California Business and Professions Code, in violation of Section 6126 of same.

69. Person commission of a misdemeanor by assuming to be an officer or attorney of this Court, by acting as such without authority, and by failing to produce the Certificate of Oath required to be indorsed upon a license by Section 6067 of the California Business and Professions Code, in violation of Section 6127 of same.

70. Person commission of a misdemeanor by depriving Plaintiffs of their fundamental Right to judicial officers who are bound by Oath or Affirmation to support the <u>Constitution for the United States of America</u>, as required by <u>Article VI, Section 3</u>, and by <u>4 U.S.C. 101</u>, in violation of <u>18 U.S.C. 242</u> .

71. <u>Attorneys can't testify. Statements of counsel in brief or in oral argument are not facts before the court.</u>

72. This finding of a continuing investigation, which forms the foundation of the majority Opinion, comes from *statements* of *counsel* made during litigation.

73. As we have said of other un-sworn statements which were not part of the record and therefore could not have been considered by the trial court:

74. "Manifestly, [such statements] cannot be properly considered by us in the disposition of [a] case." *United States v. Lovasco* (06/09/77) 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752,

75. Under no possible view, however, of the findings we are considering can they be held to constitute a compliance with the statute, since they merely embody conflicting *statements* of *counsel* concerning the facts as they suppose them to be and their appreciation of the law which they deem applicable, there   being, therefore, no attempt whatever to state the ultimate facts by a consideration of which we would be able to conclude whether or not the judgment was warranted. *Gonzales v. Buist.* (04/01/12) 224 U.S. 126, 56 L. Ed. 693, 32 S. Ct. 463.

76. No instruction was asked, but, as we have said, the judge told the jury that they were to regard only the evidence admitted by him, not *statements* of *counsel*, *Holt v. United States,* (10/31/10) 218 U.S. 245, 54 L. Ed. 1021, 31 S. Ct. 2,   Care has been taken, however, in summoning witnesses to testify, to call no man whose character or whose word could be successfully impeached by any methods known to the law.

77. And it is remarkable, we submit, that in a case of this magnitude, with every means and resource at their command, the complainants, after years of effort and search in near and in the most remote paths, and in every collateral by-way, now rest the charges of conspiracy and of gullibility against these witnesses, only upon the bare *statements* of *counsel.*

78. The lives of all the witnesses are clean, their characters for truth and veracity un-assailed, and the evidence of any attempt to influence the memory or the impressions of any man

called, cannot be successfully pointed out in this record. *Telephone Cases. Dolbear v. American Bell Telephone Company, Molecular Telephone Company v. American Bell Telephone Company. American Bell  Telephone Company v.. Molecular Telephone Company, Clay Commercial Telephone Company v. American Bell Telephone Company, People's Telephone Company v. American Bell Telephone Company, Overland Telephone Company v. American Bell Telephone Company,.* (PART TWO OF THREE) (03/19/88) 126 U.S. 1, 31 L. Ed. 863, 8 S. Ct. 778.

79. Statements of counsel in brief or in argument are not sufficient for motion to dismiss or for summary judgment, *Trinsey v. Pagliaro,* D. C. Pa. 1964, 229 F. Supp. 647.

80. Factual statements or documents appearing only in briefs shall not be deemed to be a part of the record in the case, unless specifically permitted by the Court – Oklahoma Court Rules and Procedure, Federal local rule 7.1(h)

81. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

82. In order for any government agency, subsidiary or law to be applied to an individual American Citizen, it must be first proved or assumed that the government has jurisdiction in this matter over that particular individual for that time. Specifically, before an individual can be charged and convicted with a crime, the government official or agency must prove jurisdiction.

83. This is seldom accomplished, and many individuals lose a case and even go to jail when no one has proved this legally essential issue.

84. No where this is more common than in Internal Revenue Service cases against so-called tax protesters. The IRS almost never attempts to prove jurisdiction. In fact, jurisdiction is almost never even addressed. If the individual is correct in his/her claims that he/she is not a taxpayer as defined in the Internal Revenue Code, then the IRS HAS NO JURISDICTION! With no jurisdiction come no case and no conviction! But to win, jurisdiction MUST be challenged by the individual, and if challenged successfully, the case is dismissed.

85. There are seven elements of jurisdiction, all of which must be proved by the prosecution if challenged. If not challenged, it will ALWAYS be assumed by the court that competent jurisdiction is proved and accepted by all parties.

86. If any element of the seven is not proved, the case must be dismissed. The normal process in a case against a so-called tax protester is to ignore the jurisdiction issue altogether, or else to challenge jurisdiction while at the same time conforming to procedures and requirements that assume jurisdiction. In other words, one cannot allege the IRS has no jurisdiction over one while at the same time one continues to file a Form 1040 each year.

87. In the very few IRS cases where jurisdiction is challenged, almost always the judge will proclaim jurisdiction from the bench. ["It is the opinion of this court that the prosecution has jurisdiction in this case, and exercises it regularly, almost every day. I don't think we need to go through all that today."] This is a total violation of law and accepted court procedures. But most federal judges won't let that stop them! But the one alleging jurisdiction must prove jurisdiction if jurisdiction is challenged. Usually the defendant charged with a crime is too intimidated or ignorant to successfully challenge a judge on this, but the judge MUST be challenged if he/she

proclaims that the prosecution (IRS) has jurisdiction in this case. If he/she is not successfully challenged, almost always the individual will lose the case.

88. One of the easiest and most common means of alleging jurisdiction on the part of the prosecution (IRS) is to refer to the accused as a "taxpayer." If that word is ever used in reference to the so-called tax protester," it MUST be immediately challenged. ["I object, your Honor. The prosecution has just labeled me a taxpayer. Whether or not I am a taxpayer is the very root issue in this case, and has not been proven by the prosecution. I respectfully request that the word 'taxpayer' be stricken from the record and that the prosecution be instructed to not use that word again until it has proven that I am indeed a taxpayer."] If the defendant does not challenge that word, and similar techniques used by the IRS, the judge will have legal justification to assume jurisdiction. Of course, if the defense has done its job, the issue of taxpayer and jurisdiction would already be established. The time to challenge jurisdiction is at the beginning of the trial, not at the end when it looks like the individual is about to lose. If jurisdiction is to be successfully challenged, it must be at the very beginning of the trial. To allow the trial to continue at all is to admit to jurisdiction. Below are the seven issues of jurisdiction in any and every court case. Remember, if any one of these seven are not proven beyond a reasonable doubt, the case cannot continue.

89. The accused must be properly identified; identified in such a fashion there is no room for mistaken identity. The individual must be singled out from all others; otherwise, anyone could be subject to arrest and trial without benefit of "wrong party" defense. Almost always the means of identification is a person's proper name, BUT, any means of identification is equally valid if said means differentiates the accused without doubt. (By the way, there is no

constitutionally valid requirement that you must identify yourself to the judge or to anyone.) For stop and identify issues (4th Amendment) see Brown v. Texas, 443 US 47 and Kolender v Lawson, 461 US 352.

90. The statute of offense must be identified by its proper or common name. A number is insufficient. Today, a citizen may stand in jeopardy of criminal sanctions for alleged violation of statutes, regulations, or even low-level bureaucratic orders (example: Colorado National Monument Superintendent's Orders regarding an unleashed dog, or a dog defecating on a trail). If a number were to be deemed sufficient, government could bring new and different charges at any time by alleging clerical error. ("I'm sorry, your Honor. I assumed that the regulation indicated by that number was a legitimate statute. My secretary must have made an error.") For any act to be triable as an offense, it must be declared to be a crime. Charges must negate any exception forming part of the statutory definition of an offense, by affirmative non-applicability. In other words, any charge must affirmatively negate any exception found in the law. Example of exception from a case where someone was on trial for Section 7203, Willful Failure to File(a Form 1040): "... thereof to make a return (other than a return required under authority of 6015)... Indictment or information is defective unless every fact which is an element in a prima facie case of guilt is stated. The assumption of an element is not lawful. Otherwise, the accused will not be thoroughly informed. 26 USC 6012 is a necessary element of the offense. Since 6012 isn't cited, the information is fatally defective. Additionally, the information did not negate the exception (other than required under authority of section 6015)." After reading 6012 and 6015, and knowing that the essential section 7203 elements are: A. Required to perform. B. Failed to perform. C. Failure was willful you may wish to ask, "how often is a valid Section 7203 indictment or other information or indictment brought? Very seldom. How many citizens have

been convicted on a fatally defective process? Perhaps thousands, all with the knowing or willing participation of a federal judge. It is the judge's job to assure that justice is accomplished. But the judge will almost always stop short of doing his/her job and wait until the defense takes the important steps. The fact that most defense attorneys don't know how to fight a case against the IRS doesn't seem to matter to the judges. Nor does it seem to matter to the judge

91. The acts of alleged offense must be described in non- prejudicial language and detail so as to enable a person of average intelligence to understand nature of charge (to enable preparation of defense); the actual act or acts constituting the offense complained of. The charge must not be described by parroting the statute; not by the language of same. The naming of the acts of the offense describes a specific offense whereas the verbiage of a statute describes only a general class of offense. Facts must be stated. Conclusions cannot be considered in the determination of probable cause.

92. The accuser must be named. He may be an officer or a third party. Some positively identifiable person (human being) must accuse. Some certain person must take responsibility for the making of the accusation, not an agency or an institution. This is the only valid means by which a citizen may begin to face his accuser. Also, the injured party (corpus delicti) must make the accusation. Hearsay evidence may not be provided. Anyone else testifying that he heard that another party was injured does not qualify as direct evidence.

93.. The accusation must be made under penalty of perjury. If perjury cannot reach the accuser, there is no accusation. Otherwise, anyone may accuse another falsely without risk.

94. To comply with the five elements above, that is for the accusation to be valid, the accused must be accorded due process. Accuser must have complied with law, procedure and form in bringing the charge. This includes court-determined probable cause, summons and notice procedure. If lawful process may be abrogated in placing a citizen in jeopardy, then any means may be utilized to deprive a man of his freedom. All political dissent may be stifled by utilization of defective process.

95. The court must be one of competent jurisdiction. To have valid process, the tribunal must be a creature of its constitution, in accord with the law of its creation, i.e. (article III judge).

96. Without the limiting factor of a court of competent jurisdiction, all citizens would be in jeopardy of loss of liberty being imposed at any bureaucrat's whim. It is conceivable that the procedure could devolve to one in which the accuser, the tier of facts, and the executioner would all be one and the same.

97. The first six elements above deal primarily with the issue of personal jurisdiction. The seventh element (also element #2) addresses subject matter and territorial jurisdiction. Subject matter jurisdiction is conferred by acts controlled by law; territorial jurisdiction attaches by venue of the parties in relation to the court and to any trans- jurisdictional acts and/or activities of the parties (extended territorial jurisdiction is conferred by controversial long-arm statutes).

98. Lacking any of the seven elements or portions thereof, (unless waived, intentionally or unintentionally) all designed to ensure against further prosecution (double jeopardy); to inform court of facts alleged for determination of sufficiency to support conviction, should one

41

be obtained. Otherwise, there is no lawful notice, and charge must be dismissed for failure to state an offense. Without lawful notice, there is no personal jurisdiction and all proceedings prior to filing of a proper trial document in compliance with the seven elements is void. A lawful act is always legal but many legal acts by government are often unlawful. Most bureaucrats lack elementary knowledge and incentive to comply with the mandates of constitutional due process. They will make mistakes. Numbers beyond count have been convicted without benefit of governmental adherence to these seven elements. Today, information's are being filed and prosecuted by "accepted practice" rather than due process of law.

99. See Corpus Juris Secundum (CJS), Volume 7, Section 4, Attorney & client: The attorney's first duty is to the courts and the public, not to the client, and wherever the duties to his client conflict with those he owes as an officer of the court in the administration of justice, the former must yield to the latter. Clients are also called "wards" of the court in regard to their relationship with their attorneys. After you have read the foregoing, ask your attorney to see a copy of "regarding Lawyer Discipline & other rules" Also Canons 1 through 9.

100. Corpus Juris Secundum assumes courts will operate in a lawful manner. If the accused makes this assumption, he may learn, to his detriment, through experience, that certain questions of law, including the question of personal jurisdiction, may never be raised and addressed, especially when the accused is represented by the bar. (Sometimes licensed counsel appears to take on the characteristics of a fox guarding the hen house.)

101. Jurisdiction, once challenged, is to be proven, not by the court, but by the party attempting to assert jurisdiction. The burden of proof of jurisdiction lies with the asserter. The court is only to rule on the sufficiency of the proof tendered. Se McNutt v. GMAC, 298 US 178. The origins of this doctrine of law may be found in Maxfield's Lessee v Levy, 4 US 308.97. Standing is the same wherever you go, the important elements are (1) the violation of a right; and (2) injury. The only "authority" one should need is to look at the <u>Declaration of Independence</u> for the only reason for the establishment of an American government:

102. "We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain unalienable Rights, that among these are Life, Liberty and the pursuit of Happiness. — That to secure these rights, Governments are instituted among Men, deriving their just powers from the consent of the governed..." (Emphasis mine)

103. This of course is repeated in "state" constitutions such as Arizona : "governments ... are established to protect and maintain individual rights." <u>Arizona constitution article II § 2.</u> This is why standing and jurisdiction must always involve a Plaintiffs rights.

104. However, static's, especially attorneys, are not interested in the plain truth. That is why they claim everything I write is taken out of context. An example is standing. This incredibly simple issue is intentionally complicated by attorneys whose money is made arguing. Attorneys will claim because I provide quotes and citations from civil cases, that standing and jurisdiction only applies to civil cases, not criminal cases. One attorney in Arizona, Paula Burgess, acting as a judge, told me with a straight face article II § 2 did not apply to criminal cases. In Ms. Burgess's opinion the criminal court system was either not created by the Arizona

constitution or is not a part of the government. It's absurd to claim standing and jurisdiction requirements do not apply in criminal cases.

[It's simple logic and common sense, juris doctorate not required:

(1) the government was established/ instituted for one purpose i.e., to secure/protect rights;

(2) the courts being a part of the government have the same singular purpose i.e., to secure/protect rights;

(3) the courts' jurisdiction has one purpose i.e., to secure/protect rights;

(4) Standing to invoke a court's jurisdiction requires the allegation a right is being violated.

. Standing applies in criminal cases. What attorneys probably don't like is it doesn't require a one-hundred thousand dollar education to know and understand it; all it requires is to know what the purpose of government is *supposed* to be. Maybe one of the reasons attorneys don't like this is that it's a threat to their monopoly.]

105. Let's examine the heinous crime called the "unauthorized practice of law", attorneys LOVE this. Their passionate enforcement is evidence enough (try to assist a friend in court and watch the attorneys come alive). In California it is "punishable by up to one year in a county jail or by a fine of up to one thousand dollars ($1000), or by both..." California Business and Professions Code § 6126(a).

106. Government has one purpose "governments ... are established to protect and maintain individual rights." Arizona constitution article II § 2. Whose rights am I accused of violating if I am accused of the "unauthorized practice of law" crime? If you have trouble identifying whose rights to life, liberty or property are violated, then don't despair because it violates no one's rights. It's the same if I am growing marijuana on my property; it violates no

44

one's rights and injures no one. I wonder how many attorneys would be out of work if the "drug war" ended tomorrow. Looks like a motive to me.

107 Remember, attorneys are part of the system, their <u>allegiance</u> is to that system because that system is where and how they get such high profits. *Anything* that would take away from their profits will be attacked. Therefore, anything that would take business away from the courts will be opposed by this aggression-drunk <u>cult</u>.

108 As designed by this cult, there will always be conflicting "precedents" and there are probably "opinions" out there that may appear to conflict, or actually conflict with, the cases I provide below. Do not let that discourage you, remember the cases I have cited are consistent with constitutions, enabling acts and the Declaration of Independence. When conflicting "opinions" are brought forth, and then take that as evidence that attorneys will say anything. It's one more reason not to give any credibility to an attorney.

109. Alabama: "Thus, although a certain section of Amendment III appears on its face to be discriminatory, because "plaintiff in this case alleged that he or she suffered an injury under this section, no case or controversy was ever presented to the trial court to invoke its jurisdiction…"

110. "To present a justifiable case or controversy, the individual plaintiff must have standing to sue; to have standing, the individual must allege an injury directly arising from or connected with the wrong alleged. The standing requirement applies whether the plaintiff sues individually or on behalf of a class." *Ex Parte Blue Cross & Blue Shield of Alabama* , 582 So2d 469, 474…

111. "When a party without standing purports to commence an action, the trial court acquires no subject matter jurisdiction. *Barshop v. Medina County Underground Water Conservation District*, 925 S.W.2d 618, 626...('standing is a necessary component of subject matter jurisdiction'). *See also Rames v. Bryd* , 521 US 811...('"standing is perhaps the most important of [the jurisdictional] doctrines'"); *National Organization for Women, Inc., v. Scheidler* , 510 US 249...('standing represents a jurisdictional requirement which remains open to review at all stages of the litigation')...('standing is a jurisdictional prerequisite to every case and may be raised at any stage of the proceedings')..." Ex parte James, 836 So2d 813, 871, 872-873.

112. Alaska :  "Degree of injury required under interest-injury standing need not be great; an "identifiable trifle" is said to suffice to fight out a question of principal." Alaskans for a Common Language, Inc. v. Kritz, 3 P.3d 906 (Alaska 2000).

113. "State courts grant standing to any person who can show injury-in-fact." In re Dissolution of Marriage of Alaback, 997 P.2d 1181.

114. Arizona : "All political power is inherent in the people, and governments derive their just powers from the consent of the governed, and are established to protect and maintain individual rights." Arizona constitution article II § 2.

115 "In Sears, we denied standing to citizens seeking relief against the governor because they failed to plead and prove palpable injury personal to themselves." Bennet v. Napolitano, 81 P3d 311, 315.

116. "To gain standing to bring an action, a plaintiff must allege a distinct and palpable injury. *Warth v. Seldin*, 422 U.S. 490, 501." Sears v. Hull , 961 P.2d 1013, 1017 (1998).

117. "To gain standing to bring an action, a plaintiff must allege a distinct and palpable injury." Fernandez v. Takata Seat Belts, Inc., 108 P.3d 917.

118. California: "Without standing, there is no actual or justifiable controversy, and courts will not entertain such cases. (3 Witlen , Cal. Procedure (3rd ed. 1985) Actions § 44, pp 70-72.) "Typically … the standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." (*Allen v. Wright*, (1984) 468 U.S. 737, 752…Whether one has standing in a particular case generally revolved around the question whether that person has rights that may suffer some injury, actual or threatened." Clifford S. v. Superior Court, 45 Cal.Rptr.2d 333, 335.

119. Connecticut: "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy…" West Farms Mall, LLC v. West Hartford, 901 A.2d 649, 655-656 ( Conn. 2006).

120. "If a party is found to lack standing, the court is without subject matter jurisdiction to determine the cause…[A] court lacks discretion to consider the merits of a case over which it is without jurisdiction…" <u>Missionary Soc. v. Bd. of Pardons & Paroles</u>, 896 A.2d 809, 812 ( Conn. 2006).

121. "Once the question of subject matter jurisdiction has been raised, cognizance of it must be taken and the matter passed upon before [the court] can move one further step in the cause…We accordingly address this issue, the question is whether the person who standing is challenged is a proper party to request an adjudication of the issue…Standing requires no more than a colorable claim of injury; a [party] ordinarily establishes standing by allegations of injury." <u>Wesley v. Schaller Subaru, Inc.</u>, 893 A.2d 389, 397 ( Conn. 2006).

122. Colorado: "Properly understood the general principle is sound, for courts only adjudicate justiciable controversies… courts must look behind names that symbolize the parties to determine whether a justiciable case or controversy is presented." <u>Friedrichs v. Goldy</u>, 387 P.2d 274, 277 [quoting <u>United States v. Interstate Commerce Commission</u>, 337 U.S. 426 (1949)].

123. "The *Wimberly* standing inquiry requires a court to determine "(1) whether the plaintiff was injured in fact, [and] (2) whether the injury was to a legally protected right." *Wimberly*, 194 Colo. at 168…The first prong of the standing test is a constitutional requirement since the judicial power granted "by article VI of the Colorado constitution may be exercised only if an actual controversy exists, as demonstrated by real injury…The second standing requirement, that the injury be to a legally protected right…" <u>Maurer v. Young Life</u>, 779 P.2d 1317.

124. "Parties have standing if: (1) they have suffered an injury in fact; and (2) the harm is to a legally protected interest." Garhart ex rel. Tinsman v. Columbia/Hathone, LLC., 95 P.3d 571.

125. Delaware: "The party invoking the jurisdiction of a court bears the burden of establishing the elements of standing. The degree and manner of evidence that is required to establish standing varies as the successive of any litigation proceeds. At the pleading stage, general allegations of injury are sufficient to withstand a motion to dismiss…When a motion for summary judgment is filed however, the plaintiff can no longer rest on such "mere allegations." … The term "standing" refers to the right of a party to invoke the jurisdiction of a court to enforce a claim or to redress a grievance. Standing is a threshold question that must be answered by a court affirmatively to ensure that the litigation before the tribunal is a "case or controversy" that is appropriate for the exercise of the court's judicial powers. The issue of standing is concerned "only with the question of who is entitled to mount a legal challenge and not with the merits of the subject matter in controversy." To establish standing, a plaintiff must demonstrate first, that he or she sustained an "injury-in-fact"; and second, that the interests he or she seeks to be protected are within the zone of interests to be protected." Dover Hist. Soc. v. Dover Planning Com'n., 838 A.2d 1103, 1109-1110 ( Del.2003).

126. Florida: "A party has standing when he or she has a sufficient stake in a justiciable controversy. *Sierra Club v. Morton*, 405 U.S. 727, 731…To establish standing it must be shown that the party suffered injury in fact (economic or otherwise) for which relief is likely to be addressed. *See Warth v. Seldin* , 422 U.S. 490, 501…it may not be abstract, conjectural or hypothetical. *Allen v. Wright*, 468 U.S. 737, 791…" Peregard v. Cosmides, 663 So.2d 665, 668.

127. Hawaii: "Plaintiff without standing is not entitled to invoke a court's jurisdiction." Mottle v. Miyahira, 23 P.3d 716.

128. "Petitioner must satisfy all three prongs of the three-part "injury-in-fact" test to establish its standing." Sierra Club v. Hawai'I Tourism Authority ex rel Board of Directors, 59 P.3d 877.

[In this case, the majority decides as to the appeal of Appellant-Appellant Hui Kako'o Aina Ho'opulapula (Hui Kako'o) that "no" does not mean no, even in the face of an administrative rule that clearly does not provide for "reconsideration" of a denial. The effect of this approach is unjust, inasmuch as, based on the plain language of Hawai'i Administrative Rule (HAR) §13-1-29,[1] Hui Kako'o could not have had adequate notice that to preserve its right to judicial review under Hawai'i Revised Statutes (HRS) §91-14(a) (1993)[2] of the Hawai'i Administrative Procedure Act (HAPA), it was required to file a written petition for a contested case hearing, even after being denied that hearing and that its failure to do so now voids its appeal. I would hold, rather, that Hui Kako'o was not provided an adequate opportunity to establish its standing as allowed under the Hawai'i Constitution, article XII section 7, before Appellees-Appellees Board of Land and Natural Resources (BLNR) and Department of Land and Natural Resources (DLNR) and that the case should be remanded to BLNR to allow for such an opportunity.]

129. Idaho : "In *Miles v. Idaho Power Co*, 116 Idaho 635, 778 P.2d 757 (1989), the court stated three basic propositions concerning standing that guide our decision here: 1. "The doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have

adjudicated." 2. "[T]o satisfy the case or controversy requirement of standing, litigants generally must allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." Boundary Backpackers v. Boundary County , 913 P.2d 1141, 1145.

130. "Person wishing to invoke a court's jurisdiction must have standing…Doctrine of standing focuses on the party seeking relief and not on the issues the party wishes to have adjudicated…To satisfy the requirement of standing, the petitioners must allege or demonstrate an injury in fact and a substantial likelihood that the judicial relief requested will prevent or redress the claimed injury." Schneider v. Howe, 133 P.3d 1232.

131. Indiana: "Standing is a fundamental, threshold, constitutional issue that must be addressed by this, or any, court to determine if it should exercise jurisdiction in the particular case before it. The issue of standing focuses on whether the complaining party is the proper one to invoke the court's power. *Scott v. Randell*, 736 N.E.2d 308 (Ind.Ct.App. 2000)…To establish standing, therefore, a plaintiff must demonstrate a personal stake in the outcome of the lawsuit and that the injury is a result of the defendant's conduct [citation omitted]. If properly challenged, when a plaintiff fails to establish standing in the pleadings, the court must dismiss the complaint. Shulz v. State, 731 N.E.2d 1041. Moreover:

132. Although the Indiana constitution contains no "case or controversy" requirement, the federal limits on justiciability are instructing because the standing requirement under both federal and state constitutional law fulfills the same purpose; ensuring that the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. Id. at 1044. Under the federal test, to establish standing a plaintiff must allege a personal injury that is fairly

traceable to the defendant's allegedly unlawful conduct and is likely to be redressed by the requested relief. Id. citing *Allen v. Wright*, 768 U.S. 737..." Alexander v. PSB Lending Corp, 800 N.E.2d 984, 989.

133. Iowa: "In order for there to be a "right of action" or "cause of action," there must be a legal right in plaintiff corresponding duty on part of the defendant and attendant breach of that duty with resultant harm to plaintiff..." Giltner v. Stark, 252 N.W.2d 743.

134. "To have standing, complaining party must have specific, personal, and legal interest in the litigation and be injuriously affected." In re Marriage of Mitchell, 531 N.W.2d

135. "one should bear in mind the fundamental principal that courts are instituted to afford relief to persons whose rights have been invaded, or are threatened with invasion by the defendant's act or conduct..." Bowers v. Bailey, 21 N.W.2d 773, 776.

136. Maine: "The United States Supreme Court as stated that standing requires one who as suffered an injury to show that the injury in fact is fairly traceable to the challenged action and that such injury is likely to be redressed by the judicial relief sought. *Allen v. Wright*, 468 U.S. 737...We have previously held that to have standing a litigant must have suffered a particularized injury that is distinct from the harm suffered by the public at large...We have construed particularized injury as an injury resulting from an action adversely and directly affecting the party's property, pecuniary or personal rights. *New England Herald Dev. Group v. Town of Falmouth*, 521 A.2d 693, 695 ( Me. 1987)." Proctor v. County of Penobscot, 651 A.2d 355, 357.

137. You'll notice that the attorney for the County wrote: a plaintiff "generally must

assert his own legal rights and interest and cannot rest his claim to relief on the legal rights or interest of third parties."

138. "The requirement for standing that a party suffer an injury that is fairly traceable to the challenged action is met when a defendant's actions have adversely affected and directly affected the party's property, pecuniary or personal rights." Collins v. State, 750 A.2d 1257, 1260.

139. Maryland: "Properly understood the general principle is sound, for courts only adjudicate justiciable controversies... courts must look behind names that symbolize the parties to determine whether a justiciable case or controversy is presented." Blind Industries v. D.G.S., 808 A.2d 782, 784 ( Md. 2002) [quoting United States v. Interstate Commerce Commission, 337 U.S. 426 (1949)].

140. Michigan: "Standing relates to civil as well as criminal matters." People v. Smith, 360 N.W.2d 841, 844-845 ( Mich. 1984).

141. "In order to have standing, a party must have a legally protected interest that is in jeopardy of being adversely affected." In re Foster, 573 N.W.2d 324, 328.

142. "Plaintiff must assert his own legal rights and interests and cannot rest his claim to relief on legal rights or interests of third parties." Fieger v. Commissioner of Ins., 437 N.W.2d 271.

143. Minnesota: "OBJECT OF GOVERNMENT. Government is instituted for the security, benefit and protection of the people, in whom all political power is inherent, together

with the right to alter, modify or reform government whenever required by the public good." Minnesota constitution Article I § 1.

144. "A "cause of action" is a violation of a legal right." Halliwill v. Mutual Service Ca. Ins. Co., 100 N.W.2d 817.

145. "To have standing to bring claim, a person must have suffered some injury in fact as a result of the alleged actions." Epland v. Meade Ins. Agency Associates, 564 N.W.2d 203, 208 ( Minn. 1997).

146. Mississippi: "The United States Supreme Court has stated the concept of standing generally embraces "the general prohibition on a litigant raising another person's legal rights..." Mount v. Mount, 624 So2d. 997, 1001.

147. Montana : "We have previously stated that the following criteria must be satisfied to establish standing: (1) The complaining party must clearly allege past, present or threatened injury to a property or civil right; and (2) the alleged injury must be distinguishable from the injury to the public generally, but the injury need not be exclusive to the complaining party." Gryczan v. State, 942 P.2d 112, 118.

148. Nebraska: "To establish standing to bring suit it is necessary to show that party is in danger of sustaining direct injury as result of anticipated action..." First Federal Sav. & Loan Assn. of Lincoln v. Department of Banking, 192 N.W.2d 736.

149. New Hampshire: "In evaluating whether a party has standing to sue, we focus on

whether the plaintiff suffered a legal injury against which the law was designed to protect."
Roberts v. General Motors Corp., 643 A.2d 956, 958 (N.H. 1994).

150. New Jersey: "Standing in no way depends on the merits of the Plaintiffs contention, that particular conduct is illegal." Watkins v. Resorts Intern. Hotel & Casino, 591 A.2d 592, 601 (N.J. 1991).

151. "Normally, an individual will only be permitted to seek judicial vindication of his own rights." State v. Norflett, 337 A.2d 609.

152. "Standing requires only a substantial likelihood of some harm visited upon the plaintiff in the event of an unfavorable decision." In re Camden County , 790 A.2d 158.

153. Nevada: "To establish standing, Kirkpatrick must show that he suffered an injury in fact, that there is a causal connection between the injury and the conduct complained of, and that it is likely that the injury will be redressed by a favorable decision.[Footnote] Allen v. Wright, 468 U.S. 731, 751...See also Elley v. Stephens, 104 Nev. 413, 416, 760 P.2d 768, 770 (1998)." Kirkpatrick v.Dist. Ct., 43 P.3d 998, 1005 ( Nev. 2002).

154. North Dakota : "To have standing to bring action, plaintiff must have suffered some threatened or actual injury resulting from putatively illegal action, asserted harm must not be specialized grievances shared by all or large class of citizens." Trinity Medical Center v. North

Dakota Bd. of Nursing, 399 N.W.2d 835.

155. North Carolina: "constitutionally, a plaintiff can only have standing if it satisfies the "case or controversy" requirement of Article III of the Constitution of the United States . *See* *Linda R.S. v. Richard D.*, 410 US 614, 617…Under Supreme Court precedent, a plaintiff satisfies the Article III requirement if it meets a three-pronged test: (1) the plaintiff must have suffered "injury in fact'; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559…The plaintiff bears the burden of establishing these three elements. See *Burten v. Central Interstate URWC Comm'n.*, 23 F3d 208, 209 (8th Cir. 1994). Additionally, the Supreme Court as articulated three prudential limits on standing…lastly, the plaintiff must assert his own legal rights and interests, and cannot rest his claim on the legal rights of others [citing *Valley Forge v. Americans United*, 454 US 464, 474]. Transco v. Calco Enterprises, 511 S.E.2d 671, 678.

156. Ohio: "A plaintiff must show the injury to himself caused by the defendant, the injury having a remedy in law or equity. The injury need not be either large or economic, but it must be palable. *Warth* , 422 U.S. at 498…Finally, Plaintiffs injury cannot be merely speculative. A bare allegation that plaintiff fears that some injury will or may occur is insufficient to confer standing. *Los Angeles v. Lyons*, (1983), 461 U.S. 95, 103…" Tieman v. Univ. of Cincinnati , 712 N.E.2d 1258, 1267.

157. Pennsylvania: "The requirement of standing arises from the principal that judicial intervention is appropriate only when the underlying controversy is real and concrete." Pittsburg

Palisades Park, LLC v. Com., 888 A.2d 655.

158. "For standing purposes, a "direct interest" in the litigation requires a showing that the matter complained of caused harm to the party's interest...for standing purposes, an "immediate interest" in the outcome of the litigation involves the nature of the causal connection between the action complained of and the injury to the party challenging it." In re Hickson, 821 A.2d 1238.

159. "Standing is not conferred via a party's relationship to the proceedings, but is conferred by a direct connection to a substantive injury, and by a causal connection between the action complained of and the injury to the person challenging it." Com v. J.H., 759 A.2d 1269.

160. Rhode Island: "To have standing, the plaintiff must allege to the court's satisfaction that the challenged action has caused him injury in fact, economic or otherwise." McKenna v. Williams, 874 A.2d 217.

161. "Standing is not determined by whether injury caused by challenged action is substantial or insubstantial, but only whether there is some injury as opposed to no injury." Weybosset Hill Investments, LLC v. Rossi, 857 A.2d 231.

162. South Dakota: "Generally, for a litigant to have standing to bring an action before the court, litigant must show that he personally has suffered some actual or threatened injury as a result of putatively illegal conduct of defendant." Parsons v. South Dakota Lottery Com'n., 504 N.W.2d 593.

163. Tennessee: "First we must address the issue of standing, a judge-made doctrine based on the idea that '[a] court may and properly should refuse to entertain an action at the instance of one who rights have not been involved or infringed.' 59 AmJur.2d Parties § 30 (1987). In state law it parallels the constitutional restriction on federal court jurisdiction to "cases and controversies." U.S. Const. Art. 3 § 2. It has been said that no case or controversy is presented where the plaintiff lacks standing to sue. *Gilligan v. Morgan*, 413 U.S. 1..."In determining whether the plaintiff has a personal stake sufficient to confer standing, the focus should be on whether the complaining party has alleged an injury in fact, economic or otherwise..." Mayhew v. Wilder, 46 S.W.3rd 760, 767.

164. "In order to establish standing, a party must demonstrate three essential elements. *Metropolitan Air Research Testing Auth. Inc., v. Metropolitan Gov't of Nashville and Durston County*, 842 S.W.2d 611, 615...First, the party must demonstrate that it has suffered an injury which is 'distinct and palable,'...and not conjectural or hypothetical...Second, the party must establish a causal connection between the injury and the conduct of which he complains...Third, it must be likely that a favorable decision will redress the injury...These elements are indispensable to the Plaintiffs case, and must be supported by the same degree of evidence at each stage of litigation as other matters on which plaintiff bears the burden of proof. *Lujan*, 504 U.S. at 560..." Petty v. Daimler/Chrysler Corp., 91 S.W.3d 765.

165. Texas: "It is automatic that standing is the first prerequisite to maintaining a suit. *Hunt v. Bass*, 664 S.W.2d 323, 324...Persons have standing to sue if they can show that (1) they

have sustained some direct injury as a result of a wrongful act; (2) there is a direct relationship between their alleged injury and the claim sought to be adjudicated; (3) they have a personal stake in the controversy; (4) the challenged action as caused them an injury in fact, whether economic or otherwise...Because standing is a jurisdictional requirement, it may be addressed for the first time on appeal." Sierra Club v. Cedar Point Oil Co., 73 F3d 546, 555..."

166. "The Supreme Court held that because the named plaintiff was unable to allege and show that he personally had been injured by the defendant's actions, his lack of individual standing precluded the trial court's exercise of subject matter jurisdiction...The court explained that [o]ur state constitution contemplates, that plaintiffs seeking redress in the courts must first demonstrate standing. Because the Texas constitution requires the presence of a proper party to raise issues before the court, standing is a threshold inquiry regardless of whether the plaintiff brings an individual or class action." Polaris Industries, Inc. v. McDonald, 119 S.W.3d 331, 338, 339.

167. Utah: "An issue is "ripe" for adjudication only when it has sharpened into an actual or imminent clash of legal rights." Pett v. Autoliv ASP, Inc., 106 P.3d 705.`

168. Vermont : "courts must look behind names that symbolize the parties to determine whether a justiciable case or controversy is presented." State v. CNA Ins. Companies, 779 A.2d 662 (Vt 2001) [quoting United States v. Interstate Commerce Commission, 337 U.S. 426 (1949)].

169. "We examined, accordingly, the substance of the Plintiffs constitutional and civil rights claims, concluding that they implicated no legally protected right under the constitution. We affirmed, therefore, the trial court's dismissal both on lack of standing and on the merits." Daye v. State, 769 A.2d 630, 633 ( Vt. 2000).

170. "To satisfy the standing requirement, a plaintiff must show (1) injury-in-fact, (2) causation, and (3) redressability; thus, the plaintiff must allege a personal injury traceable to the defendant's conduct that the court can remedy..." Brigham v. State, 889 A.2d 715.

171. "The main standing requirement is that the plaintiff shows threat of injury to a protected interest." Blum v. Friedman, 782 A.2d 1204.

172. Washington: "All political power is inherent in the people, and governments derive their just powers from the consent of the governed, and are established to protect and maintain individual rights." Washington constitution article I § 1.

173. "The doctrine of standing prohibits a litigant from raising another's legal rights. Allen v. Wright, 468 US 737, 750-751." Huberman v. Public Power Supply System, 744 P.2d 1032, 1055.

174. "If a plaintiff lacks standing to bring a suit, courts lack jurisdiction to consider it."

High Tide Seafoods v. State, 725 P2d 411, 415 ( Wash. 1986).

175. Washington DC: "It is an elementary matter of jurisprudence that an individual must have standing in order to maintain an action. Basic to standing is the requirement that the individual be injured in fact by the conduct of the other party. See, e.g., *Lee v. District of Columbia Board of Appeals and Review*, 423 A.2d 210 (D.C. 1980). We find no injury to Burleson flowing from United's conduct. Burelson is without standing to maintain his action against United." Burelson v. United Title & Escrow Co. Inc., 484 A.2d 535, 537.

176. West Virginia: "It is well-recognized, and we now so hold, that [s]tanding…is comprised of three elements; first, the party…[attempting to establish standing] must have suffered an "injury-in-fact" – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent and not conjectural or hypothetical. Second, there must be a causal connection [between] the injury and the conduct forming the basis of the suit. Third, it must be likely that the injury will be redressed through a favorable decision of the court." Findley v. State Farm Mut. Auto. Ins. Co., 576 S.E.2d 807,821.

177. Wisconsin: "All men are born equally free and independent, and have certain inherent rights; among these are life, liberty, and the pursuit of happiness; to secure these rights, governments are instituted among men, deriving their just powers from the consent of the governed." Wisconsin constitution article I § 1 .

178. "Law of standing is to be construed liberally; where an actual injury is demonstrated, even a trifling interest may be sufficient to confer standing." Milwaukee Brewers Baseball Club v. Wisconsin Dept. of Health and Social Services, 387 N.W.2d 245.


## 13th cause of action - TITLE OF NOBILITY

179. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

180. Immunity is a Title of Nobility and is prohibited by the Constitution.
Clause 8: No Title of Nobility shall be granted by the United States: And no Person holding any Office of Profit or Trust under them, shall, without the Consent of the Congress, accept of any present, Emolument, Office, or Title, of any kind whatever, from any King, Prince, or foreign State.

181. The Supremacy Clause appears in Article VI of the United States Constitution. It establishes the Constitution, Federal Statutes, and U.S. treaties as "the supreme law of the land." The Constitution is the highest form of law in the American legal system. State judges are required to uphold it, even if state laws or Constitutions conflict with it

(1) Did the Judge commit perjury;

(2) Did the Judge obstruct justice;

(3) Did the Judge tamper with witnesses; and

(4) Did the Judge abuse the power of his office

182. Said motions and orders by Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith and Moyer. is violation of Article 1 Section 10 of the Constitution by having no jurisdiction or of subject matter .

183. All lawyers are automatically in the judicial branch of government, as they have the Unconstitutional TITLE OF NOBILITY (Article 1, Section 9 and 10), "Officer of the court."

[Prelude... Section 1461 of the IRS code -- with-holding agents made liable. Tax is imposed on aliens and foreign corporations, who had sources of income within the U.S. (which is D.C.). Green federal reserve notes come from D.C. so that makes me a foreign corporation or alien dealing with D.C.; doing business within and having a source of income from within. (The Following is a transcription of part of a speech by Mr. Howard Griswold, in 1994 and transcribed by John Roger Ball) ]

184. A Grant of a title of nobility, with all of the combined benefits and privileges attached, to the empty title of citizenship, originally laid upon the slaves of the civil war times, under the tern "negro" was created by congress in the fourteenth amendment. These benefits and privileges were later challenged in the 1883 civil rights cases with no mention of the title of nobility, but a question as to the benefits and privileges having been laid upon one group of people to the exclusion of the rest.

185. The decision of the Court at that time, that the privileges are not to be limited to one group only, prompted Congress to extend the benefits and privileges to all of society, through it's wholly and partly owned corporations.

186. The Constitution gave the government no authority to deal with me directly; but it didn't say that they couldn't set up a corporation, and have the corporation deal with you, representing itself to be an agency of the government. So that's what they did, that's why the fed is, circulating this commercial paper for them, as such.

187. Acceptance by the people of the aforementioned   privileges, and benefits, from congress monopoly corporations, for their necessary functions of life and business, constitute a liability to congress, and make the individual subject to the jurisdiction of the united states, as privileged citizens of the united states, under the federal civil rights jurisdiction under the fourteenth amendment.

188. This jurisdiction and all the laws under it are based on the unlawful title of nobility, and are thus not real laws at all but statutes, treated as though they are actual law.

189. This type of law is called colorable law.

190. The people who are a resident of the seat of government (District of Columbia) or any federal possession, enclave or fort, are without question within the constitutionally limited jurisdiction of the United States and congress in an at-law construction.

191. So if you live there, then you come under their laws, and you are liable for a tax.

192. The people, who are non-resident aliens of the District of Columbia, or any federal possession, enclave, or fort, etc., are not in any way subject to the jurisdiction of the United States Congress, unless they are effectively connected with a trade or business within the District

of Columbia, or any federal possession, enclave, fort, etc., in an at-law construction. So a non-resident alien, unless he makes a move to be connected with the District, is exempt.

193. The people who are non-resident aliens of Washington D.C., it's possessions, enclaves, forts, etc., (202) and accept any of the benefits or privileges, by doing business with any of the above mentioned government corporations, are effectively connected with a trade or business within the District of Columbia and subject to the jurisdiction of the United States and congress, in a colorable law jurisdiction.

194. So you see I put at law real law for the first two, which don't apply to anybody, today.

195. The only way it applies, is the trap your in. You're all in this trap, of being a non-resident of the District; but yet effectively connected for the taxable for a trade or business within the District, by dealing with their green commercial paper units.

196. Even though we're outside, they came from there, so the source was within the United States, the District of Columbia; so you're trapped.

197. Not to in any way limit the list of examples; but one most important example would be: To accept and use the green commercial paper documents of title from the federal reserve bank, Inc., which circulate as money, from the U.S. Treasury in the District of Columbia.

198. Banknotes, which circulate as money, are not real, are thus colorable, and the law which controls the use of said notes, is also colorable.

199. This colorable law is applied to any people who make themselves liable and subject to the jurisdiction of the United States, by accepting and using the commercial paper notes of the federal reserve Inc., and also apply to anything that the people acquired through the trading of said monopoly bank notes.

200. That includes the property you buy with it. It all comes back to the District of Columbia as property.

201. This colorable law is called the Federal common law, as expressed in the Erie Railroad v. Thompkin case of 1938.

202. And in that case, because the Supreme Court of the United States said, that because there is no substantive money in circulation, there is no general common law, and that from now on, because everything that is done in this country is done with negotiable instruments, the negotiable instrument laws will rule the court's decisions.

203. In other words, the courts at that time all became colorable, because negotiable instruments are colorable representations of real money, so the courts became colorable. If they're using the colorable law to rule their decisions, then they're colorable.

204. The negotiable instrument laws that they put into force replaced the money law, and when they did that, they replaced all common law. Now they gave you a way back to the common law, because they can't do these things. They had to give us a way back: UCC 1-103 gives us a way back to the real law; because they can't do that, but they did it.

205. As long as they can get away with it, by most people not having knowledge of it, they'll do stuff. And until you see the use they apply to it, in order to get out of the old law, and the reasoning behind it. This colorable law is called the federal common law, as expressed in the Erie v. Thompkins case of 1938; and has been codified as the Uniform Commercial Code; which has been accepted by all the states, and is the ruling decision law of all state and federal courts.

206. There are four court cases that say that the states must use the federal rules of decision, which is the Uniform Commercial Code, in the decision of their cases; which means they're operating under federal law. They are representing the federal money, even in the state courts.

207. The governments corporations have withheld the foregoing knowledge and pertinent information from the people who blindly do business of necessity with the corporate monopoly, in order to trick them into the acceptance, which is fraud in the factum, or in the essence, under section 3-305(2)(c) of the UCC.

208. This fraud in the essence, which leads to an agreement to do business with one or more of the government corporate monopolies, is what led the people into the liability and made them subject to the jurisdiction of the united states, and the incapacity of the title of nobility - called citizen of the united states.

209. You bought your land with my commercial paper, which I put out there for you to use as money, and I gave you a deed to use land that I already owned.

210. Then it's a lifetime deed. At the end of your life, it reverts back to me. It was called feudal property law in England, and that's the way it works. And basically, that's the way it works today!

## 14th cause of action - Executive Order 12731 of October 17, 1990

211. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

212. The Plaintiffs support Executive Order 12731 as example for known standards of ethical consideration by all federal employees having full knowledge of expectation of office prior to this action pending.

213. Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith and Moyer has violated the principles of ethical conduct for government officers and employees by not upholding there Constitutional oath and by acting on policy and administrative procedure.

### ]"PRINCIPLES OF ETHICAL CONDUCT FOR GOVERNMENT OFFICERS AND EMPLOYEES"

By virtue of the authority vested in me as President by the Constitution and the laws of the United States of America, and in order to establish fair and exacting standards of ethical conduct for all executive branch employess, it is hereby ordered that Executive Order 12674 of April 12, 1989, is henceforth modified to read as follows:

"EXECUTIVE ORDER

"

"principles of ethical conduct for government officers and employees

"By virtue of the authority vested in me as President by the Constitution and the laws of the United States of America, and in order to establish fair and exacting standards of ethical conduct for all executive branch employees, it is hereby ordered as follows:

"Part 1 -- PRINCIPLES OF ETHICAL CONDUCT

"Section 101.  Principles of Ethical Conduct. To ensure that every citizen can have complete confidence in the integrity of the Federal Government, each Federal employee shall respect and adhere to the fundamental principles of ethical service as implemented in regulations promulgated under sections 201 and 301 of this order:

"(a) Public service is a public trust, requiring employees to place loyalty to the Constitution, the laws, and ethical principles above private gain.

"(b) Employees shall not hold financial interests that conflict with the conscientious performance of duty.

"(c) Employees shall not engage in financial transactions using nonpublic Government information or allow the improper use of such information to further any private interest.

"(d) An employee shall not, except pursuant to such reasonable exceptions  as are provided by regulation, solicit or accept any gift or other item of monetary value from any person or entity seeking official action from, doing business with, or conducting activities  regulated by the employee's agency, or whose interests may be substantially affected by the performance or nonperformance of the employee's duties.

"(e) Employees shall put forth honest effort in the performance of their duties.

"(f) Employees shall make no unauthorized commitments or promises of any kind purporting to bind the Government.

"(g) Employees shall not use public office for private gain.

"(h) Employees shall act impartially and not give preferential treatment to any private organization or individual.

"(i) Employees shall protect and conserve Federal property and shall not use it for other than authorized activities.

"(j) Employees shall not engage in outside employment or activities ,including seeking or negotiating for employment, that conflict with official Government duties and responsibilities.

"(k) Employees shall disclose waste, fraud, abuse, and corruption to appropriate authorities.

"(l) Employees shall satisfy in good faith their obligations as citizens, including all just financial obligations, especially those-- such as Federal, State, or local taxes -- that are imposed by law.

"(m) Employees shall adhere to all laws and regulations that provide equal opportunity for all Americans regardless of race, color, religion, sex, national origin, age, or handicap.

"(n) Employees shall endeavor to avoid any actions creating the appearance that they are violating the law or the ethical standards promulgated pursuant to this order.

"Sec. 102. Limitations on Outside Earned Income.

"(a) No employee who is appointed by the President to a full-time noncareer position in the executive branch (including full-time noncareer employees in the White House Office, the Office of Policy Development, and the Office of Cabinet Affairs), shall receive any earned income for any outside employment or activity performed during that Presidential appointment.

"(b) The prohibition set forth in subsection (a) shall not apply to any full-time noncareer employees employed pursuant to 3 U.S.C. 105 and 3 U.S.C. 107(a) at salaries below the minimum rate of basic pay then paid for GS-9 of the General Schedule. Any outside employment must comply with relevant agency standards of conduct, including any requirements for approval of outside employment.

"PART II -- OFFICE OF GOVERNMENT ETHICS AUTHORITY

"Sec. 201. The Office of Government Ethics. The Office of Government Ethics shall be responsible for administering this order by:

"(a) Promulgating, in consultation with the Attorney General and the Office of Personnel Management, regulations that establish a single, comprehensive, and clear set of executive-branch standards of conduct that shall be objective, reasonable, and enforceable.

"(b) Developing, disseminating, and periodically updating an ethics manual for employees of the executive branch describing the applicable statutes, rules, decisions, and policies.

"(c) Promulgating, with the concurrence of the Attorney General, regulations interpreting the provisions of the post-employment statute, section 207 of title 18, United States Code; the general conflict-of-interest statute, section 208 of title 18, United States Code; and the statute prohibiting supplementation of salaries, section 209 of title 18, United States Code. "(d) Promulgating, in consultation with the Attorney General and the Office of Personnel Management, regulations establishing a system of nonpublic (confidential) financial disclosure by executive branch employees to complement the system of public disclosure under the Ethics in Government Act of 1978. Such regulations shall include criteria to

70

guide agencies in determining which employees shall submit these reports.

"(e) Ensuring that any implementing regulations issued by agencies under this order are consistent with and promulgated in accordance with this order.

"Sec. 202. Executive Office of the President. In that the agencies within the Executive Office of the President (EOP) currently exercise functions that are not distinct and separate from each other within the meaning and for the purposes of section 207(e) of title 18, United States Code, those agencies shall be treated as one agency under section 207(c)of title 18, United States Code.

"PART III -- AGENCY RESPONSIBILITIES

"Sec. 301. Agency Responsibilities. Each agency head is directed to:

"(a) Supplement, as necessary and appropriate, the comprehensive executive branch-wide regulations of the Office of Government Ethics, with regulations of special applicability to the particular functions and activities of that agency. Any supplementary agency regulations shall be prepared as addenda to the branch-wide regulations and promulgated jointly with the Office of Government Ethics, at the agency's expense, for inclusion in Title 5 of the Code of Federal Regulations.

"(b) Ensure the review by all employees of this order and regulations promulgated pursuant to the order.

"(c) Coordinate with the Office of Government Ethics in developing annual agency ethics training plans. Such training shall include mandatory annual briefings on ethics and standards of conduct for all employees appointed by the President, all employees in the Executive Office of the President, all officials required to file public or nonpublic financial disclosure reports, all employees who are contracting officers and procurement officials, and any other employees designated by the agency head.

"(d) Where practicable, consult formally or informally with the Office of Government Ethics prior to granting any exemption under section 208 of title 18, United States Code, and provide the Director of the Office of Government Ethics a copy of any exemption granted.

"(e) Ensure that the rank, responsibilities, authority, staffing, and resources of the Designated Agency Ethics Official are sufficient to ensure the effectiveness of the agency ethics program. Support should include the provision of a separate budget line item for ethics activities, where practicable.

"PART IV -- DELEGATIONS OF AUTHORITY

"Sec. 401. Delegations to Agency Heads. Except in the case of the head of an agency, the authority of the President under sections 203(d), 205(e), and 208(b) of title 18, United States Code, to grant exemptions or approvals to individuals, is delegated to the head of the agency in

which an individual requiring an exemption or approval is employed or to which the individual (or the committee, commission, board, or similar group employing the individual) is attached for purposes of administration.

"Sec. 402. Delegations to the Counsel to the President.

"(a) Except as provided in section 401, the authority of the President under sections 203(d), 205(e), and 208(b) of title 18, United States Code, to grant exemptions or approvals for Presidential appointees to committees, commissions, boards, or similar groups established by the President is delegated to the Counsel to the President.

"(b) The authority of the President under sections 203(d), 205(e), and 208(b) of title 18, United States Code, to grant exemptions or approvals for individuals appointed pursuant to 3 U.S.C. 105 and 3 U.S.C. 107(a),is delegated to the Counsel to the President.

"Sec. 403. Delegation Regarding Civil Service. The Office of Personnel Management and the Office of Government Ethics, as appropriate, are delegated the authority vested in the President by 5 U.S.C. 7301 to establish general regulations for the implementation of this Executive order.

"PART V -- GENERAL PROVISIONS

"Sec. 501. Revocations. The following Executive orders are hereby revoked:

"(a) Executive Order No. 11222 of May 8, 1965.

"(b) Executive Order No. 12565 of September 25, 1986.

"Sec. 502. Savings Provisions.

"(a) All actions already taken by the President or by his delegates concerning matters affected by this order and in force when this order is issued, including any regulations issued under Executive Order 11222, Executive Order 12565, or statutory authority, shall, except as they are irreconcilable with the provisions of this order or terminate by operation of law or by Presidential action, remain in effect until properly amended, modified, or revoked pursuant to the authority conferred by this order or any regulations promulgated under this order. Notwithstanding anything in section 102 of this order, employees may carry out preexisting contractual obligations entered into before April 12, 1989.

"(b) Financial reports filed in confidence (pursuant to the authority of Executive Order No. 11222, 5 C.F.R. Part 735, and individual agency regulations) shall continue to be held in confidence.

"Sec. 503. Definitions. For purposes of this order, the term:

"(a) 'Contracting officers and procurement officials' means all such officers and officials as defined in the Office of Federal Procurement Policy Act Amendments of 1988.

"(b) 'Employee' means any officer or employee of an agency, including a special Government employee.

"(c) 'Agency' means any executive agency as defined in 5 U.S.C. 105, including any executive department as defined in 5 U.S.C. 101, Government corporation as defined in 5 U.S.C. 103, or an independent establishment in the executive branch as defined in 5 U.S.C. 104 (other than the General Accounting Office), and the United States Postal Service and Postal Rate Commission.

"(d) 'Head of an agency' means, in the case of an agency headed by more than one person, the chair or comparable member of such agency.

"(e) 'Special Government employee' means a special Government employee as defined in 18 U.S.C. 202(a).

"Sec. 504. Judicial Review. This order is intended only to improve the internal management of the executive branch and is not intended to create any right or benefit, substantive or procedural, enforceable at law by a party against the United States, its agencies, its officers, or any person.".

George Bush

The White House,
October 17, 1990.]


## 15th cause of action- Disqualification Based on Question of Partiality: Section 455(a)


214.    Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

[A. Standard for Applying

When Congress amended section 455(a), it made clear that judges should apply an objective standard in determining whether to recuse.]

215. Judge Downes, Kerns, Adams, Mullen, Smith and Moyer should have recluse themselves and not ask whether he or she believes he or she is capable of impartially presiding over the case by making themselves above of the Law. Court stated: Even if its claim ultimately has no merit, a party who brings a claim in good faith has a due process right to litigate that claim . . . . The order . . . sua sponte dismissing the case failed to give Andrews, Class, Class Dallas, and Spencer its due process rights to file a written response, present its arguments at a hearing, and amend its complaint."

216. The statute requires recusal in any case "in which [the judge's] impartiality might reasonably be questioned." Because of that language, every circuit has adopted some version of the "reasonable person" standard.5 7 5 4 . *Id.* at 1364.

217. The court also held that there was no appearance of a conflict of interest in violation of section 455(a). *Id.* at 1365. 5 5 . *Id.* at 1364.5 6 . 153 F.3d 520 (8th Cir. 1998). 5 7 . *See, e.g.,* United States v. DeTemple, 162 F.3d 279, 286 (4th Cir. 1998), *cert. denied,* 119 S. Ct. 1793 (1999); *In re* Hatcher, 150 F.3d 631, 637 (7th Cir.1998); Baldwin Hardware Corp. v. Franksu Enter. Corp., 78 F.3d 550, 557 (Fed.Cir. 1996); Blanche Rd. Corp. v. Bensalem Township, 57 F.3d 253, 266 (3d Cir.1995); United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992); Vieux Carre Prop. Owners v. Brown, 948 F.2d 1436, 1448 (5th Cir. 1991); *In re* Barry, 946 F.2d 913, 914 (D.C. Cir. 1991); United States v. Nelson, 922 F.2d 311, 319 (6th

*Recusal: Analysis of Case Law Under 28 U.S.C. §§ 455 & 144*

218. The Fourth Circuit has clarified that the hypothetical reasonable observer is not a judge, because judges, keenly aware of the obligation to decide matters impartially, "may regard asserted conflicts to be more innocuous than an outsider would." United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998), cert. denied,119 S. Ct. 1793 (1999).

219. At the same time, the hypothetical observer "is not a person unduly suspicious or concerned about a trivial risk that a judge may be biased." . Id.

220. The Fifth and Seventh Circuits have noted that while a judge must ask" how things appear to the well-informed, thoughtful observer rather than to a hypersensitive or unduly suspicious person," . In re Mason, 916 F.2d 384, 386 (7th Cir. 1990). See also United States v.Jordan, 49 F.3d 152, 156 (5th Cir. 1995); O'Regan v. Arbitration Forums, Inc.,246 F.3d 975, 988 (7th Cir. 2001).

221. An outside observer is "less inclined to credit judges' impartiality and mental discipline than the judiciary . . . .". Mason, 916 F.2d at 386; Jordan, 49 F.3d at 157.

222. The First, Fifth, Sixth, Tenth, and Eleventh Circuits have said that close questions should be decided in favor of recusal.. See Republic of Pan. v. American Tobacco Co., 217 F.3d 343, 347 (5th Cir. 2000) (citing In re Chevron, 121 F.3d 163, 165 (5th Cir. 1997)); In re United States, 158 F.3d 26, 30 (1st Cir. 1998); Nichols v. Alley, 71 F.3d 347, 352 (10th Cir. 1995); United States v. Dandy, 998 F.2d 1344, 1349 (6th Cir. 1993); United States v. Kelly, 888 F.2d 732, 744 (11th Cir. 1989).

223. The Seventh Circuit remarked that "[a] judge *may* decide close calls in favor of recusal." . New York City Hous. Dev. Corp. v. Hart, 796 F.2d 976, 980 (7th Cir.1986) (emphasis added).

224. However, most circuits have also said "there is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is.". Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987). *Accord* Nakell v.AG of N.C., 15 F.3d 319, 325 (4th Cir. 1994); *In re* Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988); Easley v. University of Mich. Bd. of Regents,

225. There is a second respect, apart from application of the reasonable person standard, in which the determination under section 455(a) is objective. The Supreme Court has held that a violation of section 455(a) takes place even if the judge is unaware of the circumstance that created the appearance of impropriety. In *Liljeberg v. Health Services Acquisition Corp.*, . 486 U.S. 847 (1988). ( what matters is not the reality of bias or prejudice but its appearance); United States v. Balistrieri, 779 F.2$^d$ 1191(7th Cit. 1985)(Section 455(a)) 'is directed against the appearance of partiality whether or not the judge is actually biased)("Section 455(a) of Judical Code, 28 U.S.C.§ 455(a), is not intended to protect litigants from actual bias in their judge but rather to promote public confidence in the impartiality of the judicial process.

226. trial judge was a member of the board of trustees of a university that had a financial interest in the litigation, but he was unaware of the financial interest when he conducted a bench

trial and ruled in the case. The court of appeals nevertheless vacated the judgment under Fed. R. Civ. P. 60(b) because the judge failed to recuse himself pursuant to section 455(a), and the Supreme Court agreed.

227. Noting that the purpose of section 455(a) is to promote public confidence in the integrity of the judicial process, the Court observed that such confidence "does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." . *Id.* at 860.

228. Courts of appeals have applied this principle in various circumstances.
The Seventh Circuit, for example, remanded a habeas case directing the judge to whom the case had been reassigned to provide the petitioner the opportunity to challenge the dismissal of four counts by the previously assigned district judge. That judge had ruled on the habeas petition without realizing that he, as a state court judge years earlier, had been on the panel whose decision was now challenged. Russell v. Lane, 890 F.2d 947 (7th Cir. 1989). *See also* E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1295 n.7 (9th Cir. 1992) (stating that district judge's lack of actual knowledge of his former firm's involvement in the litigationis irrelevant).

229. In *In re Continental Airlines*,6 8 the Fifth Circuit found a violation of section 455(a) where a law firm for one of the parties ap- 853 F.2d 1351, 1356 (6th Cir. 1988); Suson v. Zenith Radio Corp., 763 F.2d 304, 308–09 n.2 (7th Cir. 1985); Brody v. President & Fellows of Harvard College, 664 F.2d 10, 12 (1st Cir. 1981).6 8 . 901 F.2d 1259 (5th Cir. 1990).

230. Appearing before the judge was considering him for employment, even though he was unaware of it. Quoting from *Liljeberg*, the court explained that section 455(a) "does not call upon judges to perform the impossible." 6 9 . *Id.* at 1262.

231. To hold that § 455(a) was violated . . .does not mean that [the judge] was required to stand recused before discovering that he was being considered for employment. Rather, when an offer of employment was received the day after his approval of $700,000 in legal fees to the firm making the offer, [the judge] was 'required to take the steps necessary to maintain public confidence in the judiciary.'". *Id.* (quoting Liljeberg v. Health Servs. Corp., 486 U.S. 847, 861 (1988)).

232. In this case that meant "either . . .reject[ing] the offer outright, or, if he seriously desired to consider accepting the offer, stood  recused and vacated the rulings made shortly before the offer was made." . *Id.* at 1262–63. The court held, however, that the violation of section 455(a) constituted harmless error. *Id.* at 1263.

233. An Eighth Circuit case, *United States v. Tucker*, is noteworthy for the court's ruling on the standard for recusal. The Office of Independent Counsel (OIC) sought recusal of the district judge because of "reported connections among Judge Woods, the Clintons, and [defendant] Tucker, . *Tucker*, 78 F.3d at 1325 connections it chronicled with various newspaper articles. Although none of the articles directly connected the judge to the defendant, the Eighth Circuit ordered remand of the case to a different judge, noting the judge's connection . 78 F.3d 1313, 1324–25 (8th Cir. 1996).

234. The decision also involved the use of an unusual procedure for requesting recusal of the district judge. Instead of presenting the issue to the judge directly, the appellant presented the request for the first time on appeal. The court of appeals held that it was empowered, pursuant to 28 U.S.C. § 2106, to direct the entry of any order "as may be just under the circumstances," including the reassignment of the case to a different district judge where, under 28 U.S.C. § 455(a), the judge's "impartiality might reasonably be questioned." *Id.* at 1324. *See also* United States v. Microsoft Corp., 253 F.3d 34,109 (D.C. Cir. 2001) (In "a departure from [its] usual practice of declining to address issues raised for the first time on appeal," the D.C. Circuit considered Microsoft's request for disqualification of the trial judge since "the full extent of [the judge's] actions [were] not [] revealed until this case was on appeal."). *Id.* at108.

.

## 16th cause of action-18 USC 1964(a) "CIVIL RICO"

235. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

236. State Justice Institute, ("State Justice Institute" or 'enterprise') is a private non-profit corporation created by federal law within the District of Columbia is herein sued in its individual capacity.

237. State Justice Institute, ("State Justice Institute" or 'enterprise') by writing a letter or altering a interments insured by Congress instead of a motion to the court .They have violating the plaintiffs rights to due process of law by not following federal rules of civil produces ,mandates for the courts and violating any and all congressional mandates.

United State Code
TITLE 42 - THE PUBLIC HEALTH AND WELFARE
CHAPTER 113 - STATE JUSTICE INSTITUTE

*U.S. Code as of: 01/26/1998*

### Sec. 10703. Board of Directors

(a) Appointment and membership

(1) The Institute shall be supervised by a Board of Directors, consisting of eleven voting members to be appointed by the President, by and with the advice and consent of the Senate. The Board shall have both judicial and nonjudicial members, and shall, to the extent practicable, have a membership representing a variety of backgrounds and reflecting participation and interest in the administration of justice.

(2) The Board shall consist of -

(A) six judges, to be appointed in the manner provided in paragraph (3);

(B) one State court administrator, to be appointed in the manner provided in paragraph (3); and

(C) four members from the public sector, no more than two of whom shall be of the same political party, to be appointed in the manner provided in paragraph (4).

(3) The President shall appoint six judges and one State court administrator from a list of candidates submitted to the President by the Conference of Chief Justices. The Conference of Chief Justices shall submit a list of at least fourteen individuals, including judges and State court administrators, whom the Conference considers best qualified to serve on the Board. Whenever the term of any of the members of the Board described in subparagraphs (A) and (B) terminates and that member is not to be reappointed to a new term, and whenever a vacancy otherwise occurs among those members, the President shall appoint a new member from a list of three qualified individuals submitted to the President by the Conference of Chief Justices. The President may reject any list of individuals submitted by the Conference under this paragraph and, if such a list is so rejected, the President shall request the Conference to submit to him another list of qualified individuals. Prior to consulting with or submitting a list to the President, the Conference of Chief Justices shall obtain and consider the recommendations of all interested organizations and individuals concerned with the administration of justice and the objectives of this chapter. (4) In addition to those members appointed under paragraph (3), the President shall appoint four members from the public sector to serve on the Board. (5) The President shall make the initial appointments of members of the Board under this subsection within ninety days after October 1, 1985. In the case of any other appointment of a member, the President shall make the appointment not later than ninety days after the previous term expires or the vacancy occurs, as the case may be.  The Conference of Chief Justices shall submit lists of candidates under paragraph (3) in a timely manner so that the appointments can be made within the time periods specified in this paragraph. (6) The initial members of the Board of Directors shall be the incorporators of the Institute and shall determine the State in which the Institute is to be incorporated. (b) Term of office (1) Except as provided in paragraph (2), the term of each voting member of the Board shall be three years.  Each member of the Board shall continue to serve until the successor to such member has been appointed and qualified. (2) Five of the members first appointed by the President shall serve for a term of two years. Any member appointed to serve an unexpired term which has arisen by virtue of the death, disability, retirement, or

80

resignation of a member shall be appointed only for such unexpired term, but shall be eligible for reappointment. (3) The term of initial members shall commence from the date of the first meeting of the Board, and the term of each member other than an initial member shall commence from the date of termination of the preceding term. (c) Reappointment No member shall be reappointed to more than two consecutive terms immediately following such member's initial term. (d) Compensation; reimbursement for expenses Members of the Board shall serve without compensation, but shall be reimbursed for actual and necessary expenses incurred in the performance of their official duties.(e) Status of members of Board as officers and employees of United States The members of the Board shall not, by reason of such membership, be considered officers or employees of the United States. (f) Voting rights of Board members; quorum; action of Board on concurrence of majority. Each member of the Board shall be entitled to one vote. A simple majority of the membership shall constitute a quorum for the conduct of business. The Board shall act upon the concurrence of a simple majority of the membership present and voting. (g) Chairman; initial selection and term of office; subsequent annual election. The Board shall select from among the voting members of the Board a chairman, the first of whom shall serve for a term of three years. Thereafter, the Board shall annually elect a chairman from among its voting members. (h) Grounds for removal of members A member of the Board may be removed by a vote of seven members for malfeasance in office, persistent neglect of, or inability to discharge duties, or for any offense involving moral turpitude, but for no other cause.

(i) Quarterly meetings of Board; special meetings Regular meetings of the Board shall be held quarterly. Special meetings shall be held from time to time upon the call of the chairman, acting at his own discretion or pursuant to the petition of any seven members. (j) Open meetings All meetings of the Board, any executive committee of the Board and any council established in connection with this chapter, shall be open and subject to the requirements and provisions of section 552b of title 5 relating to open meetings. (k) Duties and functions of Board In its direction and supervision of the activities of the Institute, the Board shall -

(1) establish policies and develop such programs for the Institute that will further the achievement of its purpose and performance of its functions;

(2) establish policy and funding priorities and issue rules, regulations, guidelines, and instructions pursuant to such priorities;

(3) appoint and fix the duties of the Executive Director of the Institute, who shall serve at the pleasure of the Board and shall be a nonvoting ex officio member of the Board;

(4) present to other Government departments, agencies, an instrumentalities whose programs or activities relate to the administration of justice in the State judiciaries of the United States, the recommendations of the Institute for the improvement of such programs or activities;

(5) consider and recommend to both public and private agencies aspects of the operation of the State courts of the United States considered worthy of special study; and

(6) award grants and enter into cooperative agreements or contracts pursuant to section 10705(a) of this title.

238. 'Defendant persons' within 'enterprise' responsible for commerce and procedure

within the compact states. Chief Justice (ret.) Robert A. Miller (Chairman) Justice (ret.) Joseph

F. Baca (Vice Chairman) Sandra A. O'Connor (Secretary) Keith McNamara (Executive

Committee Member) Terrence B. Adamson  Robert N. Baldwin Carlos R. Garza Judge Sophia H. Hall Judge (ret.) Tommy Jewell Chief Justice (ret.) Arthur A. McGiverin participate in the operations of the enterprise State Justice Institute. A jury shall determine membership in the association, grants members, privileges including license to violate 18 USC 1961 and 18 USC 1962 with absolute impunity where only other enterprise members review member misconduct. *The common purpose of making money  support the enterprise element of a RICO claim.* United States v. Johnson, *430 F.3d 383, 391-92 (6th Cir. 2005)*

239. State Justice Institute is in violate 18 USC 1961 by instructing defendant judges to decide against plaintiff religious and political views by instructing them by there instruction on videos DVD .With instructing defendants to violate the plaintiffs constitutional due process rights by not sitting  in impartial. There are four categories of "predicate acts" set fourth under Rico statutes, the commission of which may trigger civil liability: crimes of violence, extorsion and obstruction of justice, crimes involving breach of fiduciary obligations, and crimes of commercial fraud. Generally makes it unlawful for a person to use an enterprise to launder money generated by a pattern of racketeering activity. *Lightening Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1188 (3d Cir. 1993).

### 17th cause of action-Pubic officer v. employee

240. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

241. All our defendant persons have a common beneficiary and have a vested interest in the federal program allotted to our offices. The vested interest take precedence over the Oath taken and protected rights of the Citizen. The federal programs allotted by the STATE JUSTICE INSTITUTE are released under a title code for public health and welfare not private use by the members of the judiciary AND IS BIAS AND PREJUDICIAL TO THE Plaintiffs.

242. This court shall take mandatory Judicial Notice that Public Officer and employee are in direct conflict with the lawful requirements for Public Officers. "Employee" denotes one who stands in a contractual relationship to his employer, a subordinate. An Employee Affidavit stands as proof of a master - servant relationship and as of the status of a **mere employee**. Only a public Officer is empowered and invested with a portion of sovereignty of the state, to wit:

243."There is a clear distinction between a public officer and a **public employee**, and a **public officer** as distinguished from a public employee, must be invested by law with a portion of the sovereignty of the state and authorized to exercise functions either of an executive, legislative or judicial character." **Francis v. Iowa E.S.C.,** 98 N.W.2d 733 (1959), 735, 736 , 250 Iowa 1300; **Aldin Independent School Dist. V. Standley,** 280 S.W.2d 578 (1955), 583, 585 , 154 Tex. 547; **State ex rel. Newman v. Skinner**, 191 N.E. 127 (1934), 128 , 128 Ohio St. 325, 93 A.L.R. 331.

244. This evidence of the Oath of Office and Employee Affidavit is evidence of the court cases of **Francis v. Iowa E.S.C.** 98 N.W.2d 733 (1959), **Aldin Independent School Dist. v. Standley** 280 S.W.2d 578 (1955) and **State ex rel. Newman v. Skinner** 191 N.E. 127 (1934)

245. This court shall take mandatory Judicial Notice of Section 3 of Article III of the Constitution of the United States , "Treason against the United States, shall consist only in levying War against them, or in adhering to their Enemies, giving them Aid and Comfort. No person shall be convicted of Treason unless on the testimony of two Witnesses to the same overt Act, or on Confession in open court."

246. And further this court shall take mandatory Judicial Notice of the USC Title 18 § 2381 on Treason, "Whoever, owing allegiance to the United States, levies war against them or adheres to their enemies, giving them aid and comfort within the United States or elsewhere, is guilty of treason and shall suffer death, or shall be imprisoned not less than five years and fines under this title but not less than $10,000, and shall be incapable of holding any office under the United States."

247. And further this court shall take mandatory Judicial Notice of USC Title 18 § 2382 Misprision of treason,

248."Whoever, owing allegiance to the United States and having knowledge of the commission of any treason against them, conceals and does not, as soon as may be, disclose and make known the same to the President or to some judge of the United States, or to the governor is guilty of misprision of treason and shall be fined under this title or imprisoned not more than seven years or both."

[And further in Blacks Fourth Edition Law Dictionary, we find the following:]

249.' Misprision of treason." The bare knowledge and concealment of an act of treason or treasonable plot by failing to disclose it to the appropriate officials, that is, without any assent or

participation therein, for if the latter elements be present the party becomes a principal." Black's Fourth Edition.

250. And further this court shall take mandatory Judicial Notice of USC Title 18 § 4 Misprision of felony, "Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years or, both."

251. Further this court shall take Judicial Notice of the case of **Ex parte Bollman**, 8 U.S. 75 (1807) arising under the Supreme Court of the United States . In this case, Chief Justice Marshall stated the following:

252.'Crimes so atrocious as those which have for their object the subversion by violence of those laws and those **institutions which have been ordained in order to secure the peace and happiness of society, are not to escape punishment, because they have not ripened into treason'**

253.The case can be made that any supreme court justice who would preside over a Conference of Chief Justices and Court Administrators, whose sole purpose was the formulation of a nation wide judicial policy for the un-Lawful profiling of private Citizens, exercising Rights reserved , was clearly committing acts of 14th Amendment rebellion and insurrection against the Lawful authority of We the People.

254. A DVD recording of the conference exist validates that the Conference was sponsored by a Grant from the State Justice Institute with Chief Justice Thomas J. Moyer presiding over the profiling with justices from several states on the panel.

255. The references that the panel used to justification 'Citizen Profiling' were liens placed against court office who failed to validate qualification of office, by concerned Citizens where the Public Office failed to have a Public Officials Bond.

256. The Profiling and jurisdiction to carry out the acts are outside the legislative authority of the states involved and have expanded form covering up corruption within the court system to wholesale suppression of Rights and Civil Liberties, regarding private citizens as 'enemy combatants' consistent with full authority of the War Powers Act or Patriot Act.

257. The states highest judicial authorities are condoning peonage and debt bondage, reserving to the members of the State Justice Institute a mandate to suppress the definition of 'state' and 'Political subdivision' allotted federal assistance and Grants from the United States Treasury.

258. Clearly neither the Chief Executive Officer of the State/Governor nor chief legislative officer of the state/Attorney General have authority to redefine party or plaintiff within Federal Rule civil Procedure within a states court system.

**18th cause of action -TITLE 18 242**

259. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

260. Defendants Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith, Moyer have mislead the plaintiffs by the presumption of the enactment clause of Congress and misleading without full disclosure of intent thereby making any contract void and with the misinterpretation of the presumption clause therefore operating on presumption instead of the Constitution and Bill of Rights.

### 19th cause of action -Denial of Counsel of Choice

261. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

262. The Bill of Rights includes, Counsel of choice in the 6th amendment.

263. Due Process is guaranteed by the both the 5th and the 14th amendments to the constitution.

264. Defendants Downes, Kerns, Adams, Mullen, Soper, Groom, & Smith have prevented or attempted to prevent the plaintiffs from self defense of their rights to life, liberty and pursuit of happiness by soliciting attorneys (Rule 28 USC 455) for they have an invested interest in the outcome of deliberate misrepresentation of the plaintiffs' claims.

### 20th cause of action- Infliction of Excessive and therefore Cruel and Unusual Punishment

265. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

266. Under the 8th Amendment, cruel and unusual punishment may not be applied against Plaintiffs.

267. Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CAN Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith & Moyer have Inflicted Excessive, Cruel and Unusual Punishment by denying due process by failing to uphold the integrity of their oath of office in open court.

268. Defendants have imposed just such cruel and unusual punishment upon Plaintiffs by the mental stress placed upon Plaintiffs as a result of Defendant's denial of Counsel of choice.

269. Under the 9th amendment to the constitution Plaintiffs right to counsel of choice is protected from encroachment by any individual or government body under the 10th amendment to the Constitution.

270. Plaintiff reserves all powers not specifically delegated to the Federal or State Government and he has not waived any of the rights aforementioned, which for the most part are natural rights, but which are also protected by the Constitution.

## 22nd cause of action-Infliction of Peonage and Involuntary Servitude

271. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

272. Under the 13th.Amendment to the Constitution Plaintiffs is protected against peonage and involuntary servitude, where the actions of Defendants appear to destine Plaintiffs.

273. Under the 14th amendment of the Constitution, Plaintiffs is protected under Title 18 USC, Sec. 241and 242 from the acts of Defendant's.

274. Defendant persons Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Andrews, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith & Moyer. They have perpetuated Infliction of Peonage and Involuntary Servitude by denying due process and remedy for the plaintiffs.

275. Defendant persons Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Andrews, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith & Moyer by being a party to the representative government in the appellate courts, are holding the American people under the presumption that an agreement that only requires author and acceptance is a contract, but in law it is not a contract. For a bona fide contract to be binding, it requires author, acceptance and lawful consideration. There basically have been no lawful consideration since 1933 to bind a contract, due to the bankruptcy of the United States and because of Federal Reserve Bank Notes are obligations, not assets which puts the plaintiffs in Peonage and Involuntary Servitude.

276. Government employees Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith & Moyer, including public officers, while on official duty representing the federal corporation called the United States, maintain the character of the entity they represent

and therefore have a legal domicile of the District of Columbia within the context of their official duties. There Code also reflects this fact in Kidnapping and transporting the legal identity of a plaintiffs domiciled outside the District of Columbia in a foreign state, which includes states of the Union, is illegal pursuant to 18 U.S.C. Â§1201. Therefore, the only people who can be legally and involuntarily kidnap by the courts based on the above provisions of statutory law are those who individually consent through private contract to act as public office in the execution of their official duties. The fiduciary duty of these public officials is further defined in the I.R.C. as follows, and it is *only* by an oath of public officials that this fiduciary duty can lawfully be created: We remind the court that there is *no liability statute within Subtitle A of the I.R.C.* that would create the duty documented above, and therefore the ONLY way it can be created is by the oath of office of the public official who are the subject of the tax in question not limit to due process violation of any breach to the Constitution or Bill of Rights

## 23rd cause of action -Person in Violation of Sherman Antitrust Act

277. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

278. Defendants, Under Color, Usage and Custom of California set forth in Article VI Sec.9 of the California constitution and made a part hereof as though stated in total herein, in their capacity of public ministers have denied plaintiff the unalienable right to counsel of Plaintiff own choice, Who may or may not be a member of an exclusive organization, which Organization may well be in Violation of the Sherman antitrust Act 25 USC 1, 2, 3,

279. Defendant Kerns Conspired in concert with other Defendants, Downes, Adams, Mullen, Soper, Groom, Chastain, Shappert, Andrews, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris , Smith, and Moyer acting outside their Lawful Duties, To bring to bear upon Plaintiff unconstitutional acts under Color, custom and Usage of State laws. U.S. District Court Judges, who act on behalf of The District, are immune from civil torts; that is, wrongs or breaches of duty imposed by law, because under bankruptcy they are members of an "independent judiciary," as distinguished from a true Article I, Section 8 Judge. They are also paid by the IMF controlled Treasury Department. They no longer take the Civil Service Commission Loyalty Oath.

280. Defendant Downes, Adams, Mullen, Soper, Groom, Chastain, Shappert,  Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris , Smith, and Moyer action are indirect Violation of Sherman Antitrust Act when they inferred with plaintiffs due process by interfering  as being Corporation unto themselves in are Court producers.

281. Defendants Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Andrews, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris Smith and Moyer knowingly and willfully acted outside the perimeters of their Lawful Duties.

282. Defendants Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, Abbott, Harris Smith and Moye violated their Oaths of office. They did so under Color, Custom and usage of Federal and State Law. Defendants acted Grossly, Willfully, Wantonly, Unlawfully, Carelessly, Recklessly, Negligently, Maliciously, purposefully,

Intentionally and Discriminatingly against Plaintiffs and did so taking advantage of Color, Custom and Usage of State Law and custom within a citizen's fear of State personal prosecuting good citizens for having stood up for their Natural rights protected by the U.S. constitution and the California State Constitution.

## 24th cause of action -Conspiracy. Overt Acts

283. Plaintiffs incorporate by this reference every other paragraph in this complaint in this case of action as though fully set forth herein.

284. Defendants conspired together and with others as yet unknown to Plaintiff to deprive him of his rights.

285. Overt acts committed by Defendants Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Andrews, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith and Moyer includes that complained of in above paragraph of this complaint.

286. Denying Plaintiff a right to counsel, are all in collusion with the State Legislative Branches of the 50 State of America.

287. Defendants Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Andrews, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith and Moyer relying on their own discretion and erroneous interpretation of the Supreme Law of the Land, Which is the Constitution and not any statute in conflict there

with issued or coursed to be issued order for plaintiff conspire with Defendants to subvert the constitution by excepting Titles of Nobility.

288. All these are contrary to Article 1, Sec. 10, of the Constitution.

289. Defendants Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Andrews, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith and Moyer deprived Plaintiff of their 9th and 10th Amendment rights, which protect them from Oath-breaking so-called "public servants" who wallow in the pubic trough while trampling upon Plaintiffs Constitutional Rights.

290. Said defendants Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith and Moyer, meanwhile attempt to impose totalitarian Socialism upon the People, although such a System is the Antithesis of the Constitution, That public servants and duly constituted Authorities are sworn to uphold

291. Defendants Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith and Moyer, have exceeded their jurisdiction.

292. Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith and Moyer, have abused their discretion by falling to show so jurisdiction and subject matter in the records against the plaintiffs.

293. Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith and Moyer, have acted outside the Lawful perimeters of their official duties when. The Judicial Branch is either embroiled in its own power grab through Judicial Legislation; or; Individual Judges of independent mind stand alone to be intimidated by the Executive abusers of the People who the Congress has failed to impeach.

294. Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith and Moyer, have Grossly, Willfully, wantonly,  Unlawfully, Carelessly, Recklessly, Negligently, Intentionally,  maliciously, Purposefully, and Discriminatingly Conspired to deprive Plaintiffs of their Constitutional rights and They have Refused, neglected or Failed to Protect Plaintiff from said Conspiracy although they have been a position to do so.

295. Defendant's action by   Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith and Moyer,  as heretofore complained of have caused harm and damage to Plaintiffs as plead..

296. Said acts have caused mental and physical suffering, insomnia, worry, financial insecurity, stress and strain in relationships, in their work, with their family, relatives and friends, Defendants activities have impaired Plaintiffs credit standing.

297. They have subjected them to public ridicule and embarrassment

**Denial of Due Process**

298. Plaintiffs is guaranteed Due process of Law by the 5th and 14th  Amendment of our U.S. Constitution. The complaint reveals that an actual controversy exists between the parties, the complaint states a cause of action for **declaratory relief**. *(California Alliance for Utility Education v. City of San Diego* (1997) 56 Cal.App.4th 1024, 1028.) Here, the complaint alleges that an actual controversy exists between the parties about the validity of the proposed initiative. Thus, the complaint states a cause of action for **declaratory relief**.

299. Fed.R.Crim.P. 7 states that an indictment must consist of a "plain, concise and definite written statement of the essential facts constituting the offense charged." The United States Supreme Court has held that the indictment is constitutionally sufficient if it contains the Elements of the offense charged, fairly informs the defendant of the charge against which he must defend, and enables him to plead an acquittal or conviction to bar subsequent prosecutions for the same offense.

.    300. The Plaintiff's have proven that Downes, Kerns, Adams, Mullen, Soper, Groom, Chastain, Shappert, Smith, Petro, CNA Surety, Westfield Insurance, STATE JUSTICE INSTITUTE, Abbott, Harris, Smith and Moyer, was required  by their oath to uphold the constitution. Has failed to uphold their oath by not granting due process, and the failure was willful.

301. Defendants Downes, Kerns, Adams, Smith and Moyer is in violation of the Due Process Clause of the U.S. Constitution United States v. Scluto,521 F.2d 842,845(7th Cir.1996) ("The right to a tribunal free from bias or prejudice is biased, not on section 144,but on the Due Process Clause)

302. Defendants Downes, Kerns, Adams, Smith when they issued orders after they had been disqualified by law and denied of plaintiffs property and my be being in the Federal Crime of Interference with interstate commerce and acting in his personal capacacity

## SOLE PRACTITIONER'S MANIFESTO

303. When in the course of human events it becomes necessary a group of lawyers to dissolve the political bands that have connected in all the Branch of the Government. Which is a Constitutional violation of the separation of powers granted, and to assume among the powers of the earth, the separate and equal station to which natural law entitles them, a decent respect for the opinions of mankind requires that they should declare the causes that impel them to separate.

## NATURAL LAW

304. Inalienable    rights include life, liberty, the pursuit of happiness, and the right to honestly earn a living - including the right to responsibly practice law. Oklahoma is a right to work state.

305. Governments are instituted among Men, deriving their just powers from the consent of the governed

306. Whenever any government becomes a master instead of a servant, it is the right of the people to alter it, restrain it, or to abolish it, in order to survive and achieve safety and happiness   . Prudence dictates that governments long established should not be changed for

96

light and transient causes; and accordingly lawyers (and other humans) are more disposed to suffer, while evils are sufferable, than to right themselves by abolishing the forms to which we are accustomed. But when a long train of abuses and usurpations, pursuing invariably the same object evinces a design to reduce them under absolute despotism, it is their right, it is their duty, to throw off such person organization, and to provide new guards for their future security.

## SUMMARY

There is no state bar court in all state mentioned herein. The state person pseudo court is unconstitutional. The all state constitution quite specifically enumerates the courts - and this state person pseudo court is not one of them. The all state Supreme Court is not authorized to create any courts whatsoever. The legislature may merely designate districts for municipal, appellate, and justice courts - but not a state person court. This prosecution by the state person pseudo court is a violation of Adams's right under color of state law.

## SUMMARY OF PLAINTIFFS TOP 10 AUTHORITIES

#1 case: Ross. 1983. Nevada Supreme Court. State bar declared unconstitutional.

#2 case: Gentile v State Person of Nev. 1991. U.S. Supreme Court. Prosecution must be dismissed because non-ABA provisions are facially vague.

#3 case: Marbury v Madison 1803. U.S. Supreme Court refused to issue writ of mandamus although they ostensibly had jurisdiction under federal statute; the statute gave jurisdiction contrary to the U.S. Constitution and the constitution must prevail over statute. Similarly the

creation and delegation of duties to the state person pseudo court violates the California constitution.

#4 case: Tumey. 1927. U.S. Supreme Court. Mayor cannot be judge where fines pay court expenses.

#5 case: Aetna. 1986. U.S. Supreme Court. Sets standard for bias of justices of state supreme court.

#6 case: Gibson. 1973. U.S. Supreme Court. Pervasive bias precludes abstention.

#7 case: Goldberg v Kelly. 1970. U.S. Supreme Court. General Due Process.

#8 case: Bell v Burson. 1972. U.S.Supreme Court. Due process in license suspension.

#9 case: Keller. 1990. U.S. Supreme Court.

#10 case: Flangas. 1981. 9th Circuit. Pervasive bias precludes Younger abstention.

## PRAYER

Wherefore The petition Plaintiffs in stating the facts and case law that the court has committed major errors in previous void orders and has proven beyond preponderance of the evidence that they are entitled to relief .The petitioners have also presented new evidence that there has been fraud committed upon the court by the officers of the court, therefore it has been shown that the petitioners could never receive due process under any circumstances. The petitioners moves that all of Downes, Kerns, Adams, Smith decisions, orders, and judgments be vacated sua sponte .The Petitioners also moves that they be granted an accelerated execution of

98

judgment by this court. . Any further relief as the Court may deem just and proper, and  That Plaintiff be awarded its costs of this suit.

## COMPENSATORY DAMAGES

307. Plaintiffs state injury for R.I.C.O. related cause of action, and have Nature and Cause to state a time period of abuse of Substantive Due Process constant with the formation of the State Justice Institute and the defendant persons whom represented that enterprise. An actual dollar amount would require this court to recognize the extent of the damages for peonage and debt bondage, taxpayer fraud and substantive due process violations for all Plaintiffs. Full damages can only be decided by a competent jury.

## EXEMPLARY DAMAGES

308. $75,000. per hour or $1.8 million a day for Substantive Due Process from each state person in their individual capacity and jointly for un-Lawful detainment, substantive Due Process Violations and peonage and debt bondage.

## INJUNCTIVE RELIEF

309. For the 8th cause of action regarding abuses of due process rights by Kerns we ask this District Court of Columbia to enjoin any suspension or dispensation of Plaintiffs by defendants pending conviction and until remedial measures are taken to prevent, rectify and halt violation of Plaintiffs rights.

310. Order and suspend the un-Lawful acts of Profiling that are in violation of the charter of the State Justice Institute, committed by the Conference of Chief Justices, Thomas J. Moyer.

311. Monitor and correct bias of natural Citizens.

312. Order return of trust funds taken without consent or through Color of Law and all federal allotted funds to states 'Political subdivisions'.

313. This Court has Constitutional jurisdiction to address relief for a Letter of Marque and Reprisal for denial or protected Rights and Civil Liberties by defendant persons. Relief sought is consistent with violation of the separation of powers defined Article I section 10, Obligation of Contract, labor/management. Constitutional Remedy is not available within the statutory states or corporate entity.

314. This court has original jurisdiction for relief sought for Articles of Impeachment within the several states for violations of Obligation of Contract within Article I section 10 United States Constitution. Denial of relief sought is consistent with Citizen Profiling defined by the Conference of Chief Justices.

315. Remedy is lacking within the several states for Recourse and Remedy for violation of the Obligation of Contract for liens on Public Officials Bonds within the state of Texas and the state of Ohio. The denial of a Remedy is consistent with the Citizen Profiling defined by the Conference of Chief Justices.

## DECLARATORY RELIEF

316.    That a declaratory judgment shall be issued stating that Plaintiffs Substantive Due Process Protective Rights and Civil Liberties have been violated.

317.    That this court give relief for the Substantive Due Process violation of Gale Smith who made a ruling lacking of Subject Matter Jurisdiction.

318.    Grant immediate Remedy, Recourse and Equitable relief to the 'Political subdivisions' allotted federal funding embezzled under the fictitious Plaintiff, THE STATE OF OKLAHOMA/OHIO/NORTH CAROLINA/TEXAS.

319.    Article I section 10 United States Constitution, Obligations of Contract, All defendant person's lacking qualification of Public Office, Oath and Public Officials Bond for public office, elected or appointed shall have office declared vacant.

320.    The court shall place a Public Officials lien on all personal property, accounts, real estate and pensions deemed to have been considered ill-gotten gains from abuses of public office against all positions elected or appointed defendant persons, with determination by jury of outcome.

321.    Any and all office declared vacant, elected or appointed defendant persons, shall have consideration of Eminent Domain as a 14th Amendment section four (4) Public Debt to restore public property as Remedy for abuses of public offices.

322.    A determination shall be made into the title as plaintiff used by defendant persons, THE STATE OF OKLAHOMA/OHIO/NORTH CAROLINA/ TEXAS and a notice shall be

served as to dispensation of allotted federal assistance allotted to the 'state' and 'Political subdivision'.

323.    All determination of Grant and federal assistance as provided by the STATE JUSTICE INSTITUTE to the fifty compact states shall be audited for intent and purpose with regard to original intent within Title 42 USC Chapter 113.

324. IF any fault shall be found within the audit of the STATE JUSTICE INSTITUTE, cause shall be sufficient to have a claim within the False Claims Act as part of this act pending.

325. That all offences by elected or appointed defendant persons be considered as having standing within the 14th Amendment section three (3) as 'civil or military' that the defendant person shall have committed the acts outlined within a Title 10 consideration of the Uniform Code of Military Justice for crimes under the War Powers Act and Patriot Act. Original jurisdiction is District of Columbia.

326. That the Plaintiffs shall have standing as victim of a crime with consideration as 'enemy combatants' for full compensation of all acts by the defendant persons. Substantive Due Process is consistent with the crimes committed by defendant persons.

327.    Any and all compensation to Plaintiffs for acts under color of law as 'enemy combatants' shall be a 14th Amendment section four, (4) Public Debt against the United States.

328. The Court shall have Nature and cause to investigate the murder of Massillon, Ohio police officer Eric Taylor and Don Mathews on an original complaint to Task Force office Rick Neal of the Texas City FBI. Un-Lawful warrants were issued as a means of suppression of

evidence by two Massillon, Ohio municipal court judges holding rank within the United States Navy and United States Air Force to federal agencies of the ATF and FBI.

329. Plaintiffs asks this court to declare that all state person employee pseudo judges have implicit bias in hearing cases regarding trust funds by virtue of the state defendant's person's receipt of interest on the funds.

330. Plaintiffs asks this court to declare the taking of trust fund interest by the defendant person to be a taking in violation of the 5th amendment - and unconstitutional.

331. Plaintiffs asks this court to declare a Substantive Due Process within the order of Downes 0n 7/26/06 from the state of Wyoming and Oklahoma on the same day same case. (Case number 06-CV-652 M)

332. Plaintiffs asks this court to declare a Substantive Due Process in the order entered 06/29/2006 doc. #4 and doc. #14 07/06/2006 (case number 06-CV-652 M)

333. Plaintiffs ask this court to declare a Substantive Due Process in the case number 06-CV-510 R (DOC# 35), defendant persons failed to respond to default in timely manner.

334. Plaintiffs asks this court to declare a Substantive Due Process violation in the case number 05-CV-110 HE were on Feb.22,2005  Defendant's Jerry  Andrews and Tracii Andrews admitted guilt.

335. Plaintiffs asks this court to declare a Substantive Due Process violation in the case number  06-6279 whenGroom Willfully misrepresentation is a violation of the McDade Act at 28 U.S.C. 530B,

336. Plaintiffs asks this court to declare a Substantive Due Process violation in the case number(case number 06-CV-652 M) Clerk's ENTRY OF DEFAULT and The Clerks Entry of Judgments as to Defendant Holloway(fp,) (Entered:07/14/2006}

337. Plaintiffs asks this court to declare a Substantive Due Process violation in the case number (case number 05-CV-110 HE) as ruled by Heaton to Lesley regarding plaintiff Irreparable injury occurs in those cases where the error in the ruling cannot, as a practical matter, be corrected on appeal after a trial on the merits. *Brown v. New Orleans Public Service Inc.,* 490 So.2d 271 (La. 1986)

338. Dwight Lee Class and Rodney Dale Class have Substantive Due Process violation already noted and tried in the state of Ohio. The extent of the injury against property, plaintiff, standing within the community and loss of income to give Nature and Cause for a Lawfully signed Letter of Marque and Reprisal to be issued as Remedy. As applied, the Letter of Marque and Reprisal is legal/Lawful issue, with notices of 'Fault' and 'Default' from the time of application, for failure of our Congressional agents in Ohio to respond, Bob Ney *was* one Defendant persons already convicted *and* failed agents. With the current attitude sponsored by the STATE JUSTICE INSTITUTE and the Conference of Chief Justices toward 'Constitutionalist', 'Common Law advocates', the 'Christian Right' or any other private Citizen named to act on the board for the State Justice Institute Corporation, we fear that with the condoned 'Profiling', that we could end up like police officer Eric Taylor or Don Mathews. We request of this court to honor the Letter of Marque and Reprisal for it's the Constitutional intent and Grant full Recourse and Remedy in Law and Equity by allowing a jury of our peers to act within there Rights to amend and abolish Government. A 14th Amendment section four (4)

104

Public Debt exist by section three (3) 'persons' within an area of land within the Northwest Territory known as Ohio. At issue is a Full Faith and Credit 'Obligation of Contract' within Article I section 10, United States Constitution v. 'at will employment' within the territory. *The controversy would determine the standing of a state/territory to collect federal assistance without qualification of public offices.*

## ATTORNEY FEES

339.  Plaintiffs requests award of attorney fees under all theories applicable.

340.   The unconstitutionality of the California State Person Act and Court, the involved rules and processes of the California attorney licensing system, the lack of subject matter jurisdiction, and the overriding issue of the absence of a competent state court to hear and determine constitutional issues concerning the State Person Association are issues deserving of the consideration and determination of a constitutional court of law in the Federal Court system.

Because these issues are fundamental, repeating, and causing irreparable harm they should receive high priority. If lawyers, the people responsible for order in society, cannot obtain justice for themselves, then we have a problem. Plaintiff's career is at stake - not because he damaged anybody - but because he has been held to an unfair standard and judged by an unfair tribunal. His fundamental rights are being trampled upon - his right to work, his reputation, and his property.

## VERIFICATION

I, Eddie L. Andrews, *Sui Juris*, hereby verify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of My current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See Supremacy Clause (Constitution, Laws and Treaties are the supreme Law of the Land).

I, Rodney Class, *Sui Juris*, hereby verify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of My current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See Supremacy Clause (Constitution, Laws and Treaties are the supreme Law of the Land).

I, Dwight D. Class, *Sui Juris*, hereby verify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of My current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See Supremacy Clause (Constitution, Laws and Treaties are the supreme Law of the Land).

I, Charles D. Spencer, *Sui Juris*, hereby verify, under penalty of perjury, under the laws of the United States of America, without the "United States" (federal government), that the above statement of facts and laws is true and correct, according to the best of My current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746(1). See Supremacy Clause (Constitution, Laws and Treaties are the supreme Law of the Land).

326.

**WE DEMAND A JURY TRIAL**

**Respectfully submitted**

L.S. _____
Eddie Andrews

L.S. _____
Rodney Dale Class

L.S. _____
Dwight Lee Class

L.S. _____
Kenny Dallas

L.S. _____
Charles D. Spencer, Sui Juris

STATE OF Oklahoma          INDIVIDUAL

ACKNOWLEDGMENT

COUNTY OF Tulsa

Before me, the undersigned, a Notary Public in and for said County and

State on this 9th day of Dec., 200 6, personally appeared

Eddie L Andrews

To me known to be the identical person who executed the within and

foregoing instrument and acknowledged to me that he executed the same as

his free and voluntary act.

Given under my hand and seal the day and year last above written.

My Commission expires: 2-17-09                                    Notary

Public

Prepared and submitted by:

STEPHANIE M. SPARKS
Notary Public in and for the
State of Oklahoma
Commission #05001741
My Commission expires 2/17/2009

Eddie L. Andrews

## CERTIFICATE OF SERVICE

We the People Plaintiff's, do hereby certify, that we have caused to be delivered to the Clerk of the Courts of the UNITED STATES DISTRICT COURT FOR THE DISTRICT OFCOLUMBIA

, a true, correct, certain and not misleading document, PLAINTIFFS FIRST AMENDED

COMPLAINT PERSUANT TO COURT ORDER 11/13/06 FOR TEMPORARY AND

PERMANENT INJUNCTIVE RELIEF AND   DECLARATORY RELIEF

to be serviced upon this court with a and to be serviced upon all named parties. By postage paid mail, Certified mailed to on this _____13_____ day of ___Dec_____, 2006 A.D.

DEFENDANT

William F. Downes, individual
2141 Joseph C. O'Mahoney Federal Bldg,
2120 Capitol Ave. Cheyenne, WY 82001

John R. Adams, individuals
510 United States Court House, Two S. Main St.
Akron, OH 44308-1813

Graham C. Mullen, individual
230 Charles R. Jonas Blvd
Charlotte, NC 28202

Linda K. Soper, individual
313 N. E. 21st St.
Oklahoma City, OK 73105-3498

Deborah J. Groom, individual
P.O. Box 1524
Ft Smith, AR 72902

John L. Chastain, individual
Administrative Office of the United States Court
Washington D.C. 20544

Gretchen C. F. Shappert, USA*
227 West Trade Street, Suite 1650
Charlotte, NC 28202

Tracii Joann Andrews, individual
Rt 1 Box 89A

Cheyenne, OK 73628

Cindy Smith, individual
233 West Fourth, Rom. 411
Tulsa, OK 74103

PLAINTIFFS FIRST AMENDED COMPLAINT PERSUANT TO COURT ORDER 11/13/06

FOR TEMPORARY AND PERMANENT INJUNCTIVE RELIEF AND   DECLARATORY

RELIEF to be serviced upon this and to be serviced upon all the falling named parties court with

a process server

State Justice Institute
1650 King St, Suite 600
Alexandria, VA 22314

Jim Petro, individual
Office of the Attorney General 30 E. Broad St
Columbus, OH 43215-3400

CNA Surety
Chicago-Home Office
333 South Wabash
41-South
Chicago, Illinois, 60604

Westfield Insurance
One Park Circle, P.O. Box 5001
Westfield Center, Ohio, 44251

Greg Abbott, individual
Office of Attorney General
300 W. 15th Street
Austin, Texas  78701

Melanie Leslie, individual
Department of human Services (DHS)
201 S. Main St.
 Altus, OK 73521-3129

Thomas J. Moyer, individual
Ohio supreme court
65 South Front Street
Columbus, Ohio  43215-3431

Joseph Harris, individual
2724 E 15th Street
Tulsa, OK 74104-4714

Gail Smith, individual
Rt 1 Box 89A
Cheyenne, OK 73628
Defendants

, to the last known address by way of United States Postal service mailing postage prepaid.

Eddie L. Andrews, 18349 Dentonville Rd Okmulgee, OK 74447 (918) 398-8369

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

CASES #1:06 cv 01900 ℞ ⁀

Eddie L. Andrews et. al
18349 Dentonville Rd
Okmulgee, OK 74447
918-398-8369

RELATOR

Vs
William F. Downes, individual et. al.
2141 Joseph C. O'Mahoney Federal Bldg,
2120 Capitol Ave. Cheyenne, WY 82001

Defendants

## BRIEF IN SUPPORT OF COMPLAINT FOR DAMAGES

1. The Common Law as we know it in America today had its roots in the Magna Charta of the year 1215. The Common Law, brought to America by the colonists, was the Supreme Law of the Land of America and was administered by Our One Supreme Court of the People, by the People and for the People.

2. Next came the Constitution for the united States of America dated September 17, 1787 which is still in effect and has never been declared void. Article I Section I states; "All legislative powers herein granted shall be vested in a congress of the United States, which shall consist of a Senate and House of Representatives." In Section 8 it states that Congress shall have power "To constitute tribunals inferior to the Supreme Court." The framers of the Constitution were without a doubt referring to a Supreme

Court of Common Law that was already established and active in America and undoubtedly intended its continuance in and for the united States of America.

3.The Constitution, having established that Our One Supreme Court already existed, provided for a legislative-appellate Supreme Court and inferior courts. It is clear that the Constitution was now setting up another set of Courts called legislative courts, referred to as inferior courts, meaning inferior to the existing Common Law Court, Our One Supreme Court.

4.Article I of the Constitution did then and there give congress the authority to set up legislative courts, inferior to Common Law courts. This is verified by Article VII of the Articles of Amendment to the Constitution wherein it guarantees that "In suits at Common Law, where the value in controversy shall exceed twenty dollars, the Right of Trial by Jury shall be preserved and no fact tried by A Jury shall otherwise be re-examined in any Court of the United States, than according to the Rules of the Common Law." This being established, could there be any doubt that the court of Common Law is "Supreme"?

5.This sets the Courts of Common Law separate and apart from legislative courts, such as the San Antonio Municipal Court, Bexar County Court, Texas Supreme Court, etc., obviously legislative appellate courts in that any case tried in said court(s) can be re-examined by action of appeal. This place these "courts" as one of the inferior courts referred to in Article I Section 8 of the Constitution for the united States of America.

6.Even though said court(s) may have been created by State Legislature(s), our National Constitution must rule.

7.Note the difference in a trial by Jury in Common Law as to a trial with a jury in today's legislated inferior courts. Judges in the inferior courts instruct the jury on what they will hear and what they will decide upon. There is no provision in Common Law for trial with a jury. In Common Law, with a trial by jury, the jury decides everything and tries the facts and the law.

8.The last words of the introduction or preamble to the Articles of the Northwest Ordinance of 1787, which has never been altered by common consent in any way or manner and presently remains in force, state; "It is hereby ordained and declared by the Authority aforesaid, that the following articles shall be considered as articles of the compact between the original states in said territory and shall forever remain unalterable, unless by common consent."

9.The compact agreement is a federal injunction and is forever unalterable either by legislative Congress and it's legislative supreme court and it's other inferior courts or the administration. It is protected by Article IV, Section 2, Part I of the Constitution for the united States of America which guarantees; "The citizens of each state shall be entitled to all privileges of citizens in the several states."

10.Article 2 of the compact agreement states, "The inhabitants of said territory shall always be entitled to the writ of Habeas Corpus, and of Trial By Jury, and of judicial proceedings according to the course of the Common Law."

11.Legislative law, statutory law, is in fact an extension of maritime law. The 1946 Administrative Procedures Act, Title 5 U.S.C., Section 559, at sentence 2, requires the Administrative Law to be in compliance with and in conformity to the Constitution for the united States of America and The Common Law with all its prohibitions,

restrictions, restraints and limitations imposed by its enumerated bounds (see Amendment 9) and boundaries.

12. The Maritime Code otherwise known as statutory law being administered in legislative inferior courts (as evidenced by the maritime gold braid flag in the courtroom) also acknowledges that "when brought inland beyond the High Water Mark, and/or the First Bridge of any Navigable River; they MUST be brought into compliance with and in conformity to the Constitution for the united States of America and subject to the Common Law." Saving to suitors, in all cases, the Right to a Common Law Remedy, where the Common Law is competent to give it, shall also have Exclusive Original (Jurisdiction) Cognizance of all seizures on land, or other waters than as aforesaid made, and of all suits for penalties and forfeitures incurred, under the laws of the United States [Government Incorporated] 1 Statute 77, Section 9(a);

*"Of all causes of admiralty and maritime jurisdiction; saving to suitors, in all cases, the Right of a Common Law Remedy, where the Common Law is competent to give it." 36 Statute 1161, Section 256, Part (3)."*

13. Thus being competent, Common Law is not extending in reverse of the high water mark and extending to the sea or the jurisdiction of maritime law or to exercise jurisdiction as stated under Article I Section 8 wherein it declares that the inferior tribunals will "exercise exclusive jurisdiction as prescribed by Congress over such district (not exceeding 10 miles square) as may, by cession of particular states and the acceptance of Congress, become the seat of Government of the United States, and to exercise like authority over all places purchased by the consent of the legislature of the state in which the same shall be for the erection of forts, magazines, dockyards, and other needful

4

buildings; and make all laws which shall be necessary and proper for carrying into execution the foregoing powers and all other powers vested by this Constitution in the government of the United States, or in any department thereof."

14. Legislative statutory courts themselves admitted the validity of the Common Law Court in Strauss v. Strauss, 3 So. 2nd 772 at 728 (1941) which states; "Every system of law known to civilized society generated from or had as its component, one of three well known systems of ethics: pagan, stoic, or Christian. The Common Law draws its subsistence from the latter. Its roots go deep into that system. The Christian concept of Right and Wrong and Justice motivates every rule of equity. It is the guide by which we dissolve domestic frictions and the rule by which all legal controversies are settled."

15. Whereas we learned that "The Law of the Land" means "The Common Law." State v. Simon, 2 Spears 761, at 767 (1884), Justice O'Neal speaking for the Court; Taylor v. Porter, 4 Hill, 140 at 146 (1843); Webster's definition of  "The Law of the Land" at Dartmouth, 4 Wheaton 518 at 581, 582.

16. In Wyly v. Collins, 9 Ga. 223, at 237 (1851) acknowledges the Common Law and the Holy Bible from which it came, which is the foundation of the Common Law, is our God given Constitutionally Secured Right. The 97th Congress declared the Holy Bible to be the Word of God by Joint Resolution, Public Law 97-280, 96 Stat. 1211.


## REMOVAL OF THE COMMON LAW FROM AMERICA

17. The People have knowledge that there are two distinct classes of Citizenship -- one retaining all birthrights, of a separate and equal station, being of Private status and Freeman Character and the other is a subject of and subordinate to the laws of the

DISTRICT OF COLUMBIA et al, and one of its subdivisions, known as the STATE OF TEXAS/STATE OF OKLAHOMA/STATE OF NORTH CAROLINA/STATE OF OHIO et al.

18.The New Deal Democracy, having amended the Trading with the Enemy Act of 1917 in 1933 with the intent to include the people of the united States of America as enemies of the Federal Government, has imposed War and Emergency Power upon the American People. Public officials perjure themselves as to their constitutional oath and pledge their allegiance to private corporations, known as the District of Columbia (United States), and the Federal Reserve, (the bank and the fund), their Principals and Agents. The STATE OF TEXAS STATE OF OKLAHOMA/STATE OF NORTH CAROLINA/STATE OF OHIO cannot act in a de jure capacity due to its having pledged its sovereignty and all the assets of the people of the STATE to the federal government for the unrevealed benefits of the Socialist New Deal Democracy, Public Trust, of the District of Columbia incorporated by Act of Congress in 1876 and its subdivisions in 1933 and many times thereafter.

19.The Courts of United States et al and the STATE OF TEXAS/STATE OF OKLAHOMA/STATE OF NORTH CAROLINA/STATE OF OHIO have left the constraints and restrictions of their Constitutional bounds by operating Admiralty/Maritime tribunals under the so called "Emergency" rather than "Courts of Law, Equity and Admiralty" as stated in our national Constitution. FRCP 2 which combines Law, Equity and Admiralty into one action called "Civil Action" being administered by said tribunals under Admiralty/Maritime jurisdiction has totally removed from the people their remedies in Law and/or Equity with specific intent of making

unlawful seizures, judgments, decrees and orders against the people for the purpose of taking of Private land, Private property and the God given and Constitutionally protected rights of the people. It is clear that the legislatively created courts of our land are operating under what is intended to be secret jurisdiction and secret law known only to the attorneys and judges. Replacing the "law of the land" with the "law of the sea", is clearly unlawful as purviewed by the contract between the people and the government, that contract being the Constitution for the united States of America.

20. The Courts of the United States et al and the STATE OF TEXAS/STATE OF OKLAHOMA/STATE OF NORTH CAROLINA/STATE OF OHIO have used their forcible entry, unlawful detainer, libel and slander, to deny the de jure People Due Process of Law, keeping the truth and knowledge of the Supreme Law of the Land (Constitution for the united States of America; Bill of Rights) from the People and the knowledge of what they have really given up insofar as their God-given rights and liberty versus their so-called government granted privileges and liberties and further have withheld evidence in order to support and defend their unlawful allegiance to the corporate U.S. of the District of Columbia.

21. The Courts of the United States et al and the STATE OF TEXAS/STATE OF OKLAHOMA/STATE OF NORTH CAROLINA/STATE OF OHIO have perpetrated a fraud upon the American People by using "secret law" and "secret jurisdiction". Said courts are a fiction at law and they bring the de jure people into their "secret jurisdiction" by attempting to make a natural person into a fiction at law by fictitious pleadings (i.e. putting their name in all capital letters and designating them as a "legally created entity")

7

while withholding the knowledge that a Private individual is not bound by fictitious pleadings.

22. The representative government and the appellate courts are holding the American People under the presumption that an agreement that only requires offer and acceptance is a contract, but in Law it is not a contract. For a bona fide contract to be binding, it requires offer, acceptance and lawful consideration. There basically has been no lawful consideration since 1933 to bind a contract, due to the bankruptcy of the United States and because Federal Reserve Bank Notes are obligations, not assets.

23.Finally, it is imperative to realize that the authority and powers of both the federal and state governments were delegated by the people. The People did not give up their authority and power; they merely delegated some aspects of it to the respective governments and retained what was not delegated (see Amendments 9 & 10 of our national Constitution). The People did not delegate to the governments the power to violate their substantive, God given, rights. To the contrary, the Bill of Rights specifically enumerates some of those rights so that the state and federal governments would know that they could not tread upon them. Yet, even those spelled out are being violated every day. More importantly, the People's right to the Common Law is specifically retained and protected by the Constitution for the united States of America. Therefore, under the Law of Necessity, the People are speaking, through the court of the People with its authority being derived from the Sovereignty of the People, the Common Law, the Constitution for the united States of America, the Declaration of Independence, and the Laws of our Creator. Public notice was given by publication without contestment of the re-establishment of Our One Supreme Court in Texas state for the purpose of

8

returning to the people their right to the remedies so clearly established by God's word and the hundreds of years of human history and the history of the Common Law.

**Respectfully submitted**

L.S. _Eddie L. Andrews_____
Eddie Andrews

L.S. _Rod D. Class_____
Rodney Dale Class

L.S. _Dwight Lee Class_____
Dwight Lee Class

L.S. _Kenny Dallas_____
Kenny Dallas

L.S. _Charles D. Spencer_____
Charles D. Spencer, Sui Juris

With reservation of all Birthrights not to be compelled to accept the unrevealed benefit of any implied contract, agreement, benefit nor presumption by silent judicial notice or otherwise.

**Verification**

In Witness, Whereof, knowing the law of bearing false witness before God and men I solemnly affirm, that I have read the annexed Brief in Support of the Complaint for Damages from Constitutional Violations dated the 12th day of the twelfth month, Nineteen-hundred Ninety-five; as amended on the Seventh day of the Sixth month, Two Thousand and six and know the contents thereof; that the same is true of my own knowledge, except as to the matters which are therein stated on my information or belief, and as to those matters, I believe them to be true.

Dated this 12th day of the twelfth month, in the year two thousand and six.

STATE OF_____            INDIVIDUAL ACKNOWLEDGMENT

COUNTY OF_____

## CERTIFICATE OF SERVICE

We the People Plaintiff's, do hereby certify, that we have caused to be delivered to the Clerk of the Courts of the UNITED STATES DISTRICT COURT FOR THE DISTRICT OFCOLUMBIA , a true, correct, certain and not misleading document, **Breif in support** to be serviced upon this court with a and to be serviced upon all named parties. By postage paid mail, Certified mailed to on this _____13_____ day of ___Dec_____, 2006 A.D.
 DEFENDANT

William F. Downes, individual
2141 Joseph C. O'Mahoney Federal Bldg,
2120 Capitol Ave. Cheyenne, WY 82001

John R. Adams, individuals
510 United States Court House, Two S. Main St.
Akron, OH 44308-1813

Graham C. Mullen, individual
230 Charles R. Jonas Blvd
Charlotte, NC 28202

Linda K. Soper, individual
313 N. E. 21st St.
Oklahoma City, OK 73105-3498

Deborah J. Groom, individual
P.O. Box 1524
Ft Smith, AR 72902

John L. Chastain, individual
Administrative Office of the United States Court
Washington D.C. 20544

Gretchen C. F. Shappert, USA*
227 West Trade Street, Suite 1650
Charlotte, NC 28202

Tracii Joann Andrews, individual
Rt 1 Box 89A
Cheyenne, OK 73628

Cindy Smith, individual
233 West Fourth, Rom. 411
Tulsa, OK 74103

**Brief in support** to be serviced upon this and to be serviced upon all the falling named parties court with a process server
State Justice Institute
1650 King St, Suite 600
Alexandria, VA 22314

Jim Petro, individual
Office of the Attorney General 30 E. Broad St
Columbus, OH 43215-3400

CNA Surety
Chicago-Home Office
333 South Wabash
41-South
Chicago, Illinois, 60604

Westfield Insurance
One Park Circle, P.O. Box 5001
Westfield Center, Ohio, 44251

Greg Abbott, individual
Office of Attorney General
300 W. 15th Street
Austin, Texas  78701

Melanie Leslie, individual
Department of human Services (DHS)
201 S. Main St.
Altus, OK 73521-3129

Thomas J. Moyer, individual
Ohio supreme court
65 South Front Street
Columbus, Ohio  43215-3431

Joseph Harris, individual
2724 E 15th Street
Tulsa, OK 74104-4714

Gail Smith, individual
Rt 1 Box 89A
Cheyenne, OK 73628
Defendants

, to the last known address by way of United States Postal service mailing postage prepaid.

Eddie L. Andrews, 18349 Dentonville Rd Okmulgee, OK 74447 (918) 398-8369

# Affidavit by Plaintiff's

We are private citizens within our respective states of Oklahoma, North Carolina, Texas and former Citizens and residents of Ohio. We have Nature and Cause to state a claim of injury within the elements of 18 USC 1961, 18 USC 1962, and 18 USC 1964(a) and TITLE 42 > CHAPTER 46 >Sec. 3795. - Misuse of Federal assistance

The qualifications have been met with consideration for 'defendant person', 'enterprise', 'interstate commerce', 'The Pattern in relatedness', 'Multiple Schemes', 'Wire and Mail Fraud', 'Extortion', 'Extortion Under Color of Right'.

1. The plaintiff's have common cause as taxpayers and electors to state a claim of injury and trespass regarding the intent and implementation of federal assistance to a class of individuals and organization already in public service, as Granted by the 42 USC § Chapter 113 STATE JUSTICE INSTITUTE.

2. There is a clear violation of the separation of powers between state and 'federal zones' and a clear violation of the separation of powers allowing members of the judiciary and court administrators to legislate policy between the several states judiciary agencies under pretext of a grant.

3. The mandate of the State Justice Institute to all state and federal courts clearly violates 'state Sovereignty' and the Rights of We the People to form, amend and abolish Government. 14th Amendment due process, Labor/management.

4. Plaintiff's can state with full record of facts as to injuries by the state judiciary within the several state, having separate and distinct Constitutions, of Substantive Due Process violation created by a common policy and court doctrine, not Law.

5. Independent contributing factors common to all claims is the un-authorized use of elements within the Highway Safety Act of 1966 specific to states use, the drivers registration program within the Department of Public Safety. The mandate allows for Citizen Profiling and other consideration NOT related to commerce or functions of state.

6. A Constitutional violation exist within the separation of state powers were the Chief Executive Office of Governor and the legislative office of the Attorney General have failed to respond to acts Ultra Vire by state employees within the judiciary for determination of court policy contrary to the Laws and acts of congress or the legislative authority within the state.

7. A substantive due Process violation exist within the several administrative courts for administration of enhanced policies within the War Powers Act and Patriot Act that have made private Citizens 'enemy combatants' regarding compelled performance, loss of private property, removal of children from homes and allotted federal funds and Grants to the 'Political subdivisions'.

8. The legitimate exercise of Government under color of Law is the abuse of the determination of 'Plaintiff' and recipient of allotted funds legislated by the judiciary and court administrators. THE STATE OF OKLAHOMA /OHIO/TEXAS/etc is not recognized within the state nor does the term have standing within a 'Political subdivision' recognized by the Congress for allotments to federal assistance or Grants. The administrative court are offices of We the People without property Right to employee.

9. Acts under color of Law where the judiciary have enhanced the War Powers Act and Patriot Act extend to public office and military commissions. The acts under color of law to enhance the intent of the War Powers Act against private Citizens has cause and effect on the office that abused the process, from a matter of state to a 14th Amendment section three (3)military Oath within the District of Columbia. The Constitution and Laws of state are repealed, with jurisdiction reserved to the district of Columbia. A 14th Amendment 'Public Debt'

# STATEMENT OF FACT

Facts in this claim are related to the actual/Lawful interstate commerce allotted by Congress to the recognized 'state' and 'political subdivision' and as allotted to the members of the state(s) judiciary as grants, donations and federal assistance by and through the corporation know

as the State Justice Institute. These latter grants are NOT retained by the state in the form of enacted Law nor are they processed through the state government or considered as Law by the attorney general. The act defining an enterprise goes to the violation within the mandate and the abuse of the programs within the sections, named within Title 42 USC Chapter 113 STATE JUSTICE INSTITUTE:

## THE ENTERPRISE

- **Sec. 10705. Grants and contracts**
- **Sec. 10706. Limitations on grants and contracts**
- **Sec. 10707. Restrictions on activities of the Institute**

Acts relevant to the defining of 'person' and who those persons are in these acts extends to the STATE JUSTICE INSTITUTE mandate:

The Institute is unique both in its mission and how it seeks to fulfill it. Only SJI has the authority to assist all State courts - criminal, civil, juvenile, family, and appellate - and the mandate to share the success of one State's innovations with every State court system as well as the Federal courts. Key areas of interest include court budgeting, court-media relations, access to the courts, intellectual and physical threats to courts, and the relationship between State and Federal courts.

The STATE JUSTICE INSTITUTE has allowed the members of the judiciary and court administrators to use a public office for the legislation of Law and for the formulation of 'Policies' as a mandate to all members of the judiciary in the enterprise. The process is a violation of the separation of powers granted to these offices where the offices of the court are maintained by a political subdivision and have limited administrative jurisdiction defined by Oath and Public Officials Bond.

- The mandate of the STATE JUSTICE INSTITUTE is the 'Enterprise' that extends to the judiciary and court administrators of all fifty states, the Title 42 act does not promote Public Health or Welfare to the general public. This Enterprise exceeds the authority granted to the individual states executive, legislative and judicial branch under the states Constitutions. Clearly violates the Rights of the people as electors to amend and abolish Government, define labor/management within civil service and Petition for Redress of

3

Grievances where Public Health and Welfare is defined under a policy set as part of a grant. The extent of public participation is limited to areas of rule and law defined by members of the judiciary and court administrators.

## EFFECTS RELATED TO COMMERCE

Under policies firmly established and funded by the mandate of the STATE JUSTICE INSTITUTE the Enterprise and individual defendant persons within the several arenas of state, 'Political subdivision' and federal courts have altered the instruments in Law signed into effect by the state Governor. The state offices of Governor and Attorney General clearly have a Constitutional Obligation to the electors for Constitutional checks and balances related to judicial offices and individual acts. The offices of the State office of Governor and Attorney General clearly have an Obligation to act on behalf of the public where Congress makes a distinction between a 'state' and 'Political subdivision' regarding federal Grants and allotments signed into effect by the executive state officer. The failure to act on behalf of the taxpayer and 'Political subdivision' is related to the effects in commerce within the 'Political subdivision' by the policies and procedures of the 'Enterprise' as carried out by the individual person(s).

- The 'Enterprise', by and through the mandate connection within the several states, has violated the Sovereignty and Constitution of the states collectively.
- The 'Enterprise' has exceeded the authority of the acts and Laws of Congress signed into effect for the state by the Governor and has exceeded the legislative authority granted to the attorney general by the electors of the state.
- Individual members of the state, municipal and federal judiciary have redefined the term party and 'Plaintiff' with regard to the recipient of federal assistance and allotted funds.

Recognized within all venue and jurisdictions of state and federal courts is a plaintiff not listed with the Secretary of State, state comptroller or statutory document section, THE STATE OF OKLAHOMA/THE STATE OF OHIO/THE STATE OF TEXAS. Neither the state Governor nor the Attorney General have authority to mandate a change to the qualification or party to a federal program or to redefine FRCP. The acts were committed by individuals from within the 'Enterprise' by defendant persons holding positions of trust as 'Fiduciary Trustees'.

4

Only by the co-operation of the Fiduciary Trustees, members of the judiciary and court administrators, through the Conference of Chief Justices and Court Administrators has the taxpayer fraud been allowed to flourish unabated. The coordination acts, mandated and funded by the STATE JUSTICE INSTUTUTE for the Conference of Chief Justices and Court Administrators has allowed the enterprise to raise the funds from the un-Lawful acts to qualify and satisfy the matching funds requirement. The funds were not only used to match the mandated requirements, the funds also are used to compensate offices deemed as 'at will employment' lacking in pension and retirement and qualification of Public Office.

### Sec. 10705. Grants and contracts

(d) Matching fund requirements
  The Institute shall incorporate in any grant, cooperative agreement, or contract awarded under this section in which a State or local court (or other unit of State or local government) is the recipient, the requirement that the recipient provide a match, from
private or public sources, not less than 50 per centum of the total cost of such grant, cooperative agreement, or contract, except that such requirement may be waived in exceptionally rare circumstances upon the approval of the chief justice of the highest court of the State and a majority of the Board of Directors.

### RELATEDNESS

Any and all acts related to the allotted 40% funding of allotted state funding are misappropriated by the use of a fictitious plaintiff/THE STATE OF XXXX and the debt created or court billing is reserved to the actual 'Political subdivision' and paid from the county or municipal tax base.

- The mandate requires ALL defendants to become wards of the court, to be *illegally* represented by counsel, the ward is denied substantive due process to challenge courts policy regarding 'Plaintiff' with loss of Political subdivision standing for allotted federal programs.

- The Relatedness goes to placing a lien as a means of debt collection against a Public Officials Bond, stating a claim regarding the qualification of an office by 'at will employees' and/or the qualification of public office by individuals lacking an Oath or Public Officials Bond as requirement of office.

- A DVD was made of The Conference of Chief Justices and Court Administrators outlining a policy for 'Profiling' individual Citizens whom have questioned the policies

5

and practices within the mandate created by the STATE JUSTICE INSTITUTE. Relatedness goes to the use of the states registration program within the Highway Safety Act of 1966 as a means of informing extraterritorial courts of records and acts by private Citizens for 'Profiling' under a mandated related to a policy. The extent of the fraud and political corruption has been filed and defined by Citizens within the federal state courts for act as color of law or a Civil Rights Act, determination have either been made within a state statute or the claim dismissed entirely, relatedness is denial of a claim under Color of Law.

- The relatedness goes to the fact that claims are being made against administrative courts of limited jurisdiction who have acted Ultra Vires to court procedure as a mandate not related to the Obligations of Office defined within the 'Political subdivision'.

- The continuity goes to the increase and Substantive Due Process violations by administrative courts of limited jurisdiction naming THE STATE OF XXXX as plaintiff for the qualification of funds from the Federal Treasury for prison related offences. Judicial decision contrary to commerce defined by Congress.

- The continuity goes to determination related to federal assistance programs and the mandate to embezzle and abuse the taxpayer by enhancing the definition of the War Powers Act to include private Citizens as enemy combatants without Rights or Civil Liberties. As wards of the court, the STATE determines the recipient of federal funds and the Nature and Cause of the alleged acts as a policy. Private Citizens are being Court Marshaled in courts of the United States and denied Due Process, jury trial from courts clearly acting Ultra Vires under a mandate.

- Proof of the fraud goes to the fact that only one branch of state Government operates and enforces policy under the enhanced determination of the War Powers Act or Patriot Act, the members of the judiciary. The multiple schemes and\the pattern is consistent with the wire fraud, municipal courts and Justice of the Peace Courts no longer hearing cases for municipality related traffic offences or moving violations, claims are made in the name of the STATE.    The state department of motor vehicles or the state equivalent to a department of public safety lists all alleged driver infractions through a state registry under the highway Safety Act of 1966. The driver's registration is also used to record alleged statutory violations, not related to commerce, for qualification and determination

of STATE driver's license. The drivers registration record clearly outlines the court, judge, alleged violation and related federal program along with civil acts not related to driver license. Wire fraud and mail fraud go hand in hand with taxpayer fraud and the False Claims Act/Qui Tam, court records are no longer a matter of venue and jurisdiction, they are enhanced the venue and jurisdiction to record a qualification for grant or federal assistance. The alleged court record is created in a court lacking Subject Matter Jurisdiction and continues up through the court system as a fraud.

- The extortion goes to the Substantive Due Process created by the mandate and carried out by the individual court officers against a private Citizen whom is considered an enemy combatant.

- The extortion goes to embezzling federal assistance for acts of compelled performance from 'Citizens' of a recognized 'Political subdivision', where those claims are not recognized by the acts and Laws of Congress as having standing related to or against private Citizens not engaged in commerce. All private citizens are considered 'enemy combatants' without Rights, under a mandate supported by a federal grant to members of the judiciary without supporting evidence or state Law to validate the claim.

**Relatedness in Law:**

- **23 CFR PART 1250 –**

  40% TO POLITICAL SUBDIVISION PARTICIPATION IN STATE HIGHWAY SAFETY PROGRAMS.

- **Title 23: Highways**

  PART 200—TITLE VI PROGRAM AND RELATED STATUTES—
  IMPLEMENTATION AND REVIEW PROCEDURES.
  **Authority:** Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d to 2000d–4; Title VIII of the Civil Rights Act of 1968, 42 U.S.C. 3601–3619; 42 U.S.C. 4601 to 4655; 23 U.S.C. 109(h); 23 U.S.C. 324.

- **Authority: 23 U.S.C. 402; delegation of authority at 49 C.F.R. §§ 1.48 and 1.50.**

  **1206.1 Scope**

  This part establishes procedures governing determinations to invoke the sanctions applicable to any State that does not comply with the highway safety program requirements in the Highway Safety Act of 1966, as amended (23 U.S.C. 402).

- US Attorneys > USAM > Title 4 > Civil Resource Manual

**210 Choice of Law**

Federal statutory law, enacted pursuant to constitutional authority, is clearly controlling over state statutory and decisional law. U.S. Const. Art. VI, cl. 2. Frequently, the federal law applicable in government litigation is decisional rather than statutory. See, e.g., Clearfield Trust Co. v. United States, supra; United States v. Little Lake Misere Land Co., 412 U.S. 580, 590-94 (1973); United States v. View Crest Garden Apartments, Inc., 268 F.2d 380 (9th Cir.), cert. denied, 361 U.S. 884 (1959). Thus, the rights of parties to government contracts and negotiable instruments are to be determined by federal rather than state law. See Clearfield Trust Co. v. United States, supra; United States v. Allegheny County, 322 U.S. 174 (1944); United States v. First National Bank of Atlanta, Ga., supra; cf. Free v. Bland, 369 U.S. 663 (1962). The rationale for this rule is found in the necessity for uniform construction and application of such contracts and instruments throughout the United States. See Clearfield Trust Co. v. United States, supra; T.H. Rogers Lumber Co. v. Apel, 468 F.2d 14 (10th Cir. 1972).

## EXTORTION UNDER COLOR OF OFFICIAL RIGHT

Extortion under Color of Official Right is consistent with the claims pending in as much as the STATE JUSTICE INSTITUTE has allotted grants and federal assistance and had a hand in coordinating state actors, all of whom have obligations as fiduciary trustee under local rules and customs within a 'state' or 'Political subdivision'.

- That these fiduciary trustees would then us the local office to uphold a mandate that was neither created by the Laws and acts of Congress or by acts of private Citizens upholding the obligations electors.

- That these mandate would be used to embezzle monies allotted by the Laws and acts of Congress to recognized 'political subdivisions' and the Citizens to whom the funds were entitled.

- These agents continue the un-Lawful acts under pretext of compelled performance, alleged code violations or as Citizen Profiling defined by the Conference of Chief Justices and Court Administrators, by a totally fictitious Plaintiff having continuity within the several states.

- That the funding would be used to support the several state and federal court whom have already made determination based on the mandate or policy set by the state supreme court for the discharge of cases.

- We the People, as Citizen are denied Substantive Due Process as enemy combatants, denial of trial by jury or held in un-Lawful detainment as a means to extort a plea, a court lacking Subject Matter Jurisdiction will hold a Citizens un-Lawfully. The acts under Color of Official Right upon this office is created by enhancement the Wars Powers Act and Patriot Act without legislative support or recognition by the several states. For the States/states to recognize judicial procedures under the Patriot Act, these Public Officials have also had a change within their official standing, 14th Amendment immunity and privilege has also been suspended Full Faith and Credit. These Public Offices have all failed to respond to the 14th Amendment section three (3) requirement of Oath and office as an Oath taken in the District of Columbia. The War Powers Act has enhanced the Oath and standing of all Federal and state court judges to one of a military Oath under the laws and acts of Congress under Title ten (10) of the Uniform Code of Military Justice within the District of Columbia. The state no longer has a say in the determinations related to Oaths under Title 10, the suspension of Laws within the state administrative courts to qualify a fictitious plaintiff for federal programs also goes to the states supreme courts judges in support of the fraud. All violations listed in this action now are to be considered within a recognized 'Federal Zone' where the acts mandated by the STATE JUSTICE INSTITUTE are now part of the violations and not defense within

9

Title 42 USC Chapter 113 STATE JUSTICE INSTITUTE. The acts committed are now measured against a Federal yard stick instead of a state ruler.

## TITLE 42 > CHAPTER 46 > Sec. 3795.
### Misuse of Federal assistance

Whoever embezzles, willfully misapplies, steals, or obtains by fraud or endeavors to embezzle, willfully misapply, steal, or obtain by fraud any funds, assets, or property which are the subject of a grant or contract or other form of assistance pursuant to this chapter, whether received directly or indirectly from the Office of Justice Programs, Bureau of Justice Assistance, the National Institute of Justice, the Bureau of Justice Statistics, or whoever receives, conceals, or retains such funds, assets or property with intent to convert such funds, assets or property to his use or gain, knowing such funds, assets, or property has been embezzled, willfully misapplied, stolen or obtained by fraud, shall be fined not more than $10,000 or imprisoned for not more than five years, or both

## CIVIL REMEDIES UNDER SECTION 1964

In every instant of relief sought before a state federal court, for acts under Color of Law or Official Right, relief was act suspended is a Citizens Remedy within Title 10 Uniform Code of Military Justice by a court of competent jurisdiction. While the Constitutional public office remained, the Constitutional position of the individual changed to align with the enactment of the War Powers Act and the Patriot Act into the Title 10 position within the same section three (3) of the 14th Amendment. The application of the codes for Remedy within a Federal Zone for determination was never allowed within the several states or as Remedy by the STATE JUSTICE INSTITUTE and officers. The extension of Remedy goes to a 14th Amendment section four (4) 'Public Debt' and taxpayer fraud within 42 USC § 3795. The Plaintiff's have Nature and Cause for Remedy without claim of immunity or privilege by defendants and the ability to state a claim within Eminent Domain for abuses of both public property and private property under Color of Law. That a fictitious public record once used to extort funds, legal aid, higher rates and poor credit rating will now be evidence and proof of the fraud. That the acts committed against the Plaintiff's are predatory in nature and scope, as a means of personal gain completely void of

Law and Due Process. That a real world consideration for acts committed within Title 10 and the Patriot Act should consider acts to over throw Government, Domestic Terrorism and seditious conspiracy. The actions clearly allow for a consideration of a public debt and restoration of public standing, Equitable Relief and Remedy to the Plaintiff's for predicated acts.

### Remedy sought and prayer for relief

1. The Federal District Court has a duty to order the dissolution of enterprises Determined to be in contravention of laws articulated at 18 USC 1961, 18 USC 1962, and 18 USC 1964(a).

2. The Federal District Court is empowered to order treble damages as remedial to the racketeering activities of "RICO" enterprises and their constituent members.

3. A jury's determination that the American Bar Association has engaged in a pattern of frauds rising to a level of racketeering requires this court's order to the American Bar Association to dissolve and cease operations.

4. A jury shall determination that the STATE JUSTICE INSITUTE has supported and funded members of the judiciary and court administrators by and through direct funding of Grants and federal assistance. The mandate within the several states was the 'enterprise' for purpose qualification and that the organizations in receipt of funding and grants was 'enterprise'. The individuals members of the judiciary who are exercising the policies in the name of the STATE JUSTICE INSTITUTE qualify as defendant persons', within 18 USC 1961, 18 USC 1962, and 18 USC 1964(a).

5. A jury shall determine that a Constitutional violation exist by 14th Amendment 'persons', and that the violation meets the requirements of 'enterprise' and 'Defendant person'. The jury shall find a violation exist in commerce as a state compact, substantive abuse of process, and for separation of powers granted between the several states and the state and federal Government. That these elements have combined to form a pattern of injury to the plaintiff's in Law and Equity.

### WE RESRVE THE RIGHT TO AMEND AND ALTER THIS ACTION

**Respectfully submitted**

L.S. _Eddie Z Andrews_____
     Eddie Andrews

L.S. _Rod O Class_____
     Rodney Dale Class

L.S. _Dwight Lee Class_____
     Dwight Lee Class

L.S. _Kenny Dallas_____
     Kenny Dallas

L.S. _Charles D Spencer_____
     Charles D. Spencer, Sui Juris

With reservation of all Birthrights not to be compelled to accept the unrevealed benefit of any implied contract, agreement, benefit nor presumption by silent judicial notice or otherwise.

**Verification**

In Witness, Whereof, knowing the law of bearing false witness before God and men I solemnly affirm, that I have read the annexed Brief in Support of the Complaint for Damages from Constitutional Violations dated the 12th day of the twelfth month, Nineteen-hundred Ninety-five; as amended on the Seventh day of the Sixth month, Two Thousand and six and know the contents thereof; that the same is true of my own knowledge, except as to the matters which are therein stated on my information or belief, and as to those matters, I believe them to be true.

Dated this 12th day of the twelfth month, in the year two thousand and six.

STATE OF _District of_          INDIVIDUAL ACKNOWLEDGMENT
COUNTY OF _Columbia_

Before me, the undersigned, a Notary Public in and for said County and State on this _12_ day of _Dec_, 200_6_, personally appeared _Eddie Andrews_
To me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My Commission expires: _6/30/09_    _Laura Nye_ Notary Public

Prepared and submitted by: _Eddie L Andrews_
                            Eddie L. Andrews

10

STATE OF _Oklahoma_          INDIVIDUAL

ACKNOWLEDGMENT

COUNTY OF _Tulsa_

    Before me, the undersigned, a Notary Public in and for said County and

State on this _9th_ day of _Dec_, 200 _6_ personally appeared

_Dwight Lee Class_

To me known to be the identical person who executed the within and

foregoing instrument and acknowledged to me that he executed the same as

his free and voluntary act.

    Given under my hand and seal the day and year last above written.

My Commission expires: _2-17-09_            _[signature]_ Notary

Public

STEPHANIE M. SPARKS
Notary Public in and for the
State of Oklahoma
Commission #05001741
My Commission expires 2/17/2009

Prepared and submitted by: _[signature]_

Dwight Lee Class

CASE NO. 06-6279

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

EDDIE L. ANDREWS
Plaintiff/Appellant

vs.

DAVID L. RUSSELL, ET AL.
Defendants/Appellees

RESPONSE BRIEF OF DEFENDANTS/APPELLEES JOE HEATON, et al.
(as stated on Page 1)

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA
CONSOLIDATED CASE NO. CIV-06-510-WFD AND CIV-06-652-WFD
HONORABLE WILLIAM F. DOWNES

ORAL ARGUMENT NOT REQUESTED

DEBORAH J. GROOM
Assistant United States Attorney
Post Office Box 1524
Fort Smith, Arkansas 72902
Telephone: (479) 783-5125, Fax: (479) 441-0569
Debbie.Groom@usdoj.gov
Attorney for Defendants/Appellees

December 8, 2006

*Exhibit A*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

BRIEF OF DEFENDANTS/APPELLEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRIOR OR RELATED APPEALS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE ISSUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT

      THE DISTRICT COURT HAD AUTHORITY AND
      PROPERLY DISMISSED ANDREWS' COMPLAINTS
      FOR FAILURE TO STATE A CLAIM . . . . . . . . . . . . . . . . . . . . . 7

      THE DISTRICT COURT DID NOT IMPROPERLY
      DENY ANDREWS JUDGMENT BY DEFAULT . . . . . . . . . . . . . 8

      THE DISTRICT COURT HAD AUTHORITY TO
      DISMISS THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

NECESSITY OF ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF DIGITAL SUBMISSIONS . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

i

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Andrews v. Andrews*, 160 Fed. Appx. 798 (10th Cir. 2005) . . . . . . . . . . . . . . . . . 3

*Brinkley v. Hassig*, 83 F.2d 351, 357 (10th Cir. 1936) . . . . . . . . . . . . . . . . . . . . 11

*Diamond v. Charles*, 476 U.S. 54, 64-65, 106 S.Ct 1697, 90 L.Ed.2d 48 (1986)  12

*GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) . . . . . . . . . . . . . . . . . . . 13

*Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) . . . . . . . . . . . . . . . . . . . . 13

*Liteky v. United States*, 510 U.S. 540, 554-56, 114 S.Ct. 1147, 127 L.Ed.2d, 474 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006) . . . . . . . . . . . . . . . . . . 7

*Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir. 1987) . . . . . . . . . . . . . . . . 13

*Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981) . . . . . . . . . . . . . . . . . . . . 12

*Pilla v. American Bar Ass'n*, 542 F.2d 56, 59 (8th Cir. 1976) . . . . . . . . . . . . . . 11

*Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) . . . . . . . . . . . . . . . . 12

*Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984) . . . . . . . . . . . . . . . . . . . 12

*Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000) . . . . . . . . . . . . . . . . 10, 11

ii

*Tapia-Ortiz v. Winter*, 185 F.3d 8, 10 (2d Cir. 1999) ....................... 11

*United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977) .............. 10

*United States v. Will*, 449 U.S. 200, 213, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980)  11

## STATE CASES

*Andrews, et al. v. Andrews, et al.*, CIV-05-110  ....................... 3, 4, 5

*Andrews v. Heaton*, CIV-06-510-WFD ........................ 2, 3, 4, 5, 6

*Andrews v. Russell*, CIV-06-652-WFD ........................... 2-6, 9, 12

## FEDERAL STATUTES

18 U.S.C. § 1961 ................................................. 11

28 U.S.C. § 1951(d) .............................................. 13

28 U.S.C. § 455(a) ............................................... 10

## FEDERAL RULES

Fed.R.Civ.P. 12(b)(6) ............................................ 13

IN THE UNITED STATES COURT OF APPEALS FOR
THE TENTH CIRCUIT

EDDIE L. ANDREWS,               )
                               )
            Plaintiff/Appellant, )
                               )
v.                             )
                               )
DAVID L. RUSSELL, et al.       )
                               )
            Defendants/Appellees. )

BRIEF OF DEFENDANTS/APPELLEES
JOE HEATON, JOHN PORFILIO, PAUL J. KELLY, CARLOS F. LUCERO,
TERRENCE L. O'BRIEN, TIMOTHY TYMKOVICH, WADE BRORBY,
ELISABETH A. SHUMAKER, D. WAYNE LEE, JANET WRIGHT, DAVID L.
RUSSELL, ROBIN CAUTHRON, TIMOTHY LEONARD, VICKI MILES-
LAGRANGE, STEPHEN P. FRIOT, RALPH G. THOMPSON, LEE R. WEST,
ROBERT D. DENNIS, LISA BOLES, DEBORAH STRUCK, DEANELL REECE
TACHA, WILLIAM J. HOLLOWAY, JR., ROBERT H. MCWILLIAMS,
MONROE G. MCKAY, STEPHANIE K. SEYMOUR, STEPHEN H.
ANDERSON, BOBBY R. BALDOCK, DAVID M. EBEL, ROBERT H. HENRY,
MARY BECK BRISCOE, MICHAEL R. MURPHY, HARRIS L. HARTZ,
MICHAEL W. MCCONNELL, DOUGLAS E. CRESSLER, RHONDA
REYNOLDS, DOYLE W. ARGO, BANA ROBERTS, GARY M. PURCELL,
VALERIE K. COUCH, ROBERT E. BACHARACH, RONALD L. HOWLAND,
AND SHON T. ERWIN

Defendants/Appellees, Joe Heaton, John Porfilio, Paul J. Kelly, Carlos F.

Lucero, Terrence L. O'Brien, Timothy Tymkovich, Wade Brorby, Elisabeth A.

Shumaker, D. Wayne Lee, Janet Wright, David L. Russell, Robin Cauthron,

Timothy Leonard, Vicki Miles-LaGrange, Stephen P. Friot, Ralph G. Thompson,

1

Lee R. West, Robert D. Dennis, Lisa Boles, Deborah Struck, Deanell Reece Tacha, William J. Holloway, Jr., Robert H. McWilliams, Monroe G. McKay, Stephanie K. Seymour, Stephen H. Anderson, Bobby R. Baldock, David M. Ebel, Robert H. Henry, Mary Beck Briscoe, Michael R. Murphy, Harris L. Hartz, Michael W. McConnell, Douglas E. Cressler, Rhonda Reynolds, Doyle W. Argo, Bana Roberts, Gary M. Purcell, Valerie K. Couch, Robert E. Bacharach, Ronald L. Howland, and Shon T. Erwin, respectfully submit this Brief in answer to the Brief of Plaintiff/Appellant, Eddie L. Andrews.

## PRIOR OR RELATED APPEALS

Appeal number 06-6215, appeal number 06-6279, and appeal number 06-6253 all arose from the consolidated case of CIV-06-510-WFD and CIV-06-652-WFD in the United States District Court for the Western District of Oklahoma. In addition, Andrews previously filed appeal numbers 05-6098 and 05-6102 in this Court. These appeals were dismissed on April 13, 2005 and March 25, 2005, respectively.

## STATEMENT OF THE ISSUE

Whether the district court properly dismissed Andrews' consolidated lawsuit on the grounds that it failed to state any claim upon which relief could be granted.

2

## STATEMENT OF THE CASE

Eddie L. Andrews filed suit in U. S. District Court, Western District of Oklahoma (WDOK), seeking to enjoin the state court in a proceeding involving foster care, and custody of children formerly in Mr. Andrews' care. *Andrews, et al. v. Jerry Andrews, et al,* CIV-05-510. U.S. District Court Judge Joe Heaton entered an Order Denying Injunction on March 8, 2005, in that case. Andrews appealed the Order, and the Tenth Circuit Court of Appeals affirmed. *Andrews v. Andrews,* 160 Fed. Appx. 798 (10th Cir. 2005) Civil case 05-110 was then dismissed by Judge Heaton on March 27, 2006, for failure to state a claim. *Andrews, et al. v. Jerry Andrews, et al,* CIV-05-110.

On May 10, 2006, Andrews filed another complaint in U.S. District Court, WDOK (CIV-06-510). He sued Judge Heaton due to the dismissal of CIV-05-110, as well as judges in the Tenth Circuit Court of Appeals after the Court affirmed the denial of the injunctive relief Andrews sought in CIV-05-110.

Civil case 06-510 was assigned to WDOK District Court Judge David L. Russell (Doc. 4). On May 17, 2006, Judge Russell entered an Order dismissing all claims against the federal court defendants.

Once again dissatisfied with the outcome of CIV-06-510, Andrews on June 16, 2006, filed a lawsuit styled *Eddie L. Andrews v. David L. Russell, et al.,* CIV-

3

06-652-M, this time naming every judge in the Tenth Circuit Court of Appeals, WDOK (District and Magistrate Judges), Court Clerks and court personnel (approximately 81 total summonses were issued). The two civil cases were consolidated. (Doc. 122)

Prior to the deadline for responses to be filed by the federal court officials, U.S. District Court Judge William F. Downes, sitting by designation, on July 26, 2006, entered an Order Dismissing Suit for Failure to State a Claim and Striking Plaintiff's Motion for Summary Judgment. It is from that Order dismissing CIV-06-510 and CIV-06-652 that Andrews brings this *pro se* appeal.

## STATEMENT OF THE FACTS

On January 31, 2005, Eddie L. Andrews filed *pro se* an action styled *Eddie L. Andrews, et a. v. Jerry Andrews, et al.*, CIV-05-110-HE, which named as defendants various family members, child welfare workers for the Oklahoma Department of Human Services, alleging claims relating to Andrews' children, grandchildren and violations of parental rights. The case was assigned to U.S. District Court Judge Joe Heaton who, on March 27, 2006, entered an Order dismissing the case. Andrews filed an appeal with the Tenth Circuit Court of Appeals.

4

Apparently dissatisfied with the outcome of CIV-05-110, on May 10, 2006, Andrews filed a civil action styled *Eddie L. Andrews v. Joe Heaton, et al.*, CIV-06-510, this time making claims against federal Judges and court clerk officials, including WDOK District Court Judge Heaton; Tenth Circuit Judges John C. Porfilio, Paul J. Kelly, Jr., Carlos F. Lucero, Terrence L. O'Brien, timothy Tymkovich, and Wade Brorby; Court Clerk for the Tenth Circuit, Elisabeth A. Shumaker; and Deputy Clerks for the WDOK, D. Wayne Lee and Janet Wright; and various state officials.

That case was assigned to WDOK District Court Judge David L. Russell who, on May 17, 2006, *sua sponte* entered an Order dismissing all claims against the federal court defendants.

Once again dissatisfied with the outcome of CIV-06-510, Andrews on June 16, 2006, filed a lawsuit styled *Eddie L. Andrews v. David L. Russell, et al.*, CIV-06-652-M, this time naming every judge in the Tenth Circuit Court of Appeals, WDOK (District and Magistrate Judges), Court Clerks and court personnel (approximately 81 summonses were issued).

Prior to the deadline for responses to be filed by the federal court officials, U.S. District Court Judge William F. Downes, sitting by designation, on July 26, 2006, entered an Order Dismissing Suit for Failure to State a Claim and Striking

5

Plaintiff's Motion for Summary Judgment. It is from that Order dismissing cases CIV-06-510-WFD and CIV-06-652-WFD, that Andrews brings this *pro se* appeal.

In his complaint, Andrews alleges criminal conduct for "uttering false documents" and "obstruction of justice" and "conspiracy" against District Court Judges Joe Heaton and David Russell. (CIV-06-652, Complaint ¶ 1-3) The only facts related to actions of these judicial defendants is that they entered orders dismissing Andrews' lawsuits in U.S. District Court.

The complaint alleges similar conduct by the Tenth Circuit Judges including John C. Porfilio. Again, the only conduct mentioned is that the Court of Appeals affirmed the district court orders. (CIV-06-652, Complaint ¶ 4).

The complaint similarly alleges misconduct by officers of the U.S. District Court Clerk and the Clerk of the Tenth Circuit Court of Appeals. Again, there are no facts to support these allegations.

The complaint attacks Richard W. Freeman, Jr., alleging he blocked lawful process. The only facts submitted, however, are that Mr. Freeman as attorney for certain state employee defendants filed pleadings with the district court. (CIV-06-652, Complaint ¶ 7)

6

Andrews seeks a jury determination of monetary damages, treble damages, and that defendants "cease and desist any association with the federal court system." (CIV-06-652 Complaint ¶ 12)

The District Court was correct in its ruling that Andrews' complaint failed to state a claim upon which relief can be granted.

## SUMMARY OF THE ARGUMENT

The District Court had authority and did properly dismiss Andrews' lawsuit because the complaints failed to state a claim for relief, were frivolous, and without factual or legal basis.

Andrews' argument that the federal defendants were in default in the district court cases is meritless. The 60 days accorded officers and employees of the United States to serve an answer had not passed at the time the case was dismissed for failure to state a claim.

## ARGUMENT

**THE DISTRICT COURT HAD AUTHORITY AND PROPERLY DISMISSED ANDREWS' COMPLAINTS FOR FAILURE TO STATE A CLAIM.**

### Standard of Review

A district court's dismissal of a complaint for failure to state a claim upon which relief can be granted is reviewed *de novo* by the appellate court. *Moore v.*

7

*Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006), citing *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

The sufficiency of a complaint is a question of law; therefore, the granting of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), is reviewed *de novo*. *Sutton*, supra at 1236, citing *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

### THE DISTRICT COURT DID NOT IMPROPERLY DENY ANDREWS JUDGMENT BY DEFAULT

Andrews argues that defendants Joe Heaton, John C. Porfilio, Paul J. Kelly, Jr., Carlos F. Lucero, Terrance L. O'Brien, Timothy Tymkovich, Wade Brorby, Elizabeth A. Shumaker, D. Wayne Lee, and Janet Wright were properly served and defaulted on the complaint, warranting Andrews judgment by default. (Appellant's Opening Brief, page 5). That allegation has absolutely no merit.

The named individuals are district court judges, Tenth Circuit Court of Appeals judges, Clerk of the Tenth Circuit Court of Appeals and deputy U.S. District Court clerks. All are officials and employees of the United States. Andrews' complaint alleges wrongful actions due to their duties as part of the federal judicial system. The complaint alludes to the fact these defendants are employees of the federal judicial system by his allegations they conspired to obstruct process of his lawsuits, and that he seeks relief that they "cease and

8

desist" from association with the federal court system. (Complaint ¶¶ 1-5, 8 and 12)

Rule 12 of the Federal Rules of Civil Procedure provides the time limits that defenses and objections are to be presented in response to service of a summons and complaint. The United States, an agency of the United States, or an officer or employee of the United States sued in an official or in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States shall serve an answer to the complaint within 60 days after service. Fed. R.Civ. P.12(a)(3)(A) and (B).

The complaint in case 06-510 was filed on May 10, 2006, and dismissed on May 17, 2006. The complaint in 06-652 was filed June 16, 2006. Service on the defendants, if any, would have occurred after the date the complaint was filed. Sixty days had not elapsed when the court dismissed the complaints. The federal judges and court clerks were never in default in these actions. Therefore, default judgment was never appropriate and the district court did not error by failure to enter default judgment.

9

## THE DISTRICT COURT HAD AUTHORITY TO DISMISS THE COMPLAINT.

Andrews next argues that the district court lacked authority to dismiss his complaint, and misapplied the law regarding judicial immunity. (Appellant's Opening Brief pps. 6 and 8)

As is evident from the history of this case, plaintiff has a practice of suing the judges assigned to his case, as well as attorneys who defend opposing parties. Judge Downes was designated to hear this case in the Western District of Oklahoma because most judges in the district were defendants. Judge Downes was also made a defendant, and declined to recuse himself. As stated in the July 26, 2006, Order:

> "A judge is not disqualified merely because a litigant sues or threatens to sue him." *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977). "Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their impartiality might reasonably be questioned. The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Switzer v. Berry,* 198 F.3d 1255, 1257 (10th Cir. 2000)(internal quotation omitted).

Courts have a duty to sit and hear cases and "Section 455(a) must not be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice. Moreover, the statute is not intended to give litigants a veto power over

10

sitting judges, or a vehicle for obtaining a judge of their choice." *United States v. Will,* 449 U.S. 200, 213, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980).

The District Court was correct to find that the "rule of necessity" is applicable in this case. Andrews filed frivolous lawsuits against the judge who dismissed his civil complaint. There would be no judges available if each judge so made a defendant, recused from the case. See *Pilla v. American Bar Ass'n,* 542 F.2d 56, 59 (8th Cir. 1976); *Brinkley v. Hassig,* 83 F.2d 351, 357 (10th Cir. 1936).

Courts have held that even where "possible to convene a disinterested panel in other circuits; under the rule of necessity neither the court nor the panel was disqualified." *Tapia-Ortiz v. Winter,* 185 F.3d 8, 10 (2d Cir. 1999) Litigants should not be able to obtain recusal by bringing meritless actions against judges. *Liteky v. United States,* 510 U.S. 540, 554-56, 114 S.Ct. 1147, 127 L.Ed.2d, 474 (1994); as cited in *Switzer v. Berry,* 198 F.3d, 1255 (10th Cir. 2000)

Andrews in his brief claims that his lawsuit brought in the WDOK "pled fraud with particularity and invoked the Court's subject matter jurisdiction by identifying a RICO enterprise affecting interstate commerce ..." (Opening Brief p.4) Andrews is mistaken. Under his theory "every federal district court judge who has dismissed a complaint for breach of 12(b)(C) where the complaint has cited a federal statute, has violated 18 U.S.C. § 1961 ..." (Opening Brief p.14)

11

Such allegation and theory is ridiculous. Anyone can file a complaint alleging violation of a statute. The standard is whether the plaintiff is able to prove any set of facts entitling the plaintiff to relief under the theory of recovery. *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002)

In making that determination, "[A]ll well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." (emphasis added) *Ruiz, supra* quoting *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984)

Here, the complaint fails to state any facts upon which relief can be granted. The facts are that judges at the district court level dismissed lawsuits, and appellate judges affirmed decisions on appeal. The balance of the complaint consists of "conclusatory allegations" that judges and court personnel "uttered false documents", "obstructed justice", "blocked lawful process", and conspired with each other to do so. (CIV-06-652, Complaint ¶¶ 1-8) These conclusory allegations are meritless and frivolous. Andrews has no right to litigate actions which are frivolous, harassing, abusive, or malicious. *See Phillips v. Carey*, 638 F.2d 207, 208 (10th Cir. 1981)

Further, because Andrews' allegations are based on alleged violations of federal criminal statutes, dismissal was appropriate. A private party has no authority to enforce federal criminal statutes. *See Diamond v. Charles*, 476 U.S.

12

54, 64-65, 106 S.Ct 1697, 90 L.Ed.2d 48 (1986), *Keenan v. McGrath* 328 F.2d

610, 611 (1st Cir. 1964); *Newcomb v. Ingle*, 827 F.2d 675, 677 n.1 (10th Cir.

1987)

The allegations in Andrews' complaints are meritless and frivolous. In

addition to the procedures for dismissal under Fed.R.Civ.P. 12(b)(6), courts can

dismiss frivolous complaints pursuant to 28 U.S.C. § 1951(d). *See Ketchum v.*

*Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) Dismissal of the complaints in this

matter was appropriate.

## CONCLUSION

For these reasons the District Court's dismissing Andrews' complaint

should be affirmed.

## NECESSITY OF ORAL ARGUMENT

Oral argument would not materially assist in the determination of this

appeal. This cause should therefore be submitted without oral argument.

13

# CERTIFICATE OF DIGITAL SUBMISSIONS

I certify that (1) all required privacy redactions have been made and, with the exception of those redactions, every document submitted in Digital Form or scanned PDF format is an exact copy of the written document filed with the Clerk, and (2) the digital submissions have been scanned for viruses with the most recent version of a commercial virus scanning program and are free of viruses.

Respectfully submitted,

ROBERT C. BALFE
UNITED STATES ATTORNEY
Western District of Arkansas

By: _____
   Deborah J. Groom
Assistant United States Attorney
Arkansas Bar No. 77141
Post Office Box 1524
Fort Smith, Arkansas 72902
Telephone: (479) 783-5125
Fax: (49) 441-0569
Email: debbie.groom@usdoj.gov

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December, 2006, I mailed a true and correct copy of the foregoing, postage prepaid, to:

Eddie L. Andrews
P.O. Box 1132
Catoosa, OK 74105

John M. Wampler
District Attorney
104 Courthouse, 101 N. Main Street
Altus, OK 73521

Richard W. Freeman, Jr.
Assistant General Counsel
Oklahoma Dept. of Human Services
P.O. Box 53025
Oklahoma City, OK 73152-3025

Glen L. Dresback
West & Dresback
612 Southwest D Ave.
Lawton, OK 73501-4508

Linda Soper
Assistant Attorney General
Litigation Section
313 N.W. 21st Street
Oklahoma City, OK 73105

Patrick O'Hara, Jr.
Brian L. Cramer
Whitten, Nelson, McGuire,
  Terry & Roselius
P.O. Box 138800
Oklahoma City, OK 73113

_Deborah J. Groom_
Deborah J. Groom
Assistant U.S. Attorney

I further certify that on this same date, I transmitted a digital submission of the foregoing to the Court in compliance with the Court's Emergency General Order of October 20, 2004: In Re: Electronic Submission of Selected Documents, amended January 11, 2005, further amended May 23, 2005, and further amended January 1, 2006.

_Deborah J. Groom_
Deborah J. Groom
Assistant U. S. Attorney

U.S. Department of Justice

United States Attorney
Western District of Arkansas
P.O. Box 1524
Fort Smith, Arkansas 71902
Official Business

Eddie L. Andrews
P.O. Box 1132
Catoosa, OK 74105





DCD_ECFNotice@dcd.uscour
ts.gov

11/13/2006 11:38 AM

To  DCD_ECFNotice@dcd.uscourts.gov

cc

bcc

Subject  Activity in Case 1:06-cv-01900-RMC ANDREWS et al v.
DOWNES et al "Order"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once
without charge. To avoid later charges, download a copy of each document during this first
viewing.**

### U.S. District Court

### District of Columbia

Notice of Electronic Filing

The following transaction was received from KD, entered on 11/13/2006 at 11:38 AM EDT and
filed on 11/13/2006

| | |
|---|---|
| **Case Name:** | ANDREWS et al v. DOWNES et al |
| **Case Number:** | 1:06-cv-1900 |
| **Filer:** | |
| **Document Number:** | 2 |

**Docket Text:**
ORDER dismissing complaint without prejudice pursuant to Fed. R. Civ. P. 8 and 41 and
requiring Plaintiffs to file an amended complaint no later than December 13, 2006, correcting the
noted deficiencies. If Plaintiffs fail to file such an amended complaint, this case will be dismissed
with prejudice. Signed by Judge Rosemary M. Collyer on 11/13/06. (KD)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**O:\2006 Civil\06-1900 Andrews v Downes\6-1900 Order requiring amd
complaint.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=11/13/2006] [FileNumber=1267955-0
] [4e23f440dc13987a42eef0557973b67e753e8c652c10835ed229251f78d79c0a6e4
bc4bd660d863971493ac85d769cc9e1dc0f096ea0174d6674a4af4ee5dec1]]

**1:06-cv-1900 Notice will be electronically mailed to:**

**1:06-cv-1900 Notice will be delivered by other means to:**

*Attach*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Eddie L. Andrews, et al.,      )<br><br>        Plaintiffs,      )<br><br>    v.      )<br><br>William F. Downes, et al.,      )<br><br>        Defendants.      ) | Civil Action No. 06-1900 (RMC) |

### ORDER

On November 7, 2006, Plaintiffs Eddie Andrews, Rodney Class, and Charles Spencer proceeding *pro se*, filed a complaint against: William Downes, Terence Kern, John Adams, Graham Mullen, Linda Soper, Deborah Groom, John Chastain, and Gretchen Shappert, in their individual and official capacities.[1] The Complaint also names as defendants Tracii Andrews, Cindy Smith, and John and Jane Doe, in their individual capacities.

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules "or any order of [the] court." Fed. R. Civ. P. 41(b);

---

[1] Although the Complaint does not so indicate, those sued in their official capacities appear to include federal district judges, assistant United States attorneys, and other government officials.

*Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 " 'is usually reserved

for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible

that its true substance, if any, is well disguised.' " *Ciralsky*, 355 F.3d at 670 n.9 (quoting *Simmons*

*v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)).

      The Court has reviewed the Complaint, keeping in mind that complaints filed by *pro*

*se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines*

*v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal

Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

      Plaintiffs' Complaint utterly fails to set forth a short and plain statement of the claims.

The Complaint is so confused as to be completely unintelligible. The Complaint alleges that "these

Federal District Courts uttered false document and obstructed justices." Compl. at 12. It further

claims a due process violation by stating that Defendants failed to:

> provide in their orders, their tax returns, their standing in court, their status with the
> Bar, their presiding judge's order of authority for them to make their orders and
> decisions, their bonds, and the Findings of Fact and Conclusions of Law in their
> orders and decisions, their plenipotentiary papers, all by pass the common law by
> their failure to conform to the common law with their aiding and abetting in their
> chambers, violation "jurisdiction" (the law as spoken) and violating the "Plea of
> God" (innocent before God and Country) thereby violating the original intent of "Due
> Process."

*Id.* at 16. The Complaint states in its "conclusion" that "Plaintiffs have stated a claim of Trespass

and Injury in Common Law in an action against Fiduciary Trustees, a labor/management dispute as

Taxpayers and concerned Citizens." *Id.* at 21.

      The Complaint is insufficiently clear to put Defendants on notice of the claims against

them, even under the liberal "notice pleading" standards of the Federal Rules, as it fails to articulate

a comprehensible legal or factual basis for relief. *See Karim-Panahi v. U.S. Congress*, 105 Fed.

Appx. 270, 274 (D.C. Cir. 2004) (unpublished).  For these reasons, it is hereby

      **ORDERED** that, pursuant to Federal Rules of Civil Procedure 8 and 41, the

Complaint is *sua sponte* **DISMISSED** without prejudice; and it is

      **FURTHER ORDERED** that Plaintiffs shall have until **December 13, 2006**, to file

an amended complaint that corrects the deficiencies addressed in this Order.  If Plaintiffs fail to file

an amended complaint by that deadline, this action will be dismissed with prejudice and the case will

be closed.

      **SO ORDERED**.


Date: November 13, 2006            /s/
                      ROSEMARY M. COLLYER
                      United States District Judge