UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Eddie L. Andrews, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | Civil Action No. 06-1900 (RMC) |
| ) | |
| **William F. Downes, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**ORDER**

On November 7, 2006, Plaintiffs Eddie Andrews, Rodney Class, and Charles Spencer proceeding *pro se*, filed a complaint against: William Downes, Terence Kern, John Adams, Graham Mullen, Linda Soper, Deborah Groom, John Chastain, and Gretchen Shappert, in their individual and official capacities.[1]  The Complaint also names as defendants Tracii Andrews, Cindy Smith, and John and Jane Doe, in their individual capacities.  Because the Complaint was so confused as to be completely unintelligible, the Court found that it was insufficiently clear to put Defendants on notice of the claims against them, even under the liberal "notice pleading" standards of the Federal Rules. Order [Dkt. #2], Nov. 13, 2006.  Thus, pursuant to Federal Rules of Civil Procedure 8 and 41, the Court dismissed the Complaint and ordered Plaintiffs to file an amended complaint that corrects the

---

[1] Although the Complaint does not so indicate, those sued in their official capacities appear to include federal district judges, assistant United States attorneys, and other government officials.

deficiencies noted. *Id*. Plaintiffs filed a First Amended Complaint on December 13, 2006.[2] As explained below, the First Amended Complaint also fails to meet the requirements of Rule 8.

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each averment of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e)(1). Federal Rule of Civil Procedure 41(b) permits the Court to dismiss either a claim or an action because of the plaintiff's failure to comply with the Federal Rules "or any order of [the] court." Fed. R. Civ. P. 41(b); *Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 " 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.' " *Ciralsky*, 355 F.3d at 670 n.9 (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). *Pro se* litigants are held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se* litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Like the original Complaint, the First Amended Complaint utterly fails to set forth a short and plain statement of the claims, and it is so confused as to be completely unintelligible. The First Amended Complaint contains 104 pages alleging numerous violations of law, including among others due process, the Eighth Amendment, defamation, civil RICO under 18 U.S.C. § 1964, and the Sherman Antitrust Act. However, these are conclusory allegations only. The Amended

---

[2] The First Amended Complaint names additional plaintiffs—Dwight Class and Kenny Dallas. It also names additional defendants— The State Justice Institute, Jim Petro, CNA Surety, Westfield Insurance, Greg Abbott, Melanie Leslie, Thomas Moyer, Joseph Harris, and Gail Smith.

Complaint is devoid of any factual allegations supporting these claims.  The Complaint is insufficiently clear to put Defendants on notice of the claims against them, even under the liberal "notice pleading" standards of the Federal Rules, as it fails to articulate a comprehensible legal or factual basis for relief.  *See Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir. 2004) (unpublished).  For these reasons, it is hereby

**ORDERED** that, pursuant to Federal Rules of Civil Procedure 8 and 41, the First Amended Complaint is **DISMISSED**.  Accordingly, this case is closed.  This is a final appealable order.  Fed. R. App. P. 4(a).

**SO ORDERED**.


Date: December 13, 2006                                       /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge