U.S. COURT OF APPEALS FOR
DISTRICT OF COLUMBIA CIRCUIT

DEC 2 2 2006

RECEIVED

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### CIVIL ACTION NO.06-1900 (RMC)

Eddie L. Andrews et. al
18349 Dentonville Rd
Okmulgee, OK 74447
918-398-8369

Rodney Class
432 N Lincoln St.
High Shoals, NC 28077
704-742-3123

Dwight D. Class, private party
1200 Hospital Dr, #13
Angleton, TX 77515
979-319-5729

Charles D. Spencer, Sui Juris
18349 Dentonville Rd
Okmulgee, OK 74447
(918) 756-2244

RELATOR

   Vs

William F. Downes, individual
2141 Joseph C. O'Mahoney Federal Bldg,
2120 Capitol Ave. Cheyenne, WY 82001

Terrance Kerns, individual
233 West Fourth, Rm. 411,
Tulsa, OK 74103

John R. Adams, individuals
510 United States Court House, Two S. Main St.
Akron, OH 44308-1813

Graham C. Mullen, individual
230 Charles R. Jonas Blvd
Charlotte, NC 28202

RECEIVED

DEC 2 2 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Linda K. Soper, individual
313 N. E. 21st St.
Oklahoma City, OK 73105-3498

Deborah J. Groom, individual
P.O. Box 1524
Ft Smith, AR 72902

John L. Chastain, individual
Administrative Office of the United States Court
Washington D.C. 20544

Gretchen C.F. Shappert, individual
227 West Trade Street, Suite 1650
Charlotte, NC 28202

Tracii Joann Andrews, individual
Rt 1 Box 89A
Cheyenne, OK 73628

Cindy Smith, individual
233 West Fourth, Rom. 411
Tulsa, OK 74103

State Justice Institute
1650 King St, Suite 600
Alexandria, VA 22314

Jim Petro, individual
Office of the Attorney General 30 E. Broad St
Columbus, OH 43215-3400

CNA Surety
Chicago-Home Office
333 South Wabash
Chicago, Illinois, 60604

Westfield Insurance
One Park Circle, P.O. Box 5001
Westfield Center, Ohio, 44521

Greg Abbott, individual
Office of Attorney General
300 W. 15th Street
Austin ,Texas, 78701

Melanie Leslie, individual
Department of human Services (DHS)
201 S. Main St.
Altus, OK, 73521-3129

Thomas J. Moyer, individual
Ohio supreme court
65 South Front Street
Columbus, Ohio 43215-3431

Joseph Harris
2724 E 15th Street
Tulsa, OK 74104-4714

Gail Smith
Rt 1 Box 89A
Cheyenne, OK 73628

Defendants

**NOTICE FOR VOID ORDER ON THE BASES OF, SUBJECT MATTER JURISDICTION, INFLUENCE PEDDLING WITH $8,660,401.00, BY THE STATE JUSTICE INSTITUTE, VESTED INTEREST WITHIN THE DISTRICT OF COLUMBIA AND A DEMAND FOR A RECUSAL OF JUDGE ROSEMARY M.COLLYER , A DEMAND FOR FINDING OF FACTS AND DEMAND FOR CONGRESSIONAL HEARING FOR CONFLICT OF INTEREST AND ETHIC , JUDICIAL MISCONDUCT VIOLATION**

## TABLE OF CONTENTS

1. NOTICE FOR VOID ORDER                                    pg 5

2. ELEMENT OF A COMPLAINT                                   pg 8

3. MIND SET OF DEFENDANTS                                   pg 12

4. BRIEF SUMMARY OF MIND SET AND VESTED INTERSET    pg 13

5. STANDARD OF LAWS USED                                    pg 15

6. CONCLUSION                                               pg 15

7. VERIFICATION                                             pg 32

8. JUDGES ORDER    (Exhibit A)

9. Emanuel section on pleading and complaint out line   (Exhibit B)

10. SJI AMOUNT OF FUNDING PAID BACK INTO THE STATES  (Exhibit C)

11. LIST OF ITEMS FILED IN THE FIRST FILING   (Exhibit D)

**NOTICE FOR VOID ORDER**

The Plaintiff/s Eddie L Andrews, Rodney D. Class, Chuck Spence, Dwight L. Class and Kenny Dallas come before this DISTRICT OF COLUMBIA COURT with a 1st Amendment Petition for Redress, NOTICE FOR VOID ORDER ON THE BASES OF A $8,660,401.00 VESTED INTEREST WITHIN THE DISTRICT OF COLUMBIA BY THE STATE JUSTICE INSTITUTE and by individual of this court in upholding the policies and procedures determined by the STATE JUSTICE INSTITUTE/Defendant person. A DEMAND FOR A RECUSAL OF JUDGE ROSEMARY M. COLLYER AND A DEMAND FOR FINDING OF FACTS due to the influence of the SJI and conflict of interest, the court has become biased and prejudice and is no long impartial, judges are no longer neutral. We the People DEMAND FOR CONGRESSIONAL HEARING FOR CONFLICT OF INTEREST AND ETHIC, JUDICIAL MISCONDUCT VIOLATIONS by all defendant persons and JUDGE ROSEMARY M. COLLYER who made several error in law as well as in her court order and the conclusion in Law. JUDGE COLLYER claim that the plaintiff made conclusory allegation only and the complaint is devoid of any factual allegation supporting these claims.

Below is the definition of ALLEGATION : from **Wikipedia** encyclopedia , **Black' s Law** Dictionary Sixth Edition (pg 74) and **WESBTER'S DICTIONARY Allegation From Wikipedia,** the free encyclopedia Allegation should not be mistaken for allegation. An allegation is a statement of a fact by a party in a pleading, which the party claims it will prove. Allegations remain assertions without proof, only claims until they are proved. Generally, in a civil complaint, a plaintiff alleges facts sufficient to

5

establish all the elements of the crime and thus create a cause of action. The plaintiff must

then carry the burden of proof and burden of persuasion in order to succeed in its lawsuit.

A defendant can allege affirmative defenses in its answer to the complaint. Other

allegations are required in a pleading to establish the correct jurisdiction, personal

jurisdiction and subject matter jurisdiction.

**Black's Law Sixth Edition:** pg 74 Allegation: The assertion, claim, declaration, or

statement of a party to an action, made in a pleading, setting out what he expect to prove

**WESBTER'S DICTIONARY** of the English Language Deluxe Edition;

Allegation; Something alleged without proof.


JUDGE COLLYER admitted that the Plaintiff made numerous allegation of

violation of laws , including among other due process, the Eight Amendment,

defamation, civil R.I.C.O. under 18 U.S.C. 1964 and the Sherman Antitrust Act.

These Allegation falls under statement of claim of an injury. (SEE JUDGES ORDER

Exhibit A )


JUDGE COLLYER opinioned that the Plaintiff/s failed to follow Fed. R. Civ. P.

Rule 8(a), (e) (1) Quoting Karim-Panahi v. US Congress. This case falls under what is

know as a Civil R.I.C.O., heightened pleading does not apply . The standard for a

Alternate Pleading is not a short and plain statement of the case. A general determination

of mind set of those whom hold public and private office in meetings closed to the

general public outlining policies is only possible within FRCP Rule 8(e). One would have

6

to be a mind reader or know of the funding given thru the SJI to influenced such ruling in favor of it own BAR members to define in detail the ever changing policies and procedures a determined at private conferences.

JUDGE COLLYER assumed because this case was an unpublished case. The Plaintiff/s would not discover the fraud in the Fed. R. Civ. P. Rule 8(a) (e)(1) of the second interpretation of that rule, as they did in Oklahoma on the Class Action Case on Rule 23. The Plaintiff has found that the Fed R. Civ. P. has two distinct meanings. One that the COURTS and it OFFICERS use and the other they allow the citizen to believe that they are going by. These two distinct difference meaning places the Citizens at an unfair advance as they do not have the SJI or the FJC producing the second set of books for public use as they do for the Courts and their follow BAR member. The general Public is NOT given the options to go to these private conferences of judiciary and court administrators and voice an opinion. The meetings are held in secret without public notice or knowledge of the intent to the unsuspecting general public for the formulation of policies for insurrection and rebellion to over throw the government and place it Citizens in Peonage. The entire process is lacking merit in Law, is not recognized within the 'Political subdivision' and allows a private corporation to exert 'influence peddling' upon its on membership and 'Fiduciary Trustees'.

Heightened Pleading can not be use if a Title 28 USC Sec. 1343. Civil rights and elective franchise and Title 42 USC Sec. 3795. - Misuse of Federal assistance has been place before the court and has been or where there is a Labor / Management dispute. This

7

is a Labor Management dispute as all public Officials / Services are hired ,employed by and paid by We the People to do a job ( Leatherman, supra) United States Supreme Court has Ruled Heightened Pleading can not be use.

The Plaintiff/s did in fact not only follow the Fed. R. Civ. P.8 that we were lead to believe, but the Plaintiff/s met and surpass the Heightened Pleading and Alternate Pleading standards in this case as a requirement by your second set of books. The Plaintiff/s met the three requirement to a complaint; Jurisdiction, Statement of claim, and Relief

## ELEMENT OF A COMPLAINT

[emanuel law outlines ( civil procedure)]

**COMPLAINT three element:**

A Definition of complaint : The complaint is the initial pleading in a lawsuit, and is filed by the plaintiff.

1. **Jurisdiction;** " a short and plain statement of the grounds upon which the court's jurisdiction depends. ...";

2. **Statement of claim**: " short and plain statement of the claim showing that the pleader is entitled to relief "; (Constitutional violation, USC violation, Congress Act violation

3. **RELIEF**: " a demand for judgment for relief the pleader seeks." ( comes in money damages, injunctive, restore injury party back to whole, correct the record, etc....

[SEE attachment from the ( emanuel law outlines Ch 4--- PLEADING) THE

8

COMPLAINT)' ( Emanuel law outlines Marked Exhibit B)

The Plaintiff/s have met the standard required by common law, the Code and the Federal

Question as will as prima facie

1. **Common law;** The object of pleading at common law was to formulate the issues for

trail.

2. **Codes;** Pleading under the codes was/is designed to reveal the underlying facts on

which the claim rested.

3. **Federal Question**; The primary purpose of federal pleading `is to give notice of claim

( or defense) to the adversary, so that he make effective discovery request and trail

preparation. ( reference to Constitutional violation or violation of the federal statues )

prima facie evidence

n. Law; Evidence that would, if uncontested, establish a fact or raise a presumption of a

fact.


**PRIMA-FACIE, EVIDENCE, CASE** - Latin for "at first view."

Evidence that is sufficient to raise a presumption of fact or to establish the fact in

question unless rebutted.

     A prima-facie case is a lawsuit that alleges facts adequate to prove the underlying

conduct supporting the cause of action and thereby prevail. Below's an example dealing

with employment discrimination claims.

     A plaintiff can establish a prima facie case of race discrimination under Title VII

by establishing that (1) he or she belongs to a racial minority; (2) he or she applied and

was qualified for a job for which the employer was seeking applicants; (3) he or she was rejected for the position despite his or her qualifications; and (4) the position remained open after his or her rejection and the employer continued to seek applications from other people with similar qualifications to the plaintiff. McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973). In Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981), the Supreme Court stated that"[t]he burden of establishing a prima facie case of disparate treatment is not onerous."

After the plaintiff has established a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the plaintiff's rejection. Id. If the employer sustains the burden, the plaintiff then has the opportunity to present evidence showing that the employer's stated reason for the rejection was merely pretextual. Id.; see also McDonnell Douglas, 411 U.S. at 807; Lindahl, 930 F.2d at 1437 ("The defendant's articulation of a legitimate nondiscriminatory reason serves . . . to shift the burden back to the plaintiff to raise a genuine factual question as to whether the proffered reason is pretextual.") (quoting Lowe, 775 F.2d at 1008).

The third step does not require that a plaintiff prove that "he was rejected because of his protected status." The plaintiff must only show in step three that "despite his qualifications, he was rejected." McDonnell Douglas, 411 U.S. at 802. The two standards are quite different. The McDonnell Douglas test merely requires that a plaintiff raise an inference of disparate treatment to establish a prima facie case, not actual proof of such treatment.

10

Under McDonnell Douglas, to establish his prima facie case, the plaintiff need not prove that discrimination was the motivating factor in his dismissal. All he must do is raise an inference that such misconduct occurred.

A plaintiff can also establish a prima facie case by "offering evidence adequate to create an inference that an employment decision was based on a discriminatory criteria illegal under [Title VII]." Mitchell v. Office of the Los Angeles County Superintendent of Schools, 805 F.2d 844, 846 (9th Cir. 1986) (quoting Teamsters v. United States, 431 U.S. 324, 358 (1977)); see Lowe v. City of Monrovia, 775 F.2d 998, 1006 (9th Cir. 1985) (plaintiff can establish prima facie case of disparate treatment without satisfying McDonnell Douglas test if he or she provides evidence suggesting rejection was based on discriminatory criteria), amended, 784 F.2d 1407 (1986). A plaintiff who provides such evidence for his or her prima facie case may be able to survive summary judgment on this evidence alone. Lowe, 775 F.2d at 1008.

Although "the mere existence of a prima facie case, based on the minimum evidence necessary to raise a McDonnell Douglas presumption, does not preclude summary judgment," Wallis v. J.R. Simplot Co., 26 F.3d 885, 890 (9th Cir. 1994), "the plaintiff [who has established a prima facie case] need produce very little evidence of discriminatory motive to raise a genuine issue of fact" as to pretext. Lindahl, 930 F.2d at 1437. In fact, any indication of discriminatory motive . . . may suffice to raise a question that can only be resolved by a factfinder. Once a prima facie case is established . . . summary judgment for the defendant will ordinarily not be appropriate on any ground relating to the merits because the crux of a Title VII dispute is the elusive factual question

11

of intentional discrimination. Id. at 1438 (quoting Lowe, 775 F.2d at 1009) (citation omitted). Thus, burden at the summary judgment stage is not great.

The first blush; the first view or appearance of the business; as, the holder of a bill of exchange, indorsed in blank, is prima facie its owner.

Prima facie evidence of a fact, is in law sufficient to establish the fact, unless rebutted. For example, when buildings are fired by sparks emitted from a locomotive engine passing along the road, it is prima facie evidence of negligence on the part of those who have the charge of it.

### MIND SET OF DEFENDANTS

The mind set of JUDGE COLLYER by which her own conclusion in law, is that the Plaintiff's would not be allow to prove their claim, instead of if they could, fall back to what and why the Plaintiffs have come to this DISTRICT COURT and why these Allegation was set before this court. As the other Courts this Court as has forgotten basic rule 101 from law school. All complaints start out with allegation of an injury done. Any first year law school student knows this. The problem is that this Court nor the other Courts expected the amount of evident to be placed in with the complaint. The evidence leave very little for the defendants to argue. The defendants can not admit or deny without entrapping themselves. This Court and the other Courts knew this to be a factor. The evident show a pattern of corruption, substantive due process violation, suspension of Laws as pretext to the misuse of federal grants and funding and violation of Ethic and Misconduct by 'Fiduciary Trustees' and private corporate officers. The mandate by the State Justice Institute and policies by the Conference of Chief Justices is not just in one

12

court or one type of court, but in all the Courts from 'state ' to federal court level. The suspension of Laws is Full Faith and Credit and only recognized within the arenas supported by the mandate of the STATE JUSTICE INSTITUTE. This is why the defendants are never allow to enter a plead into any of these Courts as required by law, we were already profiled as a policy. Court provided counsel fails to respond to the facts and allegations to give the court proper jurisdiction and pro se litigants are denied the Right to state a claim leading to a plead of Admit or Deny from the defendants the court lack such jurisdiction to dismiss.

### BRIEF SUMMARY OF MIND SET AND VESTED INTEREST

1. Mind set of the Defendants of all the case up to this point is base on the 147 million dollars influence peddling ring under the SJI with the District of Columbia in receipt of over 8 million dollars. A copy listing the DISTRICT OF COLUMBIA as a part of the SJI influence peddling ring in NOT a conclusory allegation. It show a pattern in FACT and influence by a private corporation in the making of all courts.
( See Attachment marked Exhibit C )

2. The simple statement Rule 8 does not work for the extensive issue you presented. A more defined explanation allows the use of Rule 8 (e) alternative pleading, allowing for a tying in of all the issue raised in the 6000 pages of text into evidence. Right now all you have is a stack of incoherent paper and abstract claim backed with affidavits.

3. All of the information placed into evidence needs to be cataloged into some order, allowing for a showing of FACTS and TIMES reference consistent with Rule 8 (e).

13

4. Jury demand a jury of our peers who was NOT influenced by the SJI would NOT have come to the same conclusion as JUDGE COLLYER did given the same FACTS, DOCUMENTS, and DETERMINATION IN LAW to work with.

5. The SJI is NOT part of any branch of government and represents a class of individuals

In competition with the recognized "POLITICAL SUBDIVISION" for the federal assistance allotted to the 'states' by the Congress.

6. The DISTRICT OF COLUMBIA is NOT exempt from the influence of the SJI nor has the standing of the Citizens of the DISTRICT OF COLUMBIA be altered in law (suspended) , for the allotment of federal programs under pretext of the WAR POWERS ACT..

7. 14th Amendment section (3) persons and private (license) corporation are the first elements to loose title and position under the WAR POWERS ACT when Laws are suspended, not the private Citizens.

8. Any BAR organization NOT licensed or registered with the 'POLITICAL SUBDIVISION' and 'state' has the same standing as the insurgency or insurgent of Iraq. Would we allow this organization to control our courts? But yet these private individuals who holds position as 'FIDUCIARY TRUSTEE' and either support or is a member of a private organization that advocates the suspension of Laws for private purpose and private enterprise is engaged in advocating the overthrow and insurrection of the Government.

9. Acts and Laws signed into effect commerce are for ' Public ' health and

14

welfare, the SJI is suspending the 'Public' health and welfare part of commerce and allotting the spoils to the rank and files of the private corporation as listed under the Calf. Constitution Article 6 section 9.

## STANDARD OF LAWS USED

Constitution, Federalist Papers, Executive Order 12731 , Cannon Rules of Ethic and Citizen Protection Act of 1996 set the standards of those whom hold office and how they are to be delta with along with the USAM manual on Civil Rights. The mere fact that New Hampshire passed such a as  Bill 541 to repeal the BAR in New Hampshire confirm the Plaintiff arguments of the control the BAR has over the Courts and Judges.

## CONCLUSION

JUDGE ROSEMARY M. COLLYER has failed to up hold the very standards for which she sworn an Oath to the Constitution and to the office to which she was appointed to by the President of the united States and to uphold EQUAL JUSTICE UNDER LAW. These words, are written above the main entrance to the Supreme Court Building, express the ultimate responsibility of the Supreme Court of the United States but it also apply to ever inferior court in the land as will. JUDGE ROSEMARY M. COLLYER is guilty of a statutory code violation of office within the separate state of the District of Columbia.


1. JUDGE COLLYER claim jurisdiction when she filed her first court order in. This set the stage for jurisdiction under constitutional issue, federal statutes and equity. JUDGE COLLYER is aware that the defendants come under the section of; other public Ministers and Consuls as set forth in the Constitution.

15

**Jurisdiction. According to the Constitution (Art. III, §2):**

"The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;—to all Cases affecting Ambassadors, other public Ministers and Consuls;—to all Cases of admiralty and maritime Jurisdiction;—to Contro- versies to which the United States shall be a Party;—to Controversies between two or more States;—between a State and Citizens of another State;—between Citizens of different States;—between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

**Federal Question**; The primary purpose of federal pleading `is to give notice of claim ( or defense) to the adversary, so that he make effective discovery request and trail preparation.

      1. JUDGE COLLYER claimed and stated that the plaintiff/s made allegation of Constitutional and Statute as will as Congressional Acts in her order *( laws , including among other due process, the Eight Amendment, defamation, civil R.I.C.O. under 18 U.S.C. 1964 and the Sherman Antitrust Act*

Statement of claim: " short and plain statement of the claim showing that the pleader is entitled to relief "; (Constitutional violation, USC violation, Congress Act violation )

a) JUDGE COLLYER use the word *law*; The Plaintiff named untold statute that has been violated by the defendants.

b) JUDGE COLLYER use the word *dues process*; DUE PROCESS is a 5th & 14th Constitutional violation. .

                16

c) JUDGE COLLYER use the word defamation; **From Wikipedia, encyclopedia**

**Tort law** I **common law**

**Intentional torts** Assault · Battery False arrest · False imprisonment Intentional infliction of emotional distress

**Property torts**

Trespass to chattels Trespass to land · Conversion Detinue · Replevin · Trover

**Dignitary and economic torts**

Slander and libel · Invasion of privacy Fraud · Tortious interference Alienation of affections Breach of confidence · Abuse of process Malicious prosecution · Conspiracy

**Defenses to intentional torts**

Consent · Necessity Self defense and defense of others Fair comment (as to slander/libel)

*"Libel" redirects here. For other uses, see Libel (disambiguation).*

*For "liable", see Liability.*

*"Defamation" redirects here: did you mean deformation?*

In law, **defamation** is the communication of a statement that makes an express or implied factual claim that may harm the reputation of an individual, business, product, group, government or nation. Most jurisdictions provide legal actions, civil and/or criminal, to punish various kinds of defamation.

d) JUDGE COLLYER use the word *civil R.I.C.O. under 18 U.S.C. 1964 ;* The word R.I.C.O stand for *RACKETEER INFLUENCE and CORRUPT ORGANIZATIONS* .18 USC 1961 et seq Both criminal prosecution and civil action may be brought under R.I.C.O statutes. **Black's Law Sixth** Edition pg 1323; seven element; 1 that the

17

defendants 2) through the commission of two or more acts 3) constituting a 'pattern' 4) of 'racketeering activity' 5) directly or indirectly invests in or maintains an interest in or participates in 6) an 'enterprise' 7) the activities of which affect interstate or foreign commerce. The Plaintiff in the first filing placed evident and a claim using the False Claims Act (QUI TAM) the Anti Government Book create with money funded by the SJI by 7 judges on how to over the government. The list goes on in the first filing as will as the evident filed in the Oklahoma Class Action Case under JUDGE KERN.

e) JUDGE COLLYER use the word *Sherman Antitrust Act;* This act deals with any single group controlling or haveing influence to control in out come in their favor; Such as the SJI, FJC or the BAR. Below is a Bill passed in New Hampshire clarify that the BAR is indeed a *Monopoly* and has undue influence over JUDGES and over the court, to where a pro se. Sui Juris, or Petitioner fail to met such standing in their corporate, and even the Calf. Constitution Art. 6 Sec. 9 calls it a private corporation to their self. This violate the Sherman Antitrust Act due to the fact that this private corporation has total influence on interstate commerce was will as foreign. This corporation has demand membership in order to practice and will place sanction for failure to protect one of their own. As placed into evidence by the Plaintiff/s

### NH House Bill 541 Minority Opinion

HB 541: AN ACT relative to repealing the incorporation of the New Hampshire Bar Association

Rep. Bob Mead for the minority of Judiciary:

HB 541 seeks to repeal the corporate charter granted to the New Hampshire Bar

Association by the Legislature in 1873 on the basis of some very valid concerns. The legal system and the courts established by our Constitution are intended to protect the public and private rights of our citizens by providing remedies and redress when those rights have been violated. Over time, however, our legal system has come under the indirect control of a private fraternal organization through mandatory membership in, and regulation of those who practice law by, that private organization.

This obligatory membership and regulation has extended to including the very judges presiding over the courts established to protect and administer justice for our citizens. Originally founded – and chartered on the basis of its being – an independent fraternal corporation organized to pursue improvement of the administration of justice as determined by its membership, the Association has become a monopoly in violation of [NH Constitution, Article 83, Part Second. This has occurred because, the Supreme Court, which already regulated admission of attorneys to the practice of law, some 35 years ago made membership in the Association mandatory for all attorneys. The monopoly power illegally conferred on the Association has led to a situation in which the legal system established by the New Hampshire Constitution to protect the rights of, and to provide remedies and redress for its citizens, has come in no small part under the indirect control of this corporation, whose officers are neither employees of the State, nor elected to their position by the citizens of New Hampshire.

Due to the magnitude of this case the Plaintiff/s had no other choice but to place in a small sample of the evidence in order to validate the complaint and injury done to the plaintiff/s. The affidavit are the statement of facts.

19

The Plaintiffs have made the issue of the Two distinct meaning of the Fed. R. Civ. P. Rules. Therefore the Plaintiffs can not be held to a standard to which has a Forked Tongue meaning (A lying or treacherous tongue) As there are two distinct standard to the Fed. R. Civ. P. the Court now will be required to disclosure to the Plaintiffs the others sets of books used by this court and by the other courts or rule in the Plaintiffs favor. This justify the right to the First Amendment the to PETITION FOR REDRESS OF GRIEVANCE ,no rules, just plain simple grass roots America language, *These public officials violated their oath of office, committed perjury, violated the citizen protected constitution rights, trespassed, and abused federal and state tax dollars, placed false evident before the courts to steal; homes, children, property, life, liberty, freedom and deny the citizens the right to be hear in a real court of law.* This is a short statement claim. How Relief can be granted, would fix the problem. If you can not then remove it to the united States Congress, contact the Attorney General as he is the chief law enforce officer in the country. It is his job to prosecute criminal acts. Not the citizens but it is our job to report corruptions to a Public Officials 18 USC 4, 2382.

Below is just a few books by name and not one of theses books are listed in the Fed. R. Civ. P. as a reference book or a guide book to be use by the Courts or by private citizen who defend theirs eves.

## **Manual for Complex Litigation, Fourth**

*Board of Editors*

Judge Stanley Marcus (Ct. of App., 11th Cir.), *chair*

Judge John G. Koeltl (S.D.N.Y.) Judge Barefoot Sanders (N.D. Tex.)

Judge J. Frederick Motz (D. Md.) Sheila Birnbaum, Esq. (N.Y., N.Y.)

Judge Lee H. Rosenthal (S.D. Tex.) Frank A. Ray, Esq. (Columbus, Ohio)

Judge Fern M. Smith (N.D. Cal.),

*director, Federal Judicial Center 1999–2003*

Federal Judicial Center 2004

The *Manual for Complex Litigation, Fourth* has been produced under the auspices

of the Federal Judicial Center. The analyses and recommendations are

those of the *Manual*'s Board of Editors.

**Benchbook for U.S. District Court Judges**

**Federal Judicial Center**

**with March 2000 revisions**

*The Benchbook Committee*

Judge A. David Mazzone (D. Mass.), Chair

Chief Judge William O. Bertelsman (E.D. Ky.)

Judge William B. Enright (S.D. Cal.)

Judge Aubrey E. Robinson, Jr. (D.D.C.)

Judge Louis L. Stanton (S.D.N.Y.)

Chief Judge Richard P. Matsch (D. Colo.),

Center Board liaison to the Committee

July 1996

**Chambers Handbook for Judges'**

Law Clerks and Secretaries

Federal Judicial Center 1994                    21

The appendix to this printing of the *Chambers Handbook* contains the

Code of Conduct for Judicial Employees adopted by the Judicial Conference

of the United States on September 19, 1995. This Code replaces

the Code of Conduct for Law Clerks, which was included in the previous

printing of this publication.

This Federal Judicial Center publication was undertaken in furtherance

of the Center's statutory mission to develop and conduct education

programs for judicial branch employees. The views expressed are those

of the authors and not necessarily those of the Federal Judicial Center.

The Interjudicial Affairs Office serves as clearinghouse for the Center's work

with state–federal judicial councils and coordinates programs for foreign judiciaries,

including the Foreign Judicial Fellows Program.

**Chapter 4. Court Governance and**

**Administration**

**§ 4-1. Overview of Federal Judicial**

**Administration**

Each of the ninety-four district and thirteen federal courts of appeals is

responsible for its own management. However, each is subject to statutory

restrictions and policies set by national and regional judicial administrative

agencies. The national agencies are the Judicial Conference

of the United States and its agent, the Administrative Office of

the U.S. Courts (AO). The Federal Judicial Center has educational and

22

research responsibilities, and the U.S. Sentencing Commission has

guideline-promulgating authority, but neither has administrative responsibilities

for the federal courts. To the degree possible, administrative

policy making is decentralized. Judicial councils in each regional

circuit, with staff assistance by circuit executives, set administrative

policy for the courts within the circuit, but the individual courts are

responsible for most of the day-to-day administration. Clerks of the

district courts (and district court executives in a few of the larger courts)

and clerks of the bankruptcy courts provide staff assistance to their

respective courts. Secretaries and, to a lesser extent, law clerks will at

some time come into contact with most of these agencies.

**Anti-Government Movement Guidebook** *PROJECT ADVISORY COMMITTEE*

Mr. Chuck Ericksen State Judicial Educator Office of the State Court Administrator Olympia, Washington

Mr. Peter Haskel, Esquire Assistant Division Chief, Financial Litigation Division Office of the Attorney General Austin, Texas

Honorable Joanne Huelsman State Senator Madison, Wisconsin

Honorable Jeffrey H. Langton Judge, 21st Judicial District Court Hamilton, Montana

Mr. Thomas McAffee Professor of Law Southern Illinois University Carbondale, Illinois

Mr. Nick Murnion, Esquire District Attorney Garfield County Prosecutor's Office Jordan, Montana

Ms. Cheryl Reynolds State Justice Institute Alexandria, Virginia

Mr. Stephan W. Stover                    23

State Court Administrator

Supreme Court of Ohio Columbus, Ohio

The SJI and the FJC cause these private individuals within our Courts to be put in jeopardy as board member are appointed to hold these offices either by the President of the united States of by Congress as found under these Titles of 42 USC Ch 113 and 28 USC section 620. Therefore these Court a unable to be impartial due to the influence of such pressures from their superiors. The courts are no longer apply Congressional authority put "private policy" created by the SJI and FJC in the court rooms create by the authors of these books (Judges) of the name about. Not one of the tiles are list in the Fed R. Civ. P. as a reference book to follow by the Courts. But yet these courts are use local rule and custom as will as ( unpublished) local case cite to over turn supreme Court decisions create by those whom lack authority and has violated the separation of power clause by using a private corporation to influence a branch of government..

The Plaintiff put a DEMAND that that issue be place before the united States Congress and before the proper Committee to hear this action as it is impossibility for any Court to hear this case and be impartial. It would have been better for JUDGE COLLYER to recusal herself from this action then to ISSUE such ORDERS. It is with are deepest regrets that this Court to has fallen to the influence of the SJI as did the other court of this nation. To deny the Citizen of SUBSTANTIVE DUE PROCESS and EQUAL PROCTECTION UNDER LAW as written on the united States Supreme front header. The united States supreme Court was the only court found not to be influence by the SJI or the FJC, however this court does fail under the jurisdiction of the DISTRICT of

24

COLUMBIA to which is based the SJI and the FJC.

The Plaintiffs have a Right to state a claim of injury and outline the allegations and processes and individuals committing the crime and trespass. 12 million private Citizens have been held to an alternate standard of pleading, suspension of Laws and mandate set as a policy on issue that have never been raised before the executive or legislative offices within the several states. The Plaintiff have proven one thing the citizen can be convict on hearsay or at the drop of a hat but any Public officials is held to a separate standard. Any artificial suspension of the Laws and acts of Congress in commerce are Nature and Cause for a claim and allegation for injury. Any actual suspension of the Laws and acts of Congress also alters the standing of public officials and enhances the 14th Amendment section three (3) office to a military Oath. The criminal record of David C. Hipp and all the defendant persons are to be judged as a crime under the War Powers Act as a higher standard, already exercised against the general public as enemy combatants. As David C. Hipp is at it again, the evident is come along with the allegation that this is his third time as a public officer to committed a felony in public office. Twice in Ohio and once in Pa. as will as Congress Bob Ney. This Plaintiff Rodney D. Class made such allegation and it was dismiss by the federal court but united States Congress made Allegation and Bob Ney was removed from office. Explain? Is not a crime a crime.

ADDED FACTS AND DEFINITIONS Recusal is the action of a judge to disqualify himself from a decision, usually because of a real or apparent conflict of interest. When a judge recuses himself he, in a sense, separates himself from his

25

colleagues, but he doesn't actually turn himself into a recluse.

**Examples:**

The standard for reclusal is not that a conflict actually exists, but rather that the

appearance of a conflict exists. amsam.org/2004_02_01_archive.html This can lead to the

effective reclusal of the potentially biased committee member from the decision;

...www.blackwell-synergy.com/doi/abs/10.11 ... 06.00092.x

Reclusal means the process by which a person is disqualified. He / she disqualifies

themselves from a matter because of conflict of interest.forum.fixcps.net/glossary.php

(j) Executive Reclusal. Executive shall recluse himself from all deliberations of the Board

regarding this Agreement,...www.secinfo.com/dRC12.z1M1.d.htm

The church lost the reclusal motion and eventually appealed the decision up to the US

Supreme Court, which declined to grant

certiorari.www.factnet.org/Scientology/adversa.htm The thread on the reclusal of Judge

Stewart is somewhat of a side

show.p080.ezboard.com/fpacumenispagesfrm46.showMessage?topicID=238.topic

JUDGE COLLYER has put this issue up for and appeal. JUDGE COLLYER need

to place a JUDICIAL ORDER TO MOVE THIS ACTION TO THE FLOOR OF THE

UNITED    STATES    CONGRESS    AND    TO    THE    SENATE    FOR    JUDICIAL

MISCONDUCT AND ETHIC VIOLATION UPON THE DEFENDANTS IN THIS

CASE. JUDGE COLLYER need to issue a court order to the united States Attorney

General offices , to the united States Prosecutor as will as the Inspector General Office

whom over see the DOJ and federal employee for civil rights violation , RICO as will as

26

the list of other violation put before this DISTRICT COURT.

A first law school student could take these same allegation and turn them into a federal case if it was against a *Citizen/s* instead of *Public Official/s*. *Case and point: 1) a citizen has an allegation against them for a license plate light out. That citizen is charged court cost and fined just on and allegation. Where the crime? Case and point 2) a citizen has and allegation of DUI ,but the citizen blew triple 000 and passed the blood test and still was charged for DUI because the police smelled alcohol no proof just allegation before the court. Citizen charged court cost and fines and lost of license for a year. The court make money, the state make money. Where was the proof of the crime for the DUI?*

The Plaintiff's had every Right to expect that this DISTRICT COURT was not under the same influence as one of the 50 state Federal District Courts, but as one of the Territory Court it would be impartial, as this DISTRICT COURT has subject matter over it own 14th amendment section 3 persons as they are appointed from that district and come under the Article III guidelines as their criminal acts have been committed in that jurisdiction. We hope that because the District of Columbia is a 11th Amendment Foreign State to the several other united states it would have a Higher Standard of Integrity for justice and accountable. As the SJI and the FJC is so much created in that District of Columbia and any thing created by such a corporation is mere policy and not law *as they are not Legislator, Executive of part of the Judicial branch of government* and thing created by such can not be applied outside of that ten square mile or to a court case brought to this court by private citizens. These books only apply to whom they are written for, and not to be used in compliance with other Congressional or supreme Court

27

document that would give a fair and unbiased and a unprejudiced court of law to We the People.

**JURISDICTION**

The District of Columbia is the original source for all acts of legislation in 'interstate commerce', <u>TITLE 18</u> > <u>PART I</u> > <u>CHAPTER 1</u> > § 10. Interstate commerce and foreign commerce defined, and for the definition of parties. The several states are NOT given federal aid, they are required to qualify and meet the test of Public Health and Welfare and Constitutional requirements in Law and Equity. Congress has already defined a 'state' and a 'Political subdivision' for the determination of allotted federal programs and Grants. The District of Columbia has original *Jurisdiction in rem and "in personam jurisdiction"* for acts that are in breach of condition to original intent of the legislation: <u>US Attorneys</u> > <u>USAM</u> > <u>Title 4</u> > <u>Civil Resource Manual</u> 83 Grants -- Breach of Conditions.

The Plaintiff's have an original claim for Breach of Condition in which the District of Columbia has original jurisdiction and obligation to uphold the Laws and acts of Congress.

**23 CFR PART 1250** - 40% TO POLITICAL SUBDIVISION PARTICIPATION IN STATE HIGHWAY SAFETY PROGRAMS.

**23 CFR Part 1206, PART 1206** -- RULES OF PROCEDURE FOR INVOKING SANCTIONS UNDER THE HIGHWAY SAFETY ACT OF 1966.

**Title 23 CFR** : Highways SUBCHAPTER C -- CIVIL RIGHTS Sec. 200.1 Purpose.To provide guidelines for: (a) Implementing the Federal Highway

28

Administration (FHWA) Title VI compliance program under Title VI of the Civil Rights Act of 1964 and related civil rights laws and regulations, and (b) Conducting Title VI program compliance reviews relative to the Federal-aid highway program.

TITLE 42 > CHAPTER 46 > Sec. 3795. - Misuse of Federal assistance

Within the several united states that have qualified for interstate commerce and the Government programs for Federal assistance and Grants, one unknown/unregistered Plaintiff has continually failed to define *Jurisdiction in rem and "in personam jurisdiction"*.

**Generally.**—Jurisdiction may be defined as the power to create legal interests. In the famous case of Pennoyer v. Neff, the Court enunciated two principles of jurisdiction respecting the States in a federal system. First, "every State possesses exclusive jurisdiction and sovereignty over persons and property within its territory," and, second, *"no State can exercise direct jurisdiction and authority over persons or property without its territory.".* Within the several united states, THE STATE OF XXXX is an artificial person and a fictitious Plaintiff lacking in territory, Obligation of Contract, Constitution and Subject Matter Jurisdiction over the private Citizens within the recognized 'state' and 'Political subdivision'. THE STATE OF XXXX is only recognized by third party interests and constitutes a pattern and 'enterprise' that violates the sovereignty of the individual state and 'Political subdivision'. The District of Columbia is an 11th Amendment Foreign State having not only Citizens and Subject distinct from the several united states, the District of Columbia also is holder of the statutory code outlining intent and violation. The District of Columbia has Subject Matter Jurisdiction in actions in rem

29

to exercise authority as a separate State to validly settle controversies with regard to rights or claims against property within its borders, notwithstanding that control of the defendant persons was never obtained within areas of controversy. The 'defendant persons' named, lack immunity and privilege of office, the acts committed are against the United States and the principals of Law and Equity. The Plaintiff's are the only ones who can file a claim for violations of Breach of Conditions regarding federal assistance and Grants allotted, as party named and recipient allotted funding.

## THE RULE OF LAW

"The supremacy of law. A feature attributed to the UK constitution by Professor Dicey (*Law of the Constitution*, 1885). It embodied three concepts: the absolute predominance of regular law, so that the government has no arbitrary authority over the citizen; *the equal subjection of all (including officials) to the ordinary law administered by the ordinary courts;* and the fact that the citizen's personal freedoms are formulated and protected by the ordinary law rather than by abstract constitutional declarations."

(Oxford Reference, A Dictionary of Law, Oxford University Press)

## IT'S ALL A QUESTION OF SOVEREIGNTY

**Sovereignty is the ultimate authority to make and impose laws.**

## WHO HAS SOVEREIGNTY OVER WHOM AND WHAT?

That is to say, WHO rules? In a THEOCRACY, GOD rules. In a DEMOCRACY, People rule. In a BUREACRACY, officials rule. And, it's all a matter of seniority or, in other words, superiority in standing.

**AT Level One: <u>GOD over Man</u>:-**

30

GOD created Man. GOD is superior to Man, ie: to a natural person.

**AT Level Two: <u>Man over Parliament</u>:-**

Man created Parliament. Man is superior to Parliament, ie: to an artificial person

**AT Level Three: <u>Parliament over Corporations</u>:-**

Parliament creates Corporations. Parliament is superior to Corporations, ie: to artificial persons

**AT Level Four: <u>Corporations over nothing</u>:-**

Corporations create nothing. Corporations are superior to nothing and inferior to everything.

<u>In brief, and using the symbol, ">", to denote "is superior to", we have:-</u>

**<u>GOD > Man > Parliament > Corporations.</u>**

**REQUIREMENTS OF MINIMUM CONTACTS and REMEDY**


The action pending meets the requirements of minimum contacts required of the Law, the District of Columbia has original Subject Matter Jurisdiction, not the several states or a private corporation or 'enterprises'. There are provisions for sanctions and Civil Rights claims regarding ALL federally assisted programs. The Plaintiff's have a Right to state a claim and for relief and Remedy directly to any Government agency of competent jurisdiction. The Plaintiff's DEMAND that the District of Columbia, court and Congress define THE STATE OF XXXX, seize all illegally gotten funds and corporate stock and apply the required sanctions by the Law for Breach of Conditions. The defendant persons named shall be found to have violated the Obligation of Contract within the 14th

31

Amendment section three (3) and shall have created a section four (4) 'Public Debt' against the United States and the named parties to allotted federal assistance and Grants.

The Plaintiff will Reissue the Demand for this case be placed before the united States Congress and Senate to review the Judicial Misconduct and Ethic violations and the vest interest influence on the part of the SJI on the Courts.

## VERIFICATION

I Eddie Andrews Sui Juris, hereby verify, under penalty of perjury, under the laws of the unites States of America, without the UNITED STATES (federal government ), that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746 (1). See Supremacy Clause (Constitution , Laws and Treaties are the supreme Law of the Land)


I Rodney D. Class Sui Juris, hereby verify, under penalty of perjury, under the laws of the unites States of America, without the UNITED STATES (federal government ), that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746 (1). See Supremacy Clause (Constitution , Laws and Treaties are the supreme Law of the Land)

I Dwight L. Class Sui Juris, hereby verify, under penalty of perjury, under the laws of the unites States of America, without the UNITED STATES (federal government ), that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746 (1). See Supremacy Clause (Constitution , Laws and Treaties are the supreme Law of the Land)

I Kenny Dallas Sui Juris, hereby verify, under penalty of perjury, under the laws of the unites States of America, without the UNITED STATES (federal government ), that the above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746 (1). See Supremacy Clause (Constitution , Laws and Treaties are the supreme Law of the Land)

I Charles D. Spencer s, hereby verify, under penalty of perjury, under the laws of the unites States of America, without the UNITED STATES (federal government ), that the

above statement of facts and laws is true and correct, according to the best of my current information, knowledge, and belief, so help me God, pursuant to 28 U.S.C. 1746 (1). See Supremacy Clause (Constitution , Laws and Treaties are the supreme Law of the Land)

Respectfully submitted

L.S _Eddie Andrews-_
Eddie Andrews

LS _Rod Class_
Rodney Dale Class

LS _Dwight Class._
Dwight Lee Class

LS _Kenny Dallas_
Kenny Dallas

LS _Charles D Spencer_
Charles D. Spencer, Sui Juris



$00.39⁰
DEC 19 2006
MAILED FROM ZIP CODE 20001

02 1A
0004634648

UNITED STATES POSTAGE
PITNEY BOWES

RODNEY CLASS
432 N. Lincoln Street
High Shoals, NC 28077

**CLERK'S OFFICE**
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

OFFICIAL BUSINESS





DCD_ECFNotice@dcd.uscourts.gov
12/13/2006 01:53 PM

To  DCD_ECFNotice@dcd.uscourts.gov

cc

bcc

Subject  Activity in Case 1:06-cv-01900-RMC ANDREWS et al v. DOWNES et al "Order"

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of Columbia

Notice of Electronic Filing

The following transaction was received from KD, entered on 12/13/2006 at 1:53 PM EDT and filed on 12/13/2006

**Case Name:**               ANDREWS et al v. DOWNES et al
**Case Number:**          1:06-cv-1900
**Filer:**
**WARNING: CASE CLOSED on 11/13/2006**
**Document Number:**       <u>4</u>

**Docket Text:**
ORDER dismissing First Amended Complaint [3] and closing case. See Order for further details. Signed by Judge Rosemary M. Collyer on 12/13/06. (KD)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**O:\2006 Civil\06-1900 Andrews v Downes\6-1900 Order dismissing case.pdf
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=973800458 [Date=12/13/2006] [FileNumber=1295072-0
] [9cc4faf68d6fcef553b3075db9517adbb16651a376053a6b3be6f0e1d19d3f70b88
da88c26feee7bac6cff8f0fe09578faa0de3d007de4aca32e5b7544324d52]]

**1:06-cv-1900 Notice will be electronically mailed to:**

**1:06-cv-1900 Notice will be delivered by other means to:**

EDDIE L. ANDREWS

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Eddie L. Andrews, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 06-1900 (RMC) |
| William F. Downes, et al., | ) |
| Defendants. | ) |

## ORDER

On November 7, 2006, Plaintiffs Eddie Andrews, Rodney Class, and Charles Spencer

proceeding *pro se*, filed a complaint against: William Downes, Terence Kern, John Adams, Graham

Mullen, Linda Soper, Deborah Groom, John Chastain, and Gretchen Shappert, in their individual and

official capacities.[1]  The Complaint also names as defendants Tracii Andrews, Cindy Smith, and

John and Jane Doe, in their individual capacities.  Because the Complaint was so confused as to be

completely unintelligible, the Court found that it was insufficiently clear to put Defendants on notice

of the claims against them, even under the liberal "notice pleading" standards of the Federal Rules.

Order [Dkt. #2], Nov. 13, 2006.  Thus, pursuant to Federal Rules of Civil Procedure 8 and 41, the

Court dismissed the Complaint and ordered Plaintiffs to file an amended complaint that corrects the

---

[1] Although the Complaint does not so indicate, those sued in their official capacities
appear to include federal district judges, assistant United States attorneys, and other government
officials.

*Exhibit A*

deficiencies noted. *Id.* Plaintiffs filed a First Amended Complaint on December 13, 2006.[2] As

explained below, the First Amended Complaint also fails to meet the requirements of Rule 8.

Federal Rule of Civil Procedure 8 requires that every complaint include "a short and

plain statement of the claim showing that the pleader is entitled to relief" and that "each averment

of a pleading be simple, concise, and direct." Fed. R. Civ. P. 8(a), (e)(1). Federal Rule of Civil

Procedure 41(b) permits the Court to dismiss either a claim or an action because of the plaintiff's

failure to comply with the Federal Rules "or any order of [the] court." Fed. R. Civ. P. 41(b);

*Ciralsky v. CIA*, 355 F.3d 661, 669 (D.C. Cir. 2004). Dismissal under Rule 8 " 'is usually reserved

for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible

that its true substance, if any, is well disguised.' " *Ciralsky*, 355 F.3d at 670 n.9 (quoting *Simmons

v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)). *Pro se* litigants are held to less stringent standards than

formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even *pro se*

litigants, however, must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F.

Supp. 237, 239 (D.D.C. 1987).

Like the original Complaint, the First Amended Complaint utterly fails to set forth

a short and plain statement of the claims, and it is so confused as to be completely unintelligible.

The First Amended Complaint contains 104 pages alleging numerous violations of law, including

among others due process, the Eighth Amendment, defamation, civil RICO under 18 U.S.C. § 1964,

and the Sherman Antitrust Act. However, these are conclusory allegations only. The Amended

---

[2] The First Amended Complaint names additional plaintiffs—Dwight Class and Kenny
Dallas. It also names additional defendants— The State Justice Institute, Jim Petro, CNA Surety,
Westfield Insurance, Greg Abbott, Melanie Leslie, Thomas Moyer, Joseph Harris, and Gail
Smith.

Complaint is devoid of any factual allegations supporting these claims. The Complaint is

insufficiently clear to put Defendants on notice of the claims against them, even under the liberal

"notice pleading" standards of the Federal Rules, as it fails to articulate a comprehensible legal or

factual basis for relief. *See Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir.

2004) (unpublished). For these reasons, it is hereby

   **ORDERED** that, pursuant to Federal Rules of Civil Procedure 8 and 41, the First

Amended Complaint is **DISMISSED**. Accordingly, this case is closed. This is a final appealable

order. Fed. R. App. P. 4(a).

   **SO ORDERED**.


Date: December 13, 2006        _____/s/_____

            ROSEMARY M. COLLYER
            United States District Judge

# CIVIL PROCEDURE

**TWENTY-FIRST EDITION**

## STEVEN L. EMANUEL

Harvard Law School
J.D. 1976

# The *Emanuel Law Outlines* Series

Exhibit B



ASPEN
PUBLISHERS

111 Eighth Avenue, New York, NY 10011
www.aspenpublishers.com

CHAPTER 4

# PLEADING

## *ChapterScope*

This Chapter covers pleading, the process by which the parties to a litigation spell out their claims and defenses. The emphasis in this chapter is on the pleading provisions of the *Federal Rules*. These exemplify the modern, non-technical approach to pleading, and have served as the model for the pleading provisions of many states. The most important concepts in this Chapter are:

- **Two types:** In most instances, there are only two types of pleadings in a federal action. These are the *complaint* and the *answer*. The complaint is the document by which the plaintiff begins the case. The answer is the defendant's response to the complaint.

  - **Reply:** In some circumstances, there will be a third document, called the *reply*. The reply is, in effect, an "answer to the answer." Most often, a reply is allowable if the answer contains a *counterclaim* (in which case a reply is *required*).

- **Elements of complaint:** There are three essential elements which a complaint must have:

  - **Jurisdiction:** A short and plain statement of the grounds upon which the court's *jurisdiction* depends;

  - **Statement of the claim:** A *short and plain statement of the claim* showing that the pleader is entitled to relief; and

  - **Relief:** A demand for judgment for the *relief* (e.g., money damages, injunction, etc.) which the pleader seeks.

- **Defenses against validity of complaint:** Either in the *answer*, or by separate *motion*, defendant may attack the validity of the complaint in a number of respects. Grounds for attack include lack of *jurisdiction*, insufficiency of *service of process*, and failure to *state a claim upon which relief may be granted*.

- **Affirmative defenses:** There are certain defenses which must be *explicitly pleaded* in the answer, if D is to raise them at trial. These are so-called *"affirmative defenses."* (Examples: *contributory negligence*, *fraud*, *res judicata*, *statute of limitations*, and *illegality*.)

- **Counterclaim:** In addition to defenses, if D has a claim against P, he may (in all cases) and must (in some cases) plead that claim as a *counterclaim*. If the counterclaim is one which D is *required* to plead, it is called a *compulsory* counterclaim. If it is one which D has the option of pleading or not, it is called a *permissive* counterclaim. A counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the [plaintiff's] claim."

- **Variance of proof from pleading:** The Federal Rules allow substantial *deviation* of the proof at trial from the pleadings, so long as the variance does not seriously prejudice the other side.

*Exhibit B*

# I.    HISTORY AND GENERAL PRINCIPLES

**A. Three forms:**  Pleading evolved through three major forms:

    **1.** *common law*, which is of largely historical interest;

    **2.** *codes*, which are still in effect in a number of states; and

    **3.** *the Federal Rules*, which are imitated in an increasing majority of jurisdictions.

**B. Three purposes:**  Each of these three forms of pleading was or is characterized by a distinct overall purpose:

    **1. Common law:**  The object of pleading at *common law* was to *formulate the issues for trial.*

    **2. Codes:**  Pleading under the *codes* was/is designed to *reveal the underlying facts on which the claim rested.*

    **3. Federal Rules:**  The primary purpose of *federal* pleading is to *give notice* of the claim (or defense) to the adversary, so that he may make effective *discovery* requests and *trial preparation.*

# II.    MODERN FEDERAL PLEADING GENERALLY

**A. Purpose:**  The guiding principle of pleading under the Federal Rules is that the pleadings should give *notice* to all parties of the nature of the lawsuit, sufficient to allow the other parties to make *pre-trial and trial preparation.*

    **1. Functions of pleadings revised:**  At common law, and to some extent under the Codes, pleadings served a number of functions: (1) stating the facts underlying the case; (2) formulating the issues for trial; (3) weeding out sham claims; and (4) notifying the parties so that they could prepare for trial. The first three of these functions are not performed primarily by the pleadings under the Federal Rules:

        **a. Fact stating:**  The setting out of the facts underlying the claim is now accomplished by the use of extensive *discovery* procedures, which compel each side to state the facts of the case as it believes them to be.

        **b. Definition of issues:**  Issues are defined through discovery, and also through the *pre-trial conference* — Rule 16 provides for such a conference to consider, among other things, "the simplification of the issues."

        **c. Sham claims:**  Meritless claims are now disposed of primarily through *summary judgment* under Rule 56. This is a more effective means of rejecting unmerited claims, since not only affidavits, but also all the fruits of discovery, may be introduced at the hearing on the summary judgment motion.

    **2. Notice-giving:**  Therefore, "The only function left to be performed by the pleadings alone is that of notice. For [this] reason, pleadings under the [Federal Rules] may properly be a *generalized summary of the party's position*, sufficient to advise the party *for which incident he is being sued*, sufficient to show *what was decided for purposes of res judicata*, and sufficient to indicate whether the case should be tried *to the court or to a jury*. No

more is demanded of pleadings than this; history shows that no more can be successfully performed by pleadings." Wr., 468.

### B. General principles

1. **No fact pleading:**   Unlike the Codes, the Federal Rules do not require the pleading of "facts" upon which the claim is based. "No distinction is to be drawn between 'evidence,' 'ultimate facts,' and 'conclusions.' " Wr., 470.

2. **No "theory of pleadings":**   The Federal Rules do not require, as many Codes do, that the plaintiff confine himself to one particular "theory of the pleadings." If plaintiff is entitled to relief, he is not to be thrown out of court because his lawyer chose an incorrect legal theory when drafting the pleadings. The ease with which pleadings may be amended, even during trial (see *infra*, pp. 159-163) is one indication of the abandonment of the "theory of the pleadings" requirement.

3. **Substantial justice:**   The pleadings are to be "so construed as to do substantial justice." Rule 8(f). This replaces the common law principle that the pleadings are to be construed "most strongly against the pleader." Wr., 471.

4. **Dismissal:**   A complaint should not be dismissed for "failure to state a claim on which relief may be granted" (Rule 12(b)(6)) *"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson*, 355 U.S. 41 (1957).

### C. Mechanics of pleadings:

1. **Kinds of pleadings:**   In most instances, only two pleadings, a *complaint* and an *answer*, are allowed. This represents a change from the common law system, in which the parties traded pleadings *ad infinitum*, until a single issue for trial was formulated.

   a. **Reply:**   A *reply*, which is an "answer to the answer," is allowable in two circumstances: (Rule 7(a))

      i. where the answer contains a *counterclaim* which is identified as such (in which case a reply is required); or

      ii. by *order* of the court.

      **Note:** Where the answer contains a counterclaim, the reply must address itself solely to the allegations of the counterclaim, and must not discuss the defensive allegations contained in the answer. Wr., 456.

2. **Verification of pleadings:**   Whereas the Codes often required that the pleadings be *verified*, or sworn to, Rule 11 states that the pleadings need not be verified unless this is required by statute or rule.

   a. **Where verification required:**   The Federal Rules requiring verification in certain circumstances include:

      i. Rule 23.1, dealing with *stockholders' derivative suits;*

      ii. Rule 27(a), allowing the taking of certain *depositions before an action has been commenced*; and

    **iii.** Rule 65(b), permitting *temporary* restraining orders on a verified complaint showing that the petitioner will suffer "immediate and irreparable injury, loss or damage" if the restraining order is not granted.

**b. Relaxation of requirement:** The verification requirement is sometimes relaxed where hardship would result. This occurred, for instance, in *Surowitz v. Hilton Hotels Corp.*, 383 U.S. 363 (1966), which was a stockholders' derivative suit brought by an elderly Polish immigrant with very limited understanding of the English language.

    **i.** The complaint was prepared by the plaintiff's son-in-law, and plaintiff verified it (as Rule 23.1 requires) only on faith in her son-in-law's advice.

    **ii.** Defendant, having shown by oral deposition of plaintiff that she could not have sworn to the accuracy of the complaint, moved to dismiss it as sham, and the District Court granted the motion.

    **iii. Held sufficient:** Justice Black held for the Supreme Court that the verification was *sufficient* and that trial should proceed. He found no evidence that Ms. Surowitz was pursuing the type of *strike suit* that the verification requirement was designed to foreclose. Further, he cited the policy of the Federal Rules to "get away from some of the old procedural booby traps which common-law pleaders could set to prevent unsophisticated litigants from ever having their day in court."

    **iv.** Justice Harlan concurred on the narrower ground that verification by plaintiff's attorney satisfied 23.1.

**3. Attorney must not file frivolous pleading (Rule 11):** The non-lawyer commonly thinks that "you can say anything you want in a lawsuit." But in fact, at least in federal suits, it is the lawyer's job to make sure that a pleading (or any other paper submitted to the court) is *not frivolous*, and not issued to *harass* or *delay* the adversary. Rule 11 imposes this requirement, and provides that a lawyer who fails in this duty may be *fined* or otherwise sanctioned.

**a. Lawyer's obligation:** The pleader herself does *not* need to swear to the pleading in most instances. But the pleader's *lawyer* must sign the pleading, and is responsible for its contents in some important ways. When the lawyer files a pleading, the lawyer is thereby "*certifying*" that to the best of the [lawyer's] knowledge, information, and belief, formed after an *inquiry reasonable under the circumstances*, —

(1) the pleading "is not being presented for any *improper purpose*, such as to *harass* or to cause *unnecessary delay* or needless *increase in the cost* of litigation";

(2) "the claims, defenses, and other legal contentions therein are *warranted by existing law* or by a *nonfrivolous argument for the extension, modification, or reversal* of existing law or the establishment of new law;

(3) "the allegations and other factual contentions have *evidentiary support*, or if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery"; and

    **i.** **Facts of *Chambers*:**  In Chambers, D, who had contracted to sell his television station to P, fraudulently conveyed the station to a family trust, made numerous misrepresentations to the courts, and otherwise abused the litigation process.

    **ii.** **Holding:**  The Supreme Court held that the federal district court hearing the case had "inherent authority" to fine D for the entire litigation cost borne by P in bringing its specific performance suit (nearly $1 million), even though the court did not purport to be issuing the sanctions under Rule 11, and even though some of the conduct being punished was conduct that could have been reached by Rule 11. If a party's conduct falls squarely within the conduct that Rule 11 is designed to reach, the district court should *ordinarily* just use Rule 11. But if the district court concludes that because of the widespread scope of misconduct, the Rule 11 sanctions are not adequate to fully punish the abusive behavior, the court may use its inherent power and devise its own system of punishment, the Supreme Court held.

**4.** **Pleading in the alternative:**  The pleader, whether he is plaintiff or defendant, may plead "*in the alternative.*" That is, by Rule 8(e), "A party may set forth two or more statements of a claim or defense alternately or hypothetically. ..." This rule also provides that "a party may ... state as many separate claims or defenses as he has regardless of consistency and whether based on legal, equitable, or maritime grounds."

    **Example:** P performed certain work for D, for which he has not been paid. P can allege in one count that the work was done under a valid written contract, and that the measure of damages includes lost profits. P can then also allege, in a second count, that if the contract was not valid, P rendered value to D, and is thus entitled to recover in *quantum meruit* for the value of his performance. The two theories are obviously inconsistent, and are in fact phrased in the alternative. Such alternative pleading is allowed by Rule 8(e).

# III. THE COMPLAINT

**A.** **Definition of complaint:**  The complaint is the initial pleading in a lawsuit, and is filed by the plaintiff.

    **1.** **Commencement of action:**  The action is deemed to have been "commenced" by the filing of the complaint with the court. See Rule 3.

        **a.** **Effect on statute of limitations:**  In diversity cases, this filing, although "commencing" the action, does not satisfy or toll a state statute of limitations requiring actual service of process. Federal courts in diversity cases are required to follow the statute of limitations in the state where they sit. See *Guaranty Trust v. York*, infra p. 229, and *Ragan v. Merchants Transfer & Warehouse Co.*, infra, p. 230.

**B.** **Elements of complaint:**  Rule 8(a) sets out three essential elements which a complaint must contain:

    **1.** **Jurisdiction:**  "a short and plain statement of the grounds upon which the court's *jurisdiction* depends. ...";

2. **Statement of claim:**  "a short and plain *statement of the claim* showing that the pleader is entitled to relief";

3. **Relief:**  "a demand for judgment for the *relief* the pleader seeks."

   **Note:** The three elements above required by Rule 8(a) apply not only to a plaintiff's original complaint, but also to a defendant's *counterclaim*, to any party's *third-party claim*, and to any party's *cross-claim*. The nature of these other kinds of claims will be treated in the chapter on Multi-Party and Multi-Claim Litigation.

C. **Jurisdictional allegation:**  The requirement that the complaint contain jurisdictional allegations stems from the U.S. Constitution's limitation of the subject matter jurisdiction of the federal courts. The requirements of federal subject matter jurisdiction are treated in the previous chapter.

   1. **Diversity suit:**  In a diversity suit, the jurisdictional allegation might read as follows: "Jurisdiction is founded upon diversity of citizenship, plaintiff being a citizen of State A and defendant being a citizen of State B. The amount in controversy, exclusive of interest and court costs, is in excess of $75,000.00."

   2. **Federal question:**  If the plaintiff asserts federal question jurisdiction, a reference is normally made to the federal statute or constitutional provision relied upon.

D. **Degree of specificity required:**  Rule 8(a)'s requirement of a *"short and plain statement of the claim showing that the pleader is entitled to relief"* has generally been construed so as to place the *fewest possible technical requirements on the pleader*. The level of factual detail required has not been high; gaps in the facts are usually remedied through *discovery* or other pre-trial procedures.

   **Example:** P's federal complaint asserts that D has "falsely and slanderously" accused P of facilitating prostitution. The complaint does not expressly state that D ever "published" these allegations, i.e., made them to someone other than P. Since publication is a prima facie element of the tort of slander, D moves to have the complaint dismissed under FRCP 12(b)(6) for failure to state a valid claim.

   *Held*, D's motion is denied. Although P did not expressly allege publication, the context makes it clear that P was in fact asserting publication, and that D understood that P was so asserting. *Garcia v. Hilton Hotels International, Inc.*, 97 F.Supp. 5 (D.P.R. 1951).

   **Note:** One of the reasons for not insisting on extreme specificity in pleadings is that when a complaint is dismissed for failure to plead a valid cause of action, the plaintiff normally has the right to amend the pleading. Therefore, the dismissal-plus-repleading may have the effect of teaching P's lawyer how to plead better, but it doesn't eliminate any lawsuits. If the problem is actually a substantive one — i.e., P cannot in reality prove facts establishing a claim — the better way to handle the situation is by a motion for summary judgment (see *infra*, p. 252), perhaps after discovery has been completed.

   1. **Legal theory not required:**  The plaintiff need state only facts, not the *legal theory* he is relying on.

**Example:** P, an importer whose goods have been sold at auction by D (the Collector of Customs) files a *pro se* complaint against D alleging that D "sold my merchandise to another bidder with my price of $110, and not of his price of $120." The complaint also alleges that "three weeks before the sale, two cases of 19 bottles each case disappeared."

*Held*, P has stated enough to withstand a motion to dismiss the pleadings. P does not have to state his legal theory (e.g., that the law recognizes a private right of action for a person aggrieved by a civil servant's breach of the duty to conduct a fair auction). It is sufficient that P gives his adversary enough information about the claim to allow the latter to frame an answer and to commence discovery. *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir. 1944)

2. ***Prima facie* case need not be recited:** Similarly, the plaintiff *need not recite facts that are sufficient demonstrate a prima facie case.*[1] That is, as long as the plaintiff gives enough facts to put the defendant on reasonable notice about what is being alleged, it's *irrelevant* that the plaintiff has failed to allege some matters that he will *ultimately have to prove* in order to recover.

**Example:** P alleges that D fired him from his job on account of his national origin (in violation of Title VII of the 1964 Civil Rights Act) and his age (in violation of the Age Discrimination in Employment Act). Under established law, if P wants to prove his case by circumstantial rather than direct evidence, P will have to prove four things at trial: (1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination. P's complaint does not assert facts that if proved would satisfy (4) (he merely asserts that he is Hungarian and 53 year old, without asserting facts that would justify an inference that his Hungarian ancestry or his age was the reason for his firing.) The lower courts hold that his complaint is deficient and must be dismissed, because it fails to recite facts which, it proved, would constitute a *prima facie* case.

*Held* (by the Supreme Court), P's complaint is adequate. Rule 8(a) calls for "liberal notice pleading." The complaint here "easily satisfies" Rule 8(a), because it gives D "fair notice of the basis for [P's] claims." The fact that Ps assertions may be "conclusory allegations" is irrelevant. It's true that in some situations the FRCP call for greater specificity (see Rule 9, discussed *infra*, p. 148). But the Rules do not impose a heightened pleading requirement for employment discrimination claims, and if there is to be such a heightened requirement for such claims this must be done by amending the Rules, not by judicial interpretation. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

3. **Conclusory statement not enough:** The pleader must, however, state at least the basic facts of his claim, and may not simply *recite his conclusion* that he is entitled to relief.

---

1. A *prima facie* case consists of all the facts which the plaintiff must prove in order to be entitled to have the case decided by the jury rather than dismissed by the judge on a motion for summary judgment (*infra*, p. 252) or for a directed verdict (*infra*, p. 264).

**Example:** Suppose that P sues his employer, D, for racial discrimination. P's complaint states solely that "D has discriminated against me on the basis of my race." The complaint does not say what form the discrimination took (e.g., firing vs. denial of promotion), and does not recite what P's race is. This complaint is so completely conclusory — so lacking in even the basic facts surrounding the transaction at issue — that the court will almost certainly dismiss it for failure to state a valid claim.

4. **The "big case":** Some commentators have suggested that the pleading requirements should be stricter in a *"big case,"* such as an antitrust suit or stockholders' derivative suit. But the courts have *not* generally agreed. Most decisions have held that the federal pleading rules must be interpreted in the same liberal manner with respect to a large case likely to go on for a decade, as for a small automobile negligence suit. Wr., 475.

E. **Single or separate counts:** Rule 10(b) provides that each individual claim should be set forth in a *separate count*, and that the counts should in turn be broken into numbered paragraphs, each of which is limited to the statement of a "single set of circumstances."

F. **Demand for judgment:** Under Rule 8(a), each complaint (as well as each counterclaim and cross-claim) must contain "a demand for judgment for the relief to which [the pleader] deems himself entitled."

1. **Contents:** Generally, this demand for relief (sometimes called the *"prayer")*, will be for one or more of the following three things:

   a. *money damages;*

   b. *injunctive* or other equitable relief;

   c. a *declaratory judgment* as to the parties' rights and liabilities.

2. **Wrong relief requested:** If the trial makes it clear that the demand for relief was inappropriate, the court must nonetheless grant "the relief to which the party in whose favor [judgment] is rendered is entitled, even if the party has not demanded such relief in his pleadings." Rule 54(c).

   a. **Default judgment:** But this rule does not apply to *default judgments*, i.e., judgments entered against a defendant who never answers the complaint. Rule 54(c) states that "a judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment."

G. **Special matters:** In addition to the general requirement of a "short and plain statement of the claim" imposed by Rule 8(a), certain *"special matters"* must be pleaded with *particularity* if they are to be raised at trial. These "special matters" are ones notice of which is thought to be necessary in order for the opponent to be able to prepare for trial. They are typically claims which the adversary will *not be expecting* unless his attention is specifically called to them.

1. **Catalogue of matters:** These special matters, which are listed in Rule 9, include the following:

   a. any denial of any party's *legal capacity* to sue or be sued (9(a));

   b. the circumstances giving rise to any allegation of *fraud or mistake* (9(b));

   c. any denial of the performance or occurrence of a *condition precedent (9(c));*

**ALABAMA**
Total amount of SJI grants awarded: **$685,876**

**ALASKA**
Total amount of SJI grants awarded: $840,552.00

**ARKANSAS**
Total amount of SJI grants awarded: $129,084.00

**ARIZONA**
Total amount of SJI grants awarded: $2,157,365.00

**CALIFORNIA**
Total amount of SJI grants awarded: $5,779,813

**COLORADO**
Total amount of SJI grants awarded: $4,015,468.00

**CONNECTICUT**
Total amount of SJI grants awarded: $257,732.00

**DELAWARE**
Total amount of SJI grants awarded: $579,580.00

**DISTRICT of COLOMBIA**
Total amount of SJI grants awarded: **$8,660,401.00**

**FLORIDA**
Total amount of SJI grants awarded: $1,105,510.00

**GEORGIA**
Total amount of SJI grants awarded: $1,327,171.00

**HAWAII**
Total amount of SJI grants awarded: $317,604

**IDAHO**
Total amount of SJI grants awarded: $429,715

**ILLINOIS**
Total amount of SJI grants awarded: $12,013,266.00

**INDIANA**
Total amount of SJI grants awarded: $118,582.00

Exhibit C

**IOWA**
Total amount of SJI grants awarded: $1,022,375.00

**KANSAS**
Total amount of SJI grants awarded: $184,548.00

**KENTUCKY**
Total amount of SJI grants awarded: $341,923

**LOUISIANA**
Total amount of SJI grants awarded: $506,355.00

**MAINE**
Total amount of SJI grants awarded: $827,910.00

**MASSACHUSETTS**
Total amount of SJI grants awarded: $1,406,238.00

**MARYLAND**
Total amount of SJI grants awarded: $2,236,567

**MICHIGAN**
Total amount of SJI grants awarded: $4,624,642.00

**MINNESOTA**
Total amount of SJI grants awarded: $602,624.00

**MISSISSIPPI**
Total amount of SJI grants awarded: $604,964

**MISSOURI**
Total amount of SJI grants awarded: $543,647.00

**MONTANA**
Total amount of SJI grants awarded: $256,556

**NEBRASKA**
Total amount of SJI grants awarded: $328,125

**NEVADA**
Total amount of SJI grants awarded: $12,389,505.00

**NEW HAMPSHIRE**
Total amount of SJI grants awarded: $983,996.00

**NEW JERSEY**
Total amount of SJI grants awarded: $1,129,119.00

**NEW MEXICO**
Total amount of SJI grants awarded: $2,549,658

**NEW YORK**
Total amount of SJI grants awarded: $4,669,747

**NORTH CAROLINA**
Total amount of SJI grants awarded: $2,045,961.00

**NORTH DAKOTA**
Total amount of SJI grants awarded: $241,460.00

**OHIO**
Total amount of SJI grants awarded: $1,131,722.00

**OKLAHOMA**
Total amount of SJI grants awarded: $53,647

**OREGON**
Total amount of SJI grants awarded: $533,580.00

**PENNSYLVANIA**
Total amount of SJI grants awarded: $956,314.00

**SOUTH CAROLINA**
Total amount of SJI grants awarded: $1,318,202.00

**SOUTH DAKOTA**
Total amount of SJI grants awarded: $82,932

**TENNESSEE**
Total amount of SJI grants awarded: $2,899,154.00

**TEXAS**
Total amount of SJI grants awarded: $949,771

**RHODE ISLAND**
Total amount of SJI grants awarded: $190,468.00

**UTAH**
Total amount of SJI grants awarded: $555,345.00

**VERMONT**
Total amount of SJI grants awarded: $827,185

**VIRGINIA**
Total amount of SJI grants awarded: $37,072,936

**WASHINGTON**
Total amount of SJI grants awarded: $1,009,485.00

**WEST VIRGINIA**
Total amount of SJI grants awarded: $372,581

**WISCONSIN**
Total amount of SJI grants awarded: $1,275,502.00

**WYOMING**
Total amount of SJI grants awarded: $105,023

34

## LIST OF ITEMS FILED IN THE FIRST FILING

1. PETITION FOR REDRESS GRIEVANCE

2. δ;28 JUDICIAL ACCOUNTABILITY INITIATIVE LAW J.A.I.L "AMENDMENT E"

3. AFFIDAVIT FROM Rodney D. Class

4. AFFIDAVIT FROM Richard Andrews

5. AFFIDAVIT FROM Amy Peters

6. AFFIDAVIT FROM  Angela Andrews

7. AFFIDAVIT FROM Eddie Andrews

8. AFFIDAVIT FROM Jeanette Triplett

9. AFFIDAVIT FROM  Charles D. Spencer

10. AFFIDAVIT FROM Donnie Burgmaier

11. AFFIDAVIT FROM Dwight L. Class

12. AFFIDAVIT FROM Daniel Paul Przybylski

13. ADMINISTRATIVE OFFICE OF THE UNITED STATRES COURTS

14. COURT FILING FROM Eddie Andrews case

15. COURT FILING FROM Eddie Andrews case

16. COURT FILING FROM Eddie Andrews case

17. DOCUMENT FROM "THERE A FISH IN THE COURTHOUSE" AS THE BOOK

18. COURT FILING FROM Eddie Andrews case

19. COURT FILING FROM Eddie Andrews case

20. COURT FILING FROM Eddie Andrews case

21. COURT FILING FROM Eddie Andrews case

22.COURT FILNTG FROM Eddie Andrews case

23. FIND LAW " LINDA SOPER EMPLOYMENT"

24. THOMSON LEGAL RECORD

25 COURT FILING FROM Rodney Class case

26. COURT FILING FROM Rodney Class case

27. COURT FILING FROM Rodney Class case

28. COURT FILING FROM Rodney Class case

29. COURT FILING FROM Rodney Class case

30. COURT FILING FROM Rodney Class case

31. COURT FILING FROM Rodney Class case  "LIMINE FROM PROSECUTOR"

32. COURT FILING FROM Rodney Class case " JUDGE ORDER ON  LIMINE"

33. COURT FILING FROM Eddie Andrews case

34. CIVIL SHEET FOR CASE 06-510

35.  PROOF OF FILING FEE $350.00

36. COURT FILING FROM Eddie Andrews case

37. COURT FILING FROM Eddie Andrews case

38. COURT FILING FROM Eddie Andrews case

39. COURT FILING FROM Eddie Andrews case TRANFERRED TO JUDGE RUSSEL

40. CASE CITE ON "HAZEL -ATLAS GLASS v HARTFORD -EMPIRE CO.

41. COURT FILING FROM Eddie Andrews case

42. SUMMON JOE HEATON

43.  RETURN SERVICE ON JOE HEATON

44.  SUMMON ON TERRENCE L. O'BRIEN

45. RETURN SERVICE ON TERRENCE L. O' BRIEN
46. RETURN SERVICE ON CARLOS F. LUCERE

47. SUMMON ON CARLOS. F. LUCERE

48. RETURN SERVICE ON WADE BRORBY

49. SUMMON ON WADE BRORBY

50. RETURN OF SERVICE ON TIMOTHY TYMKOVICK

51. SUMMON ON  TIMOTHY TYMKOVICK

52. RETURN OF SERVICE ON JERRY L. ANDREWS

53 SUMMON ON JERRY. L. ANDREWS

54. RETURN OF SERVICE. TRACII ANDREWS

55. SUMMON ON TRACII ANDREWS

56. RETURN OF SERVICE ON TRAVIS WHITE

57. SUMMON ON TRAVIS WHITE

58. COURT FILING FROM Eddie Andrews case

59. RETURN OF SERVICE ON JOSEPH STREALY

60. SUMMON ON JOSEPH STREALY

61. COURT FILING FROM Eddie Andrews case

62.  COURT FILING FROM Eddie Andrews case

63. COURT FILING FROM Eddie Andrews case

64. COURT FILING FROM Eddie Andrews case

65. PROOF OF FILING FEE FOR APPEAL $455.00

66. TRANSCRIPTS RECORDS DOCUMENTS

67. COURT FILING FROM Eddie Andrews case

68. COURT FILING FROM Eddie Andrews case

69. COURT FILING FROM Eddie Andrews case

70. COURT FILING FROM Eddie Andrews case

71. COURT FILING FROM Eddie Andrews case

72. COURT FILING FROM Eddie Andrews case

73. COURT FILING FROM Eddie Andrews case

74. COURT FILING FROM Eddie Andrews case

75. COURT FILING FROM Eddie Andrews case

76. COURT FILING FROM Eddie Andrews case

77. RULE BOOK FOR LOCAL RULES FOR OKALHOMA

78. COURT FILING FROM Eddie Andrews case

79. COURT FILING FROM Eddie Andrews case

80. NEW PAPER  ARTICLE ON COURT CORRUPTION BY OK..JUDGE

81. COURT FILING FROM Eddie Andrews case "ELISABETH U. SHUMAKER"

82. COURT FILING FROM Eddie Andrews case

83. COURT FILING FROM Eddie Andrews case

84. COURT FILING FROM Eddie Andrews case

85. COURT FILING FROM Eddie Andrews case

86. COURT FILING FROM Eddie Andrews case

87. DOCKET TEXT FROM Eddie Andrews case

88. COURT FILING FROM Rodney Class case

89. CIVIL COVER SHEET Rodney Class case in NC

90. SUMMON ON TOMMY EDWARDS

91. SUMMON ON DAVID F. WESTBERRY

92. SUMMON ON FRED DICKINSON

93. SUMMON ON ADAM PUTNAM

94. SUMMON ON GERL SMITH

95. SUMMON ON NANCY VECEHIARELLI

96. SUMMON ON DAVID PERELMAN

97. SUMMON ON PATRICIA HEMANN

98. SUMMON ON KENNTH Mc HARSH

99. SUMMON ON GEORGE J. LIMBERT

100. SUMMON ON JAMES GALLAS

101. SUMMON ON WILLIAM BAUGHMAN

102. SUMMON ON VERNELIS ARMSTRONG

103. SUMMON ON LESLEY WELLS

104. SUMMON ON  JOHN MANOS

105. SUMMON ON DAVID KATZ

106. SUMMON ON  DAVID DOWD

107. SUMMON ON  SAM BELL

108. SUMMON ON ANN ALDRICH

109. SUMMON ON  JACK ZOVHARY

110. SUMMON ON  DAN POLSTER

111. SUMMON ON  KATHLEEN O'MALLERY

112. SUMMON ON  SOLOMAN OLIVER

113. SUMMON ON DONALD NUGNET

114. SUMMON ON  JAMES S. GWIM

115. SUMMON ON PATRICIA GAUSHEN

116. SUMMON ON PETER ECONOMUS

117. SUMMON ON  CHRISOPHER BEYKO

118. SUMMON ON  JOHN ADAMS

119. SUMMON ON JOHNSON, URBAN& RANGE LPA

120. SUMMON ON MONTGOMERY,RENNIE & JONSON LPA

121. SUMMON ON  MAZANEC,RASKIN & RYDER LPA

122. SUMMON ON  JAMES C. CARR

123. SUMMON ON  JIM  PETRO

124. COURT FILING FROM Rodney Class case

125. COURT FILING FROM Rodney Class case

126. COURT FILING FROM Rodney Class case

127. COURT FILING FROM Rodney Class case

128. COURT FILING FROM Rodney Class case

129. COURT FILING FROM Rodney Class case

130. COURT FILING FROM Rodney Class case

131. COURT FILING FROM Rodney Class case

132. COURT FILING FROM Rodney Class case

133. COURT FILING FROM Rodney Class case

134. COURT FILING FROM Rodney Class case

135. COURT FILING FROM Rodney Class case

136. COURT FILING FROM Rodney Class case
137. COURT FILING FROM Rodney Class case

138. COURT FILING FROM Rodney Class case

139. COURT FILING FROM Rodney Class case

140. COURT FILING FROM Rodney Class case

141. COURT FILING FROM Rodney Class case

142. COURT FILING FROM Rodney Class case

143. AFFIDAVIT FROM  Dwight L. Class

144. COURT FILING FIRST FILING ON CLASS ACTION CASE OKALHOMA

145. COURT FILING ON CLASS ACTION CASE OKALHOMA

146. COURT FILING ON Efrat Kauffman CHILD SERVICES CASE

147. TRANSCRIPT OF CHIEF  JUDGES CONFERENCE OFF OF VIDEO 'SJI'

148. DENIAL OF DUE PROCESS STATEMENT TO COMGRESS

149. COURT FILING FROM Eddie Andrews case

150. COURT FILING FROM Eddie Andrews case

151. PRO SE DOCKET

152. TRANSCRIPT  RECORD DOCKET

153. COURT FILING FROM Eddie Andrews case

154.  COURT FILING FROM Eddie Andrews

155. " SJI FUNDED" ANTI GOVERNMENTMOVEMENT GUIDEBOOK

156. UNITED STATES CODE ON THE SJI ON HOW THEY ARE TO OPERATE

157. COURT FILING FROM Rodney Class case

158. COURT FILING FROM Rodney Class case

159. COURT FILING FROM Rodney Class case
160. COURT FILING FROM Rodney Class case

161. COURT FILING FROM Rodney Class case

162. COURT FILING FROM Rodney Class case

163. COURT FILING FROM Rodney Class case

164. COURT FILING FROM Rodney Class case

165. COURT FILING FROM Rodney Class case

166 CASE CITE ON HAZEL -ATLAS GLASS v. HARTFORD -EMPIRE CO.

167. COURT FILING FROM Rodney Class case 5:04 CV 180

168. FSIA SITE

169. CIVIL COVER SHEET Rodney Class case

170. SUMMON ON JOHN BOGGIN

171. RETURN OF SERVICE STATEMENT

172. SUMMON ON JOHN WISE

173. RETURN OF SERVICE STATEMENT

174. SUMMON ON CHARLIE WILLSON

175. RETURN OF SERVICE STATEMENT

176. SUMMON ON CHRISTINE WEIMER

177. RETURN OF SERVICE STATEMENT

178. SUMMON ON EVELYN STRATTON

179. RETURN OF SERVICE STATEMENT

180. SUMMON ON ALICE RESNICK

181. RETURN OF SERVICE STATEMENT

182. SUMMON ON JAMES RANGR
183. RETURN OF SERVICE STATEMENT

184. SUMMON ON PAUL PFEIFER

185. RETURN OF SERVICE STATEMENT

186. SUMMON ON TERRENCE O' DONNELL

187. RETURN OF SERVICE STATEMENT

188. SUMMON ON MAUREEN O'CONNOR

189. RETURN OF SERVICE STATEMENT

190. SUMMON ON THOMAS J. MOYER

191. RETURN OF SERVICE STATEMENT

192. SUMMON ON MICHAEL C. JOHNSON

193. RETURN OF SERVICE STATEMENT

194. SUMMON ON WILLIAM B. HOFFMAN

195. RETURN OF SERVICE STATEMENT

196. SUMMON ON W. SCOTT GWIN

197. RETURN OF SERVICE STATEMENT

198. SUMMON WILLIAM GREEN

199. RETURN OF SERVICE STATEMENT

200. SUMMON ON SHEILA FARMER

201. RETURN OF SERVICE STATEMENT

202. SUMMON ON JULIE EDWARDS

203. RETURN OF SERVICE STATEMENT

204. COURT FILING FROM Rodney Class INTO THE OHIO SUPREME ORIGINAL
COMPLAINT QUO WARRANTO

205. FEDERALIST PAPERS