## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDDIE L. ANDREWS, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 06-1900 (RMC)** |
| ) | |
| **WILLIAM F. DOWNES, et al.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## <u>ORDER</u>

On November 7, 2006, Plaintiffs Eddie Andrews, Rodney Class, and Charles Spencer, proceeding *pro se*, filed a complaint against William Downes, Terence Kern, John Adams, Graham Mullen, Linda Soper, Deborah Groom, John Chastain, and Gretchen Shappert in their individual and official capacities.[1] The Complaint also names as defendants Tracii Andrews, Cindy Smith, and John and Jane Doe, in their individual capacities. Because the Complaint was so confused as to be completely unintelligible, the Court found that it was insufficiently clear to put Defendants on notice of the claims against them, even under the liberal "notice pleading" standards of the Federal Rules. Order [Dkt. #2], Nov. 13, 2006. Thus, pursuant to Federal Rules of Civil Procedure 8 and 41, the Court dismissed the Complaint and ordered Plaintiffs to file an amended complaint that corrects the

---

[1] Although the Complaint does not so indicate, those sued in their official capacities appear to include federal district judges, assistant United States attorneys, and other government officials.

deficiencies noted.  *Id*.  Plaintiffs filed a First Amended Complaint on December 13, 2006.[2]  On

December 13, 2006, the Court dismissed the First Amended Complaint pursuant to Rules 8 and 41,

finding:

> The First Amended Complaint contains 104 pages alleging numerous
> violations of law, including among others due process, the Eighth
> Amendment, defamation, civil RICO under 18 U.S.C. § 1964, and the
> Sherman Antitrust Act.  However, these are conclusory allegations
> only.  The Amended Complaint is devoid of any factual allegations
> supporting these claims.  The Complaint is insufficiently clear to put
> Defendants on notice of the claims against them, even under the
> liberal "notice pleading" standards of the Federal Rules, as it fails to
> articulate a comprehensible legal or factual basis for relief.  *See
> Karim-Panahi v. U.S. Congress*, 105 Fed. Appx. 270, 274 (D.C. Cir.
> 2004) (unpublished).

Order [Dkt. #4], Dec. 13, 2006.

Subsequently, on December 22, 2006, Plaintiffs filed a pleading entitled "Notice for

Void Order On the Bases of, Subject Matter Jurisdiction, Influence Peddling with $8,660,401.00,

By the State Justice Institute, Vested Interest Within the District of Columbia and a Demand for a

Recusal of Judge Rosemary M. Collyer, a Demand for Finding of Facts and Demand for

Congressional Hearing for Conflict of Interest and Ethic, Judicial Misconduct Violation"

(grammatical errors in original).  The Court treats the Plaintiffs' December 22 pleading as a motion

for reconsideration and for recusal.

A.  Motion for Reconsideration

Federal Rule of Civil Procedure 59(e) governs motions for reconsideration.  "A Rule

---

[2] The First Amended Complaint names additional plaintiffs—Dwight Class and Kenny
Dallas.  It also names additional defendants— The State Justice Institute, Jim Petro, CNA Surety,
Westfield Insurance, Greg Abbott, Melanie Leslie, Thomas Moyer, Joseph Harris, and Gail
Smith.

59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fox v. Am. Airlines Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996)).  A Rule 59(e) motion is not "simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995).  Nor is it an avenue for a "losing party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993).  Because the Court remains unable to decipher the substance of Plaintiffs' claims — whether in their Complaint, Amended Complaint, or motion for reconsideration — it is unable to conclude that the relevant law has changed, that new evidence has surfaced, or that it has clearly erred.  *See id.*  For the same reasons, even if Plaintiffs had filed a motion for relief from judgment under Rule 60(b), the Court similarly would find no grounds for relief.

### B.  Motion for Recusal

Recusal is appropriate "in any proceeding in which [a judge's] impartiality might reasonably be questioned," 28 U.S.C. §455(a), or in which the judge has a "personal bias or prejudice concerning a party . . . ."  28 U.S.C. §455(b)(1).  The standard under § 455(a) is an objective one so that a judge should recuse herself only if there "is a showing of an appearance of bias or prejudice sufficient to permit the average citizen reasonably to question a judge's impartiality." *United States v. Heldtl*, 668 F.2d 1238, 1271 (D.C. Cir. 1981).  A judge's sworn duty is to judge with fairness and impartiality, and absent a showing otherwise, a judge is presumed to be impartial.  *See Cobell v. Norton*, 237 F. Supp. 2d 71, 78 (D.D.C. 2003).  Where there is no reasonable basis to question a judge's impartiality, it is improper to recuse. *United States v. Glick*, 946 F.2d 335, 336-37 (4th Cir.

1991). Thus, a motion to recuse "must be supported by facts which would raise a reasonable inference of lack of impartiality on the part of the judge in the context of the issues presented for . . . consideration." *United States v. Corr*, 434 F. Supp. 408, 413 (S.D.N.Y. 1977); *United States v. Lopez*, 944 F.2d 33, 37 (1st Cir. 1991) (movant must show a factual basis for an inference of lack of impartiality.)  In this context, "[t]o sustain its burden and compel recusal under Section 455(a), the moving party must demonstrate the court's reliance on an 'extrajudicial source' that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved, the movant must show a 'deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Tripp v. Executive Office of the President*, 104 F. Supp. 2d 30, 34 (D.D.C. 2000) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  It is not enough for a litigant to fear that a judge might rule against her, and beliefs or opinions without objective facts are not enough to form a reasonable basis for disqualification.  *Gen'l Aviation, Inc. v. Cessna Aircraft Co.*, 915 F.2d 1038, 1043 (6th Cir. 1990).

To justify recusal under § 455(b)(1), the moving party must demonstrate bias or prejudice based upon an extrajudicial source.  *See Liteky*, 510 U.S. at 551; *see also Tripp*, 104 F. Supp. 2d at 34.  This bias or prejudice must "result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case."  *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966).

In this case, Plaintiffs allege that one of the Defendants, the State Justice Institute, provided a grant totaling $8,660,401 to the District of Columbia and that this Court thus was unduly influenced to dismiss the case.  Pls.' Mot. for Reconsideration & Recusal at 13.  All parties to this case are strangers to the Court, and there is no basis whatsoever to assume that the Court has a bias

for or against any party.  The Court is funded by the United States government, not the District of

Columbia or the State Justice Institute, and is unaware of any grants that the State Justice Institute

may have awarded to any person, business, or government entity.   There is simply no reason to grant

the motion to recuse under § 455 because there is no objective basis on which to doubt the

impartiality of the Court.

        For the foregoing reasons, it is hereby

        **ORDERED** that Plaintiffs' Motion for Reconsideration and Recusal [Dkt. #7] is

**DENIED**.

        **SO ORDERED**.


Date: January 8, 2007                       /s/
                                 ROSEMARY M. COLLYER
                                 United States District Judge